ROBERT W. HIRSH,
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-274-8507;  Facsimile: 310-275-4050

LAWRENCE C. FOX
KORNSTEIN, VEISZ, WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
Telephone: 212-418-8600; Facsimile: 212-826-3640

Attorneys for Defendant Ahava of California, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SIGNATURE BANK,                                          :
                                                        :
                              Plaintiff,                 :        08 Civ. 3893 (NRB)
                                                        :
                                                        :
        - against -                                      :        **NOTICE OF MOTION**
                                                        :
AHAVA FOOD CORP., LEWIS COUNTY DAIRY                     :
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO              :
FOODS, YONI REALTY, LLC, SCHWARTZ AND                   :
SONS QUALITY DISTRIBUTORS, INC., MOISE                  :
BANAYAN, ANA BANAYAN a/k/a CHANA                        :
BANAYAN, REBECCA BANAYAN a/k/a REBECCA                  :
BARIMYAN a/k/a REBECCA BANAYAN-                         :
LIEBERMAN, FARIBORZ BANAYAN a/k/a                       :
AARON BANAYAN, RUBEN BEITYAKOV,                         :
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a               :
AHAVA NATIONAL FOOD DISTRIBUTOR                          :
and NORTH COUNTRY MANUFACTURING, and                   :
JOHN DOE COMPANIES 1 through 10                         :
                                                        :
                              Defendants.                :
-------------------------------------------------------------------X

        PLEASE TAKE NOTICE that upon the attached Declarations of Fariborz Banayan and

Robert W. Hirsh, the concurrently filed Memorandum of Law, and any further evidence and

argument that may be raised at the hearing of this motion, defendant Ahava of California

("Ahava CA") will move this Court before the Honorable Naomi Buchwald, United States

District Judge at the United States Courthouse, 500 Pearl Street, New York, New York at a time

and place to be designated by the Court,  for an Order:

     a.  Pursuant to Federal Rule of Civil Procedure 12(b)(1) abstaining from and staying this

case under the <u>Colorado River</u> doctrine; and

     b.  Pursuant to Federal Rule of Civil Procedure 12(b)(1) abstaining from and dismissing

this case under the <u>Younger v. Harris Doctrine.</u>


Dated:       New York, New York
            May 13, 2008


                ROBERT W. HIRSH & ASSOCIATES
                KORNSTEIN VEISZ WEXLER & POLLARD, LLP


                *Lawrence C. Fox / JHz*
              By: Lawrence C. Fox

                Attorneys for Defendant Ahava of California, LLC


TO:    Mara Levin, Esq.
       HERRICK, FEINSTEIN, LLP
       2 Park Avenue
       New York, New York 10016

# Declaration of Robert W. Hirsh

## DECLARATION OF ROBERT W. HIRSH

I, Robert W. Hirsh, declare:

1. I am a member of Robert W. Hirsh & Associates. I represent defendant Ahava of California, LLC ("Ahava CA").

2. Attached hereto as Exhibit A is a true and correct copy of a complaint which I caused to be filed on March 17, 2008 in the Superior Court of California, County of Los Angeles ("the California Case"). I caused the California Case to be personally served on plaintiff Signature Bank ("the Bank") on or about March 26, 2008. Attached hereto as Exhibit B is a true and correct copy of the proof of service.

3. The two central issues in the California Case and this case are:

a. whether Ahava CA is an alter ego of defendants Ahava Food Corp, Lewis County Dairy Corp, St. Lawrence Food Corp, Yoni Realty, LLC, Moise Banyan, Ana Banyan, and Schwartz and Sons, Inc. (collectively "the Remaining Defendants"); and,

b. whether Ahava CA received fraudulent transfers from any of the Remaining Defendants.

4. I prepared and personally served two sets of interrogatories and one set of document requests on the Bank's counsel in California relating to the California Case.

5. On May 7, 2008, I caused Ahava CA to file an application for a temporary restraining order upon the Bank, which, I learned was denied on or about May 9, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in Beverly Hills, California on May 11 , 2008

_____
Robert W. Hirsh

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Signature Bank; PRF, Inc; Munchies; John Nohein;
Alain Cohen; Got Kosher; Aaron Hutman; Janice
Hutman; Aaron's Glatt Markett; Berri Good, Inc.; and
Does 1 through 1000, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ahava of California, LLC

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 17 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy
```

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento, la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>B C387480 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert W. Hirsh, SBN 102731                           310-275-7800
Robert W. Hirsh & Associates
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* MAR 17 2008 | JOHN A. CLARKE, CLERK | Clerk, by<br>*(Secretario)* M. GARCIA | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS



Code of Civil Procedure §§ 412.20, 465

<pre>
1   ROBERT W. HIRSH, SBN #102731
    ROBERT W. HIRSH & ASSOCIATES
2   8383 Wilshire Boulevard, Suite 510
    Beverly Hills, CA 90211
3   Telephone: 310-275-7800

4   Attorneys for Plaintiff Ahava of California, LLC
</pre>

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 17 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| AHAVA OF CALIFORNIA, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>SIGNATURE BANK; PRF, INC;<br>MUNCHIES; JOHN NOHEIN; ALAIN<br>COHEN; GOT KOSHER; AARON HUTMAN;<br>JANICE HUTMAN; AARON'S GLATT<br>MARKET; BERRI GOOD, INC; and<br>Does 1 through 1000, inclusive.<br><br>        Defendants. | CASE NO. BC387480<br><br>COMPLAINT FOR:<br><br>1. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP<br>2. NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONSHIP<br>3. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE<br>4. WILLFUL MISCONDUCT<br>5. B & P 17200, et. seq.<br>6. NEGLIGENCE<br>7. DECLARATORY RELIEF<br>8. BREACH OF ORAL CONTRACT<br>9. FOR GOODS HAD AND RECEIVED<br>10. FOR ACCOUNT STATED<br>11. FOR OPEN BOOK ACCOUNT<br>12. ACCOUNTING<br>13. CONVERSION<br>14. EQUITABLE LIEN<br>15. IMPOSITION OF RESULTING TRUST<br>16. IMPOSITION OF CONSTRUCTIVE TRUST |

Complaint

7. In the alternative, defendant Got Kosher ("GK") is and at all relevant times was a business of unknown origin doing business in Los Angeles, California.

8. Defendant Aaron Hutman ("AH") is and at all relevant times was individual doing business and residing in Los San Diego, California. Upon information and belief, AH was doing business as "Aaron's Glatt Market".

9. Defendant Janice Hutman ("JH") is and at all relevant times was individual doing business and residing in Los San Diego, California. Upon information and belief, JH was doing business as "Aaron's Glatt Market".

10. In the alternative, defendant Aaron's Glatt Market ("Market") is and at all relevant times was a business of unknown origin doing business in San Diego, California.

11. Defendant Berri Good, Inc. ("Berri") is and at all relevant times was a California corporation doing business in Los Angeles, California.

12. At all relevant times, Plaintiff has had business relationships with PRF, Munchies, JN, AC, GK, AH, JH, Market, Berri, and Does 1-500 (collectively "Customers"). Many of Customers are based in California. Many of Customers are Plaintiff's customers who purchase Plaintiff's goods.

13. Plaintiff has never had any relationship of any sort with Bank.

14. Plaintiff is not an alter ego, a subsidiary, and/or an affiliate with any of the following non-parties: Ahava Food Corp., Lewis County Dairy Corp., St. Lawrence Food Corp., Schwartz and

3

Sons, Inc. and Yoni Realty, LLC (collectively "the Unaffiliated Companies").

15. In or about December 2007, Bank contacted Customers, and represented to them, among other things, the following:

    a. Bank has a security interest in the assets, including the receivables of the Unaffiliated Companies;

    b. Plaintiff is affiliated with the Unaffiliated Companies;

    c. Bank's security interest in the assets of the Unaffiliated Companies entities it to Plaintiff's receivables;

    d. Plaintiff is responsible to Bank for the debt of the Unaffiliated Companies to Bank; and,

    e. if Customers fail to pay Bank monies which they owe to Plaintiff and/or the Customers make payment of monies they owe to Plaintiff to anyone other than Bank, then Customers will still be responsible to Bank for the payments made.

The Banks communications as alleged in this paragraph shall collectively be referred to as "the Demand").

16. Upon information and belief, Bank communicated the Demand to Customers, which was primarily done by sending Customers a substantially similar and/or identical generic letter contained the Demand True and correct copies of this generic letter are attached hereto as Exhibit A.

17. The Bank's statements contained in paragraph 15(b-e) are false.

18. From in or about December 2007 to the present, Plaintiff:

    a. stated to the Bank that the Demand was false;

4

Complaint

b. stated to the Bank that the Demand could and would damage Plaintiff; and,

c. demanded that Bank retract the Demand.

19. Bank wrongfully transmitted the Demand.

20. Bank has wrongfully refused to retract the Demand.

21. At all relevant times, Bank knew that its statements contained in paragraph 15(b-e) were false. Despite this knowledge, Bank made the Demand, and has refused to withdraw it.

22. Bank's conduct has caused Plaintiff significant financial harm, which is continuing.


## FIRST CAUSE OF ACTION

(Intentional Interference with Contractual Relationship Against Bank)

23. Plaintiff repeats and realleges paragraphs 1 through 22, inclusive, and incorporates them herein by this reference.

24. At all relevant times, Bank knew that its statements contained in paragraph 15(b-e) were false.

25. In or about December, 2007, Bank made the Demand to some or all of Customers.

26. As a result of the Demand,

a. certain of the Customers, among other things:

1. failed to pay Plaintiff monies due and owing to Plaintiff by them;

2. wrongfully paid Bank monies owing to Plaintiff; and,

3. terminated and/or modified their business relationship with Plaintiff, all of which damaged Plaintiff.

5

27. Bank has refused Plaintiff's demand that Bank retract the Demand.

28. At all relevant times, Bank knew that the Demand would interfere with Plaintiff's existing contractual relationship with Customers.

29. Despite this knowledge, which is continuing, Bank made the Demand, and refuses to withdraw it.

30. Bank's conduct has damaged the contractual relationship between Plaintiff and Customers.

31. As a proximate result of Bank's wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial, but in no event less than $10,000,000.00.

32.  In doing the acts herein alleged, Bank acted with oppression, fraud, and malice.  Bank's conduct shocks the conscience. Plaintiff is entitled to punitive damages in an amount subject to proof from Bank.

## SECOND CAUSE OF ACTION

### (Negligent Interference with Contractual Relationship Against Bank)

33. Plaintiff repeats and realleges paragraphs 1 through 22, and 25 through 31, inclusive, and incorporates them herein by this reference.

34. At all relevant times, Bank knew that its statements contained in paragraph 15(b-e) were false.

35. In or about December, 2007, Bank made the Demand to some or all of Customers.

36. As a result of the Demand,

6

a. certain of the Customers, among other things:

        1. failed to pay Plaintiff monies due and owing to Plaintiff by them;

        2. wrongfully paid Bank monies owing to Plaintiff; and,

        3. terminated and/or modified their business relationship with Plaintiff, all of which damaged Plaintiff.

37. Bank has refused Plaintiff's demand that Bank retract the Demand.

38. At all relevant times, Bank should have known that the Demand would interfere with Plaintiff's existing contractual relationship with Customers.

39. Bank refuses to withdraw the Demand.

40. Bank's conduct has damaged the contractual relationship between Plaintiff and Customers.

41. As a proximate result of Bank's wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial, but in no event less than $10,000,000.00.

**THIRD CAUSE OF ACTION**

(Intentional Interference with Prospective Contractual Advantage Against Bank)

42. Plaintiff repeats and realleges paragraphs 1 through 32, inclusive, and incorporates them herein by this reference.

43. At all relevant times, Bank knew that its statements contained in paragraph 15(b-e) were false.

44. In or about December, 2007, Bank made the Demand to some or all of Customers.

7

Complaint

45. As a result of the Demand,

    a. certain of the Customers, among other things:

        1. failed to pay Plaintiff monies due and owing to Plaintiff by them;

        2. wrongfully paid Bank monies owing to Plaintiff; and,

        3. terminated and/or modified their business relationship with Plaintiff, all of which damaged Plaintiff.

46. Bank has refused Plaintiff's demand that Bank retract the Demand.

47. At all relevant times, Bank knew that the Demand would interfere with Plaintiff's existing contractual relationship with Customers.

48. Despite this knowledge, which is continuing, Bank made the Demand, and refuses to withdraw it.

49. Bank's conduct has damaged the prospective contractual advantage enjoyed by Plaintiff with Customers and others.

50. As a proximate result of Bank's wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial, but in no event less than $10,000,000.00.

51. In doing the acts herein alleged, Bank acted with oppression, fraud, and malice. Bank's conduct shocks the conscience. Plaintiff is entitled to punitive damages in an amount subject to proof from Bank.

///

///

///

///

8

Complaint

## FOURTH CAUSE OF ACTION

### (Willful Misconduct Against Bank)

52. Plaintiff repeats and realleges paragraphs 1 through 32 and 43-51, inclusive, and incorporates them herein by this reference.

53. Bank's conduct constitutes willful misconduct against Plaintiff.

54. As a proximate result of Bank's wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial, but in no event less than $10,000,000.00.

55. In doing the acts herein alleged, Bank acted with oppression, fraud, and malice. Bank's conduct shocks the conscience. Plaintiff is entitled to punitive damages in an amount subject to proof from Bank.

## FIFTH CAUSE OF ACTION

### (For Violation of B & P Section 17200 Against Bank)

56. Plaintiff repeats and realleges paragraphs 1 through 29, 34 through 40, inclusive, and incorporates them herein by this reference.

57. Bank's conduct constitutes deceptive business practices within the meaning of Business and Professions Code Section 17200, et. seq.

58. Pursuant to Business and Professions Code Section 17203, an order should issue causing defendants to disgorge all monies received by Bank from Customers.

59. For each payment received by Bank, in violation of Business and Professions Code Section 17206.1, in addition to the

9

other remedies contained in this complaint, a civil penalty in the sum of $2500.00 per violation should issue against Bank.

### SIXTH CAUSE OF ACTION

(For Negligence Against Bank)

60. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

61. At all relevant times, Bank owed Plaintiff a duty of care to, among other things, not misrepresent Plaintiff's relationship with the Bank and the Unaffiliated Companies.

62. Bank breached its duty of care to Plaintiff by, among other things, making the Demand, not retracting it, and by taking possession of monies properly belonging to Plaintiff.

63. As a proximate result of Bank's wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial, but in no event less than $10,000,000.00.

### SEVENTH CAUSE OF ACTION

(For Declaratory Relief Against All Defendants)

64. Plaintiff repeats and realleges paragraphs 1 through 29, 34 through 40, and incorporates them herein by this reference.

65. A judicial determination is necessary to ascertain the rights of the parties, including but not limited to the relationship between the Bank and Plaintiff, and the Demand.

///
///
///
///

Complaint

## EIGHTH CAUSE OF ACTION

### (For Breach of Oral Contract Against Customers)

66. Plaintiff repeats and realleges paragraphs 1 through 22, inclusive, and incorporates them herein by this reference.

67. During the last two years, Plaintiff on the hand, and Customers on the other, orally agreed that in consideration of Plaintiff shipping goods to Customers, Customers would pay Plaintiff upon receipt of the goods and an invoice.

68. Pursuant to this oral agreement, Plaintiff shipped goods and sent invoices to Customers. The following amounts are owed by the following Customers to Plaintiff as a result of Plaintiff shipping them goods and invoicing them pursuant to the oral contracts:

a. PRF and Munchies: $1732.94;

b. JN, AC, and GK: $1100.20;

c. AH, JH, and Market: $1438.42; and,

d. Berri: $1500.00.

69. Customers, including PRF, Munchies, JN, AC, GK, AH, JH, Market, and Berri refuse to pay Plaintiff the monies owing to Plaintiff based upon their receipt of the Demand.

70. Customers are in breach of their oral agreements with Plaintiff.

71. Despite repeated demand, Customers have failed to pay and continue to fail to pay Plaintiff said monies owing.

72. Plaintiff has performed all promises, covenants, and conditions on its part to be performed, except those promises, covenants and conditions whose performance are excused by Customers' wrongful conduct.

73. As a proximate result of defendants' wrongful conduct, Plaintiff has been damaged in amounts subject to proof, together with interest accruing thereon at the maximum legal rate from the date of each breach to the present.

### NINTH CAUSE OF ACTION

(Common Count: For Goods Had and Received Against Customers)

74. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

75. During the last three years, Plaintiff shipped goods to Customers, who promised to pay for them.

76. As set forth below, the following persons became indebted to Plaintiff in the following respective amounts:

        a. PRF and Munchies: $1732.94;

        b. JN, AC, and GK: $1100.20;

        c. AH, JH, and Market: $1438.42; and,

        d. Berri: $1500.00.

77. Plaintiff has demanded payment from the Customers in the amounts set forth in the preceding paragraph. Despite repeated demands therefor, there remains due, owing and unpaid by Customers to Plaintiff in the amounts, respectively as set forth in the preceding paragraph, together with interest thereon at the maximum legal rate.

### TENTH CAUSE OF ACTION

(Common Count: Account Stated Against Customers)

78. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

12

79. Within the past three years, an account was stated in writing by Plaintiff to the following customers in the following respective amounts:

    a. PRF and Munchies: $1732.94;

    b. JN, AC, and GK: $1100.20;

    c. AH, JH, and Market: $1438.42; and,

    d. Berri: $1500.00.

80. Plaintiff has demanded payment from the Customers in the amounts set forth in the preceding paragraph. Despite repeated demands therefor, there remains due, owing and unpaid by Customers to Plaintiff in the amounts, respectively as set forth in the preceding paragraph, together with interest thereon at the maximum legal rate.

## ELEVENTH CAUSE OF ACTION

(Common Count: Open Book Account Against Customers)

81. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

82. Within the past three years, Plaintiff shipped goods to Customers, who promised to pay for these goods upon receipt of an invoice.

83. Within the past three years, Customers, as set forth below, have became indebted to Plaintiff for the balance of an open book account for goods as follows:

    a. PRF and Munchies: $1732.94;

    b. JN, AC, and GK: $1100.20;

    c. AH, JH, and Market: $1438.42; and,

    d. Berri: $1500.00.

13

84. Plaintiff has demanded payment from the Customers in the amounts set forth in the preceding paragraph. Despite repeated demands therefor, there remains due, owing and unpaid by Customers to Plaintiff in the amounts, respectively as set forth in the preceding paragraph, together with interest thereon at the maximum legal rate.

### TWELFTH CAUSE OF ACTION

#### (For An Accounting Against All Defendants)

85. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

86. An accounting of the Defendants' books and records is necessary to ascertain the amount of Plaintiff's receivables which Bank has collected from Customers arising out of the Demand.

### THIRTEENTH CAUSE OF ACTION

#### (Conversion Against Bank)

87. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

88. From in or about December 2007 to the present, Bank converted Plaintiff's monies to its own use which were paid by Bank from Customers as a result of the Demand.

89. As a proximate result of defendants' wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial.

90. In doing the acts herein alleged, Bank acted with oppression, fraud, and malice. Bank's conduct shocks the

conscience. Plaintiff is entitled to punitive damages in an amount subject to proof from Bank.

### FOURTEENTH CAUSE OF ACTION

(For Imposition of Resulting Trust Against Bank)

91. Plaintiff repeats and realleges paragraphs 1 through 22 and 88 through 89, inclusive, and incorporates them herein by this reference.

92. From in or about December, 2007 to the present, Bank has improperly received monies belonging to Plaintiff from Plaintiff's customers.

93. Bank should be declared by this Court to be an involuntary trustee of a resulting trust containing the monies which Plaintiff is entitled to receive which are being wrongfully held by Bank.

### FIFTEENTH CAUSE OF ACTION

(For Imposition of Constructive Trust Against Bank)

94. Plaintiff repeats and realleges paragraphs 1 through 22 and 88 through 89, inclusive, inclusive, and incorporates them herein by this reference.

95. From in or about December, 2007 to the present, Bank has improperly received monies belonging to Plaintiff from Plaintiff's customers.

96. Bank should be declared by this Court to be an involuntary trustee of a constructive trust containing the monies which Plaintiff is entitled to receive which are being wrongfully held by Bank.

///

15

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages subject to proof;

2. For disgorgement and statutory penalties under B & P 17200 et. seq.;

3. For punitive damages subject to proof;

4. For interest, including prejudgment interest at the legal rate;

5. For imposition of a resulting trust;

6. For imposition of a constructive trust;

7. For an accounting;

8. For costs; and

9. For such other relief that may be just and proper.

Dated: March 16 , 2008       ROBERT W. HIRSH & ASSOCIATES

By: Robert W. Hirsh

Attorneys for Plaintiff

16

Complaint

EXHIBIT A



Headquarters ▪ 565 Fifth Avenue  New York  New York 10017 ▪ toll-free phone 866 sigline ▪ www.signatureny.com

January 2, 2008

By Facsimile or Overnight Courier
Attn: Owner Or A/P Manager
Pizza Maven
140 North Labrea Avenue.
Los Angeles, CA  90046

Re:    Ahava Food Corp.
       St. Lawrence Food Corp.
       Lewis County Dairy Corp.
       Schwartz & Sons Quality Distributions, Inc.
       Yoni Realty LLC

Dear Sir or Madam:

Please be advised that pursuant to (1) a Security Agreement, dated as of August 22, 2005 by and among Ahava Food Corp ("Ahava"), St. Lawrence Food Corp. ("SLF"), Lewis County Dairy Corp. ("LCD") Yoni Realty LLC ("Yoni") and Signature Bank (the "Lender"); (2) a Continuing General Security Agreement, dated as of October 7, 2005 by and between LCD and the Lender; (3) a Continuing General Security Agreement, dated as of March 28, 2006, by and between LCD and the Lender; (4) a Continuing General Security Agreement, dated as of March 28, 2006, by and between Ahava and the Lender; (5) a Continuing General Security Agreement, dated as of March 28, 2006, by and between SLF and the Lender; and (6) a Security Agreement dated as of August 27, 2007 by and among Ahava, SLF, LCD, and Schwartz & Sons Quality Distributors, Inc. ("Schwartz"), Ahava, SLF, LCD, Yoni and Schwartz granted to Lender a Uniform Commercial Code security interest and assignment in all of their accounts receivable (past, present, and future).

Pursuant to the aforementioned security agreements and applicable law, Lender is now entitled to receive any and all payments now or hereafter due to Ahava, SLF, LCD, Yoni, and/or Schwartz. Moreover, Lender has recently learned that the owners of Ahava, SLF, LCD, Yoni and Schwartz have been improperly invoicing customers under other names. Accordingly, Lender is entitled to receive all payments due to any other entity believed by you to be affiliated with any of Ahava, SLF, LCD, Yoni or Schwartz including, without limitation, entities known as Ahava of California and Ahava National Food Distribution (such other entities are hereinafter referred to as the "Transfer Affiliates", and the Transfer Affiliates are herein referred to together with Ahava, Yoni, SLF, LCD and Schwartz as the "Debtors").

HF 3891168v.2 #06406/0023

Please be advised that pursuant to Uniform Commercial Code Sections 9-406(a) and 9-607(a)(1), Lender is notifying you to immediately make payment to Lender of all amounts on any receivable due to any of the Debtors. All checks are to be made payable to Signature Bank. Accordingly, effective immediately, please forward all payments due on your accounts with any of the Debtors directly to us at the following address:

> Signature Bank
> Account No. 1500957634
> 565 Fifth Avenue
> New York, NY 10017
> Attn: Robert A. Bloch

Please be advised that under the law, if you withhold payment or make payment to anyone other than Lender at the address set forth above, you will nonetheless remain liable to Lender for such amounts.

If you have any questions regarding the foregoing instructions, please contact the undersigned at (646) 822 - 1827. Thank you for your prompt attention to this matter.

SIGNATURE BANK

By: _____

Name: Robert A. Bloch
Title: Senior Vice President

HF 3891168v.2 #06406/0023



headquarters • 565 Fifth Avenue  New York New York 10017 • toll-free phone 866 sigline • www.signatureny.com

December 24, 2007

<u>By Facsimile or Overnight Courier</u>

Pico Cafe
3944 West Pico Blvd
Los Angeles, CA 90035

Re:    Ahava Food Corp.
St. Lawrence Food Corp.
Lewis County Dairy Corp.
Schwartz & Sons Quality Distributions, Inc.
Yoni Realty LLC

Dear Sir or Madam:

Please be advised that pursuant to (1) a Security Agreement, dated as of August 22, 2005 by and among Ahava Food Corp ("Ahava"), St. Lawrence Food Corp. ("SLF"), Lewis County Dairy Corp. ("LCD") Yoni Realty LLC ("Yoni") and Signature Bank (the "Lender"); (2) a Continuing General Security Agreement, dated as of October 7, 2005 by and between LCD and the Lender; (3) a Continuing General Security Agreement, dated as of March 28, 2006, by and between LCD and the Lender; (4) a Continuing General Security Agreement, dated as of March 28, 2006, by and between Ahava and the Lender; (5) a Continuing General Security Agreement, dated as of March 28, 2006, by and between SLF and the Lender; and (6) a Security Agreement dated as of August 27, 2007 by and among Ahava, SLF, LCD, and Schwartz & Sons Quality Distributors, Inc. ("Schwartz"), Ahava, SLF, LCD, Yoni and Schwartz granted to Lender a Uniform Commercial Code security interest and assignment in all of their accounts receivable (past, present, and future).

Pursuant to the aforementioned security agreements and applicable law, Lender is now entitled to receive any and all payments now or hereafter due to Ahava, SLF, LCD, Yoni, and/or Schwartz. Moreover, Lender has recently learned that the owners of Ahava, SLF, LCD, Yoni and Schwartz have been improperly invoicing customers under other names. Accordingly, Lender is entitled to receive all payments due to any other entity believed by you to be affiliated with any of Ahava, SLF, LCD, Yoni or Schwartz including, without limitation, entities known as <u>Ahava of California</u> and <u>Ahava National Food Distribution</u> (such other entities are hereinafter referred to as the "Transfer Affiliates", and the Transfer Affiliates are herein referred to together with Ahava, Yoni, SLF, LCD and Schwartz as the "Debtors").

HF 3891168v.2 #06406/0023

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert W. Hirsh, SBN No. 102731 Robert W. Hirsh & Associates 8383 Wilshire Boulevard, Suite 510 Beverly Hills, California 90211 | CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court |

TELEPHONE NO.: 310-275-7800    FAX NO.:

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

MAR 17 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

CASE NAME: Ahava of California, LLC v. Signature Bank, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | BC387480 JUDGE: DEPT: |

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [1] monetary   b. [2] nonmonetary; declaratory or injunctive relief   c. [4] punitive

4. Number of causes of action (specify): 16

5. This case [ ] is [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 6, 2008

Robert W. Hirsh, SBN No. 102731
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

SHORT TITLE: Ahava of California, LLC                          CASE NUMBER: BC387480

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 7 [ ] HOURS/ [X] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

| SHORT TITLE: Ahava of California, LLC | | CASE NUMBER |
|---|---|---|

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Side labels (top to bottom): Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

| SHORT TITLE: | Ahava of California, LLC | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ / Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141 Sister State Judgment | 2, 9. |
| | | ☐ A6160 Abstract of Judgment | 2, 8. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment | 2, 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2, 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3., 9. |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name | 2, 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2, 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: Ahava of California, LLC | CASE NUMBER: |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, o other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selecte

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 111 North Hill Street |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Central _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: March 16, 2008 _____

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

Robert W. Hirsh

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____    BC387480

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Judicial officer not yet assigned | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Jeanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosenfield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
| | | | Other | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/08)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Page 1 of 2



*from the*
### LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice

- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

- **ENE can reduce litigation time and costs and promote settlement.**

- ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- **ENE is voluntary and confidential.**

- The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
### [CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**    A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**    A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**    A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**    A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**    Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**    Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

### What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

### Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

### How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties... | A Mediator does not... |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

### What does it cost?

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

### What is the difference between the contractors listed and the Superior Court ADR Office?

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

### Legal Advice/Information

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

---

## THIS IS A TWO-SIDED DOCUMENT.

**Exhibit B**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert W. Kirsh, SBN 102731
Robert W. Kirsh & Associates
9363 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211

TELEPHONE NO.: 310-275-7800   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF/PETITIONER: Ahava of California, LLC

DEFENDANT/RESPONDENT: Signature Bank, et. al.

CASE NUMBER:
BC 387480

**PROOF OF SERVICE OF SUMMONS**

REF. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [x] other (specify documents): Notice of Case Assignment

3. a. Party served (specify name of party as shown on documents served): Signature Bank

   b. Person served: [ ] party in item 3a  [x] other (specify name and relationship to the party named in item 3a):

SALVATORE MONACO

4. Address where the party was served:
26 Court Street, Ground Floor, Brooklyn, New York 11242

5. I served the party (check proper box)
   a. [x] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 3/26/08  (2) at (time): 3.40 p.m
   b. [ ] by substituted service. On (date): at (time): I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):
      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): from (city): or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. July 1, 2004]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Ahava of California, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Signature Bank, et. al. | BC 387480 |

c. ☐ By mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date):                                        (2) from (city):

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed *Notice and Acknowledgement of Receipt*.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means (specify means of service and authorizing code section):

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of (specify):
c. ☐ as occupant.
d. ☒ On behalf of (specify):

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                          ☐ other:

7. Person who served papers

a. Name:  SARA BAER
b. Address:  32 Court Street, Suite-1502, Brooklyn, NY 11201
c. Telephone number:  718-875-1483
d. The fee for service was: $ ~~84.98~~  $85.00
e. I am:

(1) ☒ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ registered California process server:
    (i) ☐ owner  ☐ employee  ☐ independent contractor.
    (ii) Registration No.:
    (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  March 26, 2008

SARA BAER

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

FORMS-010 (Rev. July 1, 2004)

**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

# Declaration of Fariborz Banayan

## DECLARATION OF FARIBORZ BANAYAN

I, Fariborz Banayan, declare:

1. I am the sole member of defendant Ahava of California, LLC ("Ahava CA"). Each fact contained in this declaration is within my personal knowledge, and if called upon to testify as to any matter herein, I could and would competently do so.

2. Ahava CA is a California limited liability company formed in 2000, which I have exclusively owned since in or about 2005. Attached collectively hereto as Exhibit A are true and correct copies of the Agreement and the Assignment of Interest and Consent of Managing Partner which transferred defendant Moise Banayan's ("Moise") interest in Ahava CA to me. This transaction was negotiated and entered into in California.

3. Ahava CA's books and records are maintained in California.

4. I am a California resident.

5. Ahava CA conducts business out of California and New York. The New York office reports to me in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in Beverly Hills, California on May 11, 2008.

Fariborz Banayan

3

# Exhibit A

## AGREEMENT

The agreement Made this 15th day of August 2005 by and between
Moise Banayan an individual residing in Monsey New York ("Seller")
and Fariborz Banayan residing in Venice Beach California ("Buyer")
referred to herein as the "parties".

Whereas, The parties have shares in the stock of Ahava of
California, LLC, a California corporation as follows: Moise
Banayan 50% of the shares and Fariborz Banayan 50% of the shares.

Whereas, There was a certain inheritance fund at the above
date from the deceased father of the parties in the amount of
$507,852.94, and the seller is holding on to this fund, and is
unable to distribute the 1/3 due to the buyer.

Whereas, The seller is requesting to pay this sum back to the
buyer at a future date but prior to January 2nd 2007, and the
buyer agrees to give this extended grace period to collect the
debt arising from the inheritance proceed.


NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1:    STOCK SALE

      The Seller shall sell and fully transfer to the Buyer 50%
      stock shares of Ahava of California for the debt due.

2.    OPTION TO RE BUY THE TRANSFERRED STOCK

      The seller can buy back the sold and transferred stock from
      the buyer prior to January 2nd 2007, by paying to the buyer
      $167,284.32.

3     VALUE OF STOCK AND PAYMENT

      The value of the stock is hereby established to be
      $169,284.32 as of January 2nd 2007, and it will remain the
      same until January 2nd 2007. The seller accepts the
      cancellation of the debt as full payment for the 50% shares
      in Ahava of California LLC

4.    GOVERNING LAW AND VENUE

      This agreement shall be construed and governed by the Laws of
      the State of California.

5.   **AUTHORITY**

Each party represents it has the capacity to enter this Agreement.

6.   **MODIFICATION**

No modification, amendment, or waiver of any of the provisions of this agreement shall be effective unless in writing and executed by all the parties hereto.

7.   **SUCCESSORS AND ASSIGNS**

This agreement shall be binding on the parties hereto and their respective successors and assigns.

8.   **WHOLE AGREEMENT**

This Agreement supercedes any and all prior agreements among the parties hereto with respect to the subject hereof and sets forth the final and entire agreement of the parties hereto

9.   **HEADINGS**

The headings in this agreement are for convenience only, and shall not effect the meaning of the terms hereof.

10.  **SEVERABILITY**

If any provision of this agreement shall be deemed invalid or unenforceable as written, it shall be construed to the greatest extent possible, in a manner which will render it valid and enforceable and any limitation of the scope or duration of such provision so necessary to make it valid and enforceable shall be so construed, no such unenforceability shall affect any other portion of this agreement unless the portion so deemed invalid and unenforceable is a material element of the agreement, taken as a whole.


Moise Banayan, Seller


Fariborz Banayan, Buyer

## AHAVA OF CALIFORNIA, LLC

## ASSIGNMENT OF INTEREST AND CONSENT OF MANAGING MEMBER

In accordance with an agreement dated August 15th 2005, for One hundred sixty seven thousand and two hundred eighty four DOLLARS and 32 cent ($167,284.32) AND OTHER GOOD AND VALUABLE CONSIDERATION, **MOISE BANAYAN**, an individual, ("Assignor") hereby assigns all of its right, title, and interest in and to a fifty (50%) percent membership interest in Ahava of California, LLC, to **FARIBORAZ BANAYAN**, an individual ("Assignee").

Assignee hereby assumes all of the obligations of Assignor as a member under the Operating Agreement, dated Feb 11 2000 from and after the date hereof.

This Assignment of Interest may be executed in multiple counterpart copies, all of which shall constitute a single document and may be delivered by facsimile transmission.

Dated: 15th of August , 2005

**ASSIGNOR:**

**Moise Banayan**

**ASSIGNEE:**

**FARIBORZ BANAYAN**

CONSENTED TO:
AHAVA OF CALIFORNIA, LLC

Name: Fariborz Banayan
Title:    Managing Member

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

SIGNATURE BANK,                                        :

                           Plaintiff,                 :

                                                      :

    - against -                                       :        08 Civ. 3893 (NRB)

                                                      :

AHAVA FOOD CORP., LEWIS COUNTY DAIRY                   :
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO            :
FOODS, YONI REALTY, LLC, SCHWARTZ AND
SONS QUALITY DISTRIBUTORS, INC., MOISE                :
BANAYAN, ANA BANAYAN a/k/a CHANA
BANAYAN, REBECCA BANAYAN a/k/a REBECCA                :
BARIMYAN a/k/a REBECCA BANAYAN-
LIEBERMAN, FARIBORZ BANAYAN a/k/a                     :
AARON BANAYAN, RUBEN BEITYAKOV,
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a              :
AHAVA NATIONAL FOOD DISTRIBUTOR                       :
and NORTH COUNTRY MANUFACTURING, and
JOHN DOE COMPANIES 1 through 10                       :

                                                      :

                           Defendants.                :
-----------------------------------------------------------------------X

## NOTICE OF MOTION

KORNSTEIN VEISZ WEXLER &  POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

ROBERT W. HIRSH & ASSOCIATES
8383  Wilshire  Boulevard, Suite 510
Beverly Hills, California  90211
(310) 275-7800

Attorneys for Defendant Ahava of California, LLC