ROBERT W. HIRSH,
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-274-8507; Facsimile: 310-275-4050

LAWRENCE C. FOX
KORNSTEIN, VEISZ, WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
Telephone: 212-418-8600; Facsimile: 212-826-3640

Attorneys for Defendant Ahava of California, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SIGNATURE BANK,

       Plaintiff,

 - against -              08 Civ. 3893 (NRB)

AHAVA FOOD CORP., LEWIS COUNTY DAIRY
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO
FOODS, YONI REALTY, LLC, SCHWARTZ AND
SONS QUALITY DISTRIBUTORS, INC., MOISE
BANAYAN, ANA BANAYAN a/k/a CHANA
BANAYAN, REBECCA BANAYAN a/k/a REBECCA
BARIMYAN a/k/a REBECCA BANAYAN-
LIEBERMAN, FARIBORZ BANAYAN a/k/a
AARON BANAYAN, RUBEN BEITYAKOV,
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a
AHAVA NATIONAL FOOD DISTRIBUTOR
and NORTH COUNTRY MANUFACTURING, and
JOHN DOE COMPANIES 1 through 10

       Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT AHAVA OF CALIFORNIA'S MOTION FOR ABSTENTION</u>**

# I.

# INTRODUCTION

A. <u>This Case Should Be Stayed Under the Colorado River Doctrine</u>

This court should abstain and stay this case under the <u>Colorado River</u> doctrine, because there is a pre-existing California state court litigation, i.e. <u>Ahava of California v. Signature Bank, Los Angeles Superior Court Case No. BC 387480</u> ("the California Case") requiring determination of the following identical factual and legal issues:

a. whether defendant Ahava of California ("Ahava CA") is an alter ego of defendants Ahava Food Corp, Lewis County Dairy Corp, St. Lawrence Food Corp, Yoni Realty, LLC, Moise Banyan, Ana Banyan, and Schwartz and Sons, Inc. (collectively "the Remaining Defendants"); and,

b. whether Ahava CA received fraudulent transfers from any of the Remaining Defendants.

The California Case was filed on March 17, 2008. This case was filed in the New York Supreme Court on April 2, 2008 after the California Case had been filed and served. Written discovery, i.e. two sets of interrogatories and document requests have been propounded in the California Case. No discovery has been propounded yet in this case.

The six enumerated factors to invoke <u>Colorado River</u> abstention (as discussed in Section IV below) have been met, including the most important one:, i.e. the failure to abstain will result in piecemeal litigation between the parties.

The other five determinative factors are also present, which makes abstention appropriate: i.e. the California court has jurisdiction over Ahava CA; this court is inconvenient to Ahava CA;

Ahava CA filed the California Case first; California law applies to the several key issues between the parties; and the California state court will adequately protect Signature Bank's (the "Bank") rights. **Further, abstention will thwart the Bank's patent forum shopping.**

B. <u>This Case Should Be Dismissed Under the Younger v. Harris Doctrine</u>

This case should be dismissed under the <u>Younger v. Harris</u> doctrine in order to allow a California state court the opportunity to decide important questions of California law. In particular, this case requires a court to decide and apply California alter ego law. New York choice of law provides that California law is determinative on this issue.

## II.

## FACTUAL BACKGROUND

Whether Ahava CA is an alter ego of the Remaining Defendants, and whether Ahava CA received fraudulent transfers from the Remaining Defendants are the two common issues to be adjudicated in this case and the California Case.

In this case, the Bank contends, among other things, that Ahava CA is an alter ego of the Remaining Defendants and that Ahava CA received fraudulent transfers of property from the Remaining Defendants. These transactions, which the Bank has placed in dispute, occurred in California. In particular, on or about August 15, 2005, defendant Moise Banayan ("Moise") sold his interest in Ahava CA to defendant Fariborz Banayan ("Fariborz") in California. The agreement was negotiated and entered into in California. The purchase agreement controlling this transaction provided that California law would be deemed to be applicable to this

transaction.

Ahava CA is a California limited liability company which is exclusively owned by Fariborz Banayan. Ahava CA's books and records are maintained in California. Fariborz, who is Ahava CA's principal, is a California resident. Ahava CA conducts business out of California and New York: the New York office reports to Fariborz in California.

## III.

### THE CALIFORNIA CASE AND THIS CASE REQUIRE DETERMINATION OF THE SAME FACTUAL AND LEGAL ISSUES

a. The California Case

In the California Case, Ahava CA has sued the Bank for, among other things, tortious interference with its contractual relationships with its customers arising out of the following conduct, as pleaded in paragraphs 12-22 of Ahava CA's complaint therein:

"12. At all relevant times, Plaintiff has had business relationships with ... [its] ... Customers.... Plaintiff's customers...purchase Plaintiff's goods.

13. Plaintiff has never had any relationship of any sort with Bank.

14. Plaintiff is not an alter ego, a subsidiary, and/or an affiliate with any of the following non-parties: Ahava Food Corp., Lewis County Dairy Corp., St. Lawrence Food Corp., Schwartz and Sons, Inc. and Yoni Realty, LLC [collectively "the Remaining Defendants"].

15. In or about December 2007, Bank contacted Customers, and represented to them, among other things, the following:

a. Bank has a security interest in the assets, including the receivables of...[the Remaining Defendants]...

b. Plaintiff is affiliated with the [Remaining Defendants];

c. Bank's security interest in the assets of the...[Remaining Defendants] entities it

to Plaintiff's receivables;

        d. Plaintiff is responsible to Bank for the debt of the...[Remaining Defendants] to Bank; and,

        e. if Customers fail to pay Bank monies which they owe to Plaintiff and/or the Customers make payment of monies they owe to Plaintiff to anyone other than Bank, then Customers will still be responsible to Bank for the payments made. The Banks communications as alleged in this paragraph shall collectively be referred to as "the Demand").

    16. ... Bank communicated the Demand to Customers...

    17. The Bank's statements contained in paragraph 15(b-e) are false.

    18. From in or about December 2007 to the present, Plaintiff:

        a. stated to the Bank that the Demand was false;

        b. stated to the Bank that the Demand could and would damage Plaintiff; and,

        c. demanded that Bank retract the Demand.

    19. Bank wrongfully transmitted the Demand.

    20. Bank has wrongfully refused to retract the Demand.

    21. At all relevant times, Bank knew that its statements contained in paragraph 15(b-e) were false. Despite this knowledge, Bank made the Demand, and has refused to withdraw it.

    22. Bank's conduct has caused Plaintiff significant financial harm, which is continuing."

b. <u>This Case</u>

The Bank's Amended Verified Complaint places the same issues in dispute as those contained in the California Case as follows:

In paragraphs 2, 5-6, 9-10, 12-13, 53, 62-79, 87-92, the Bank alleges that Ahava CA is the recipient of a fraudulent transfer of assets from the Remaining Defendants.

In paragraphs 4, 7, 8-9, 13, 80-86, 93-97, the Bank alleges that Ahava CA is the alter ego of the Remaining Defendants.

In paragraphs 1 and 98-106, the Bank alleges that it has an interest in Ahava CA's assets, including its receivables.

C. <u>The California Case and this Case Involve Identical Factual and Legal Issues</u>

Both cases require the trier of fact to determine:

1. Whether Ahava CA is an alter ego of the Remaining Defendants;

2. Whether Ahava CA fraudulently received assets from the Remaining Defendants; and,

3. Whether the Bank has an interest in Ahava CA's assets, including its receivables.

Both cases seek declaratory relief concerning the above issues, i.e. the seventh cause of action in the California Case and the eighth cause of action in this case. Depending upon how the trier of fact finds on the above issues, Ahava CA and the Bank seek monetary relief against each other for conduct arising out of the same facts, transactions and occurrences.

### IV.

**THIS CASE SHOULD BE STAYED UNDER THE COLORADO RIVER DOCTRINE**

In the interest of "wise judicial administration," federal courts may stay a case involving a question of federal law where a concurrent state action is pending in which the identical issues are raised. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 815 (1976).

Although commonly referred to as abstention, the Supreme Court has rejected this characterization. Abstention rests on lofty considerations of federalism and state relations. The Colorado River doctrine is based on "wise judicial administration, giving regard to conservation of judicial resources...." Id. at 817.

Where a parallel proceeding involving the same issues and parties is pending in state court when the federal declaratory action is filed, many courts recognize a presumption that the entire suit be heard in state court. Tempco Elec. Heater Corp. V. Omega Engineering, Inc. 819 F.2d 746, 747 (7th Cir. 1987); Government Employees Ins. Co. V. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).

When there is a parallel state court proceeding, proper abstention analysis requires an examination of six factors: jurisdiction over the res or property, inconvenience of the federal forum, avoidance of piecemeal litigation, the order of filing, whether state or federal law applies, and whether the state forum will adequately protect the rights of the party seeking to invoke federal jurisdiction. FDIC v. Four Star Holding Co., 178 F. 3d 97, 101 (2d Cir. 1999). As set forth below, applying these factors to this litigation supports abstention under the Colorado River doctrine.

1. Jurisdiction Over The Res -- The Bank claims that Ahava CA is an alter ego of the Remaining Defendants. Ahava CA is a California LLC, which is owned exclusively by Fariborz. California has jurisdiction over the res, i.e. Ahava CA and Fariborz's membership interest.

2. Inconvenience of the Forum -- Fariborz is the sole owner of Ahava CA and resides in California. Ahava CA's books and records are in California. As discussed below, the New York choice of law provides that California law is applicable to adjudicate the alter ego claims. The

pending California defendants (more will be added) are California based. This favors abstention.

3. <u>Avoidance of Piecemeal Litigation</u> -- This is the most important factor for a court to consider in ruling upon <u>Colorado River</u> abstention. <u>Moses H. Cone Mem'l Hosp. V. Mercury Construction Corp.</u>, 460 U.S. 1, 16 (1983).

Duplicative litigation should be avoided because it wastes judicial resources. <u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York</u>, 762 F.2d 205, 211 (2d Cir. 1985). "Exact parallelism between claims is not required." <u>Clark v. Lacy</u>, 376 F. 3d 682, 686 (7th Cir. 2004); <u>Great American Ins. Co. v. Gross</u>, 468 F.3d 199, 208-209 (4th Cir. 2006).

As discussed in Section III, above, the California Case and this case involve determination of substantially similar, if not identical issues, which contributes toward the disfavored result of increasing the likelihood that the dispute will drag on and decreasing the likelihood of settlement. See <u>Radioactive, JV v. Manson</u>, 153 F. Supp. 2d 462, 475 (S.D.N.Y. 2001).

4. <u>Order Which Jurisdiction Was Obtained</u> -- A court should examine which case was filed first. <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818 (1976). Further, the court should view how much progress has been made in the two actions. See <u>Moses H. Cone Mem'l Hospital</u>, 460 U.S. 1, 21 (1983).

The California Case was filed and served first. Further, as of the time of writing this brief, in the California Case, written discovery has been propounded. No discovery has been propounded in this case. Further, injunctive relief is being litigated in the California Case, which commenced on May 7, 2008. This precedes the Bank's May 9, 2008 Order To Show Cause issued in this case.

5. <u>Source of Law</u> -- Abstention is appropriate where state law is the rule of decision. See <u>Youell v. Exxon Corp.</u>, 74 F.3d 373, 375 (2d Cir. 1996). In this case, under New York's choice of law, where there are alter ego or other entity formation issues, the law of the state of formation is applied. <u>Kalb, Voorhis & Co. V. American Financial Corp</u>, 8 F.3d 130 (2d Cir. 1993); <u>Fletcher v. Atex, Inc.</u>, 68 F.3d 1451, 1456 (2d Cir. 1995). Ahava CA is a California limited liability company. Accordingly, California law applies to the alter ego issues.

6. <u>Adequacy of State Proceedings</u> -- In assessing the adequacy of the state court forum, a federal court must determine whether the parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. <u>Moses H. Cone Mem'l Hospital</u>, 460 U.S. 1, 25-26, 28 (1983). There is no reason to believe that a California state court will not protect the Bank's interests. Indeed, on or about May 9, 2008, the California court in the California Case denied Ahava CA's request for a temporary restraining order against the Bank. Further, the California state court can litigate any cause of action between the parties, including RICO claims, should the Bank decide to raise them in a counterclaim in the California Case.

Finally, other jurisdictions hold that avoidance of forum shopping justifies <u>Colorado River</u> abstention, and federal courts should abstain to avoid forum shopping. <u>State Farm Fire & Casualty Co. v. Mhoon</u>, 31 F.3d 979, 983 (10th Cir. 1994); <u>Exxon Shipping Co. v. Airport Depot Diner, Inc.</u>, 120 F.3d 166, 169 (9th Cir. 1997). In the instant case, the Bank commenced this case only after Ahava CA had sued and served it in the California Case. Forum shopping is obvious.

Under the above factors, abstention under the <u>Colorado River</u> doctrine is compelling.

V.

**THIS CASE SHOULD BE DISMISSED UNDER THE
YOUNGER V. HARRIS DOCTRINE**

When there are pending state proceedings involving important state court issues, the federal court should abstain and allow the state court to adjudicate all claims, state and federal. Younger v. Harris, 401 U.S. 37, 49-53 (1971). Federal courts may abstain where state court proceedings:

1. are pending when the federal action is filed;

2. implicate important state interests; and,

3. provide adequate opportunity to raise the federal claims.

Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

Younger abstention requires dismissal of the federal court action. Gibson v. Berryhill, 411 U.S. 564, 577 (1973); Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988).

Abstention avoids unnecessary friction in state-federal relations when parties on one side of a dispute file suit in state court and opposing parties file factually related proceedings in federal court. Federal intervention could "readily be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles." Moore v. Sims, 442 U.S. 415, 426, (1979). "'Whether it is labeled 'comity,' 'federalism' or some other term,' the policy objective behind Younger abstention is to 'avoid unnecessary conflict between state and federal governments.'" United States v. Morros, 268 F.3d 695, 707 (9th Cr. 2001) (quoting United States v. Composite State Bd. of Med. Examiners, 656 F.2d 131, 136 (5th Cir. Unit B Sept. 1981)) .

Younger abstention is a doctrine of equitable restraint: it does not arise from a lack of jurisdiction, but from strong policies counseling against the exercise of such jurisdiction where

particular kinds of state proceedings have already been commenced. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986). Important state court interests include property law and matters relating to corporations. See Harper v. Public Service Commission of West Virginia, 396 F.3d 348, 352-353 (4th Cir. 2005).

This case should be dismissed under the Younger v. Harris doctrine in order to allow the California state court an opportunity to decide important questions of California law, e.g. California alter ego law. Ahava CA incorporates by reference, herein, Section III, of this brief, which discusses California law being the applicable law to decide this issue.

## VI.

## CONCLUSION

The Bank should not be rewarded for its forum shopping. Because abstention is proper under the Colorado River doctrine and/or under the Younger v Harris doctrine, this motion should be granted.

Dated:  New York, New York
        May 13, 2008

                            ROBERT W. HIRSH & ASSOCIATES
                            KORNSTEIN VEISZ WEXLER & POLLARD, LLP


                            Lawrence C. Fox /JHP
                            By: Lawrence C. Fox

                            Attorneys for Defendant Ahava of California, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SIGNATURE BANK,

                         Plaintiff,

    - against -                                      08 Civ. 3893 (NRB)

AHAVA FOOD CORP., LEWIS COUNTY DAIRY
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO
FOODS, YONI REALTY, LLC, SCHWARTZ AND
SONS QUALITY DISTRIBUTORS, INC., MOISE
BANAYAN, ANA BANAYAN a/k/a CHANA
BANAYAN, REBECCA BANAYAN a/k/a REBECCA
BARIMYAN a/k/a REBECCA BANAYAN-
LIEBERMAN, FARIBORZ BANAYAN a/k/a
AARON BANAYAN, RUBEN BEITYAKOV,
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a
AHAVA NATIONAL FOOD DISTRIBUTOR
and NORTH COUNTRY MANUFACTURING, and
JOHN DOE COMPANIES 1 through 10

                         Defendants.
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT AHAVA OF CALIFORNIA'S MOTION FOR ABSTENTION</u>**

KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600

ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
(310) 275-7800

Attorneys for Defendant Ahava of California, LLC