**MEMO ENDORSED**

# HERRICK

NEW YORK
NEWARK
PRINCETON

DAVID [FEINSTEIN]
Direct Tel: 212.592.5927
Direct Fax: 212.545.3477
Email: dfeinstein@herrick.com

*Endorsement*

*Applications for the immediate production of the lease and for the noticed deponents to be produced for depositions prior to May 29, 2008 are granted. The future to comply will result in the imposition of sanctions.*

*So Ordered.*
*Naomi Reice Buchwald, USDJ*
*5/20/08*

May 19, 2008

BY FACSIMILE

Hon. Naomi R. Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2270
New York, NY 10007
Fax: (212) 805-7927

Re: *Signature Bank v. Ahava Food Corp., et al.*, 08 Civ. 3893

Dear Judge Buchwald:

This firm represents Signature Bank ("Signature" or the "Bank") in the above-captioned matter. Pursuant to Your Honor's individual rules and practices, we write to request a conference with Your Honor concerning defendants' failure to (i) produce the "triple-net lease" that the Judgment Debtors and Ahava of California ("AOC") entered into in or about September 2007 (the "Lease"), and (ii) timely provide dates for the depositions of Moise Banayan, Fariborz Banayan, Ana Banayan, Ari Katz and Ruben Beityakov. For the reasons discussed below, we respectfully request that the Court order defendants to produce the Lease immediately and provide deposition dates for the aforementioned witnesses this week.

First, the Lease is the *sine qua non* of the Judgment Debtors' and AOC's claim that there has been no fraudulent conveyance of the Judgment Debtors' assets. Indeed, as counsel for AOC stated at the May 9th hearing before Your Honor: "My client entered into a lease with St. Lawrence and with Lewis County. And is paying rent to those corporations for use of plants and equipment. How does my client's paying rent on a lease in any way constitute my client's fraudulently transferring away assets?" (5/9/08 Tr. at 18-19; *see also* 5/8/08 Bankr. Tr. at 6 (noting that AOC is "leasing substantially all of the assets of St. Lawrence Food Corp. and Lewis County Dairy Corp.").) And while the Court stated that the Lease "best be produced very quickly" (*see* 5/9/08 Tr. at 40), no such document as been made available for Signature's review. In fact, defendants have not even responded to Signature's request that the Lease be promptly produced.

Second, the Lease -- to the extent it authorizes the "leasing" of the Judgment Debtors' assets -- constitutes a breach of the Master Credit Facility, which unambiguously prohibits the Judgment Debtors (specifically, Lewis County Dairy, St. Lawrence, and Ahava

# HERRICK

Hon. Naomi R. Buchwald
May 19, 2008
Page 2

Food Corp.) from selling, leasing or otherwise disposing of (i) "any of its properties or assets, whether or not pursuant to an order of a Governmental Authority, except in the normal course of business (including replacement of obsolete or worn out equipment)," (Master Credit Agreement, § 6.02), and (ii) "notes, accounts receivable or other obligations owing to it, with or without recourse, except for collection in the ordinary course of business" (*id.*, § 6.05). Thus, assuming the Lease states what defendants' counsel have claimed to date, Signature intends to seek leave to amend its Verified Amended Complaint to add claims against (i) the Judgment Debtors for breach of the Master Credit Facility, and (ii) AOC, for unjust enrichment.

Third, there is simply no legitimate reason that the Lease should not be produced. Indeed, given counsel's claims that the Lease represents an arm's-length transaction, that the Judgment Debtors are "separate companies" and AOC "is not the alter-ego of anyone", the Lease cannot be possibly be protected from disclosure. Nor, for that matter, can the request for a single document be considered overly burdensome. Accordingly, Signature requests that the Court order defendants to produce the Lease immediately.

Finally, defendants ought to be required to produce their witnesses for deposition prior to May 29th, the date on which Signature's reply submission is due to be served and filed. We had requested that Messrs. Hirsh and Antonucci provide us with dates for the depositions of the Banayans (Moise, Ana and Fariborz) and Messrs. Katz and Beityakov. To date, however, we have not heard back from Mr. Hirsh and Mr. Antonucci stated that it would "not [be] possible" for him to produce any witness before May 29th (leaving only May 30th and June 2nd as possible dates for deposition prior to the June 3rd hearing). Obviously, defendants should not be heard to complain about the "competency" of Signature's evidence if they are unwilling to engage in proper discovery. Signature, therefore, requests that the Court order defendants' counsel to provide dates prior to May 29th for the depositions of the witnesses identified by the Bank.

Respectfully submitted,

David Feuerstein

DF:jo

cc: Robert Hirsh, Esq.
Lawrence Fox, Esq.
David Antonucci, Esq.