ROBERT W. HIRSH,
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-274-8507;  Facsimile: 310-275-4050

LAWRENCE C. FOX
KORNSTEIN, VEISZ, WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
Telephone: 212-418-8600; Facsimile: 212-826-3640

Attorneys for Defendant Ahava of California, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| SIGNATURE BANK, | : |
| | : |
| Plaintiff, | : 08 Civ. 3893 (NRB) |
| - against - | : |
| | : |
| AHAVA FOOD CORP., LEWIS COUNTY DAIRY CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO FOODS, YONI REALTY, LLC, SCHWARTZ AND SONS QUALITY DISTRIBUTORS, INC., MOISE BANAYAN, ANA BANAYAN a/k/a CHANA BANAYAN, REBECCA BANAYAN a/k/a REBECCA BARIMYAN a/k/a REBECCA BANAYAN-LIEBERMAN, FARIBORZ BANAYAN a/k/a AARON BANAYAN, RUBEN BEITYAKOV, ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a AHAVA NATIONAL FOOD DISTRIBUTOR and NORTH COUNTRY MANUFACTURING, and JOHN DOE COMPANIES 1 through 10, | : : : : : : : : : : |
| | : |
| Defendants. | : |

------------------------------------------------------------------------ X

**DEFENDANT AHAVA OF CALIFORNIA'S OBJECTIONS TO EVIDENCE
AND REQUEST TO STRIKE**

Defendant Ahava of California, LLC ("Ahava CA") objects to and requests that the following testimony and exhibits be stricken on the below stated grounds from the: May 7, 2008 Declaration of Robert Bloch and Exhibits Thereto ("the Bloch Declaration"); May 8, 2008 Declaration of John Oleske and Exhibits Thereto ("the Oleske Declaration"); and May 8, 2008 Declaration of Mara Levin and Exhibits Thereto ("the Levin Declaration") proffered by plaintiff Signature Bank ("the Bank") in support of its May 9, 2008 Order To Show Cause ("OSC"):

## I.

## The Bloch Declaration

1. The Bloch Declaration is objected to in its entirety on the ground that it is irrelevant to the issue of whether a receiver should be appointed and whether a preliminary injunction should issue. The Bloch Declaration proffers evidence in connection with the Bank's contention that "defendants" failed to comply with a prior alleged inspection order.

2. In addition to the above relevance grounds, the following particular portions of the Bloch Declaration are objected to:

Paragraph 2: Argument

Paragraph 3: Argument

Paragraph 3: Exhibit E: Hearsay; Lack of foundation

Paragraph 4: "Defendants' place of business": argument; conclusory; lack of foundation.

Paragraph 4: "In Accordance with the Order and Security Agreement": Argument

Paragraph 8: "The Books and records": Vague and ambiguous

Paragraph 12: Exhibit A: Hearsay; lack of foundation

Paragraph 13: Argument

## II.
## The Oleske Declaration

1. The Oleske Declaration is objected to in its entirety on the ground that it is irrelevant to the issue of whether a receiver should be appointed and whether a preliminary injunction should issue. The Oleske Declaration proffers evidence in connection with the Bank's contention that "defendants" failed to comply with a prior alleged inspection order.

2. In addition to the above relevance grounds, the following particular portions of the Oleske Declaration are objected to:

Paragraph 2: Argument

Paragraph 3: Argument

Paragraph 8: Hearsay

Paragraph 9: Argument

## III.

## The Levin Declaration

Mara Levin lacks the ability to authenticate and lay a foundation for almost every exhibit which the Levin Declaration attempts to introduce. This court should not consider unauthenticated, hearsay evidence, as set forth below.

Paragraph 2: Argument

Paragraph 3, Exhibit 1: Hearsay; lack of authentication

Paragraph 4, Exhibit 2: Hearsay; lack of authentication

Paragraph 5, Exhibit 3: Hearsay; lack of authentication

Paragraph 6, Exhibit 4: Hearsay; lack of authentication

Paragraph 7, Exhibit 4: Hearsay; lack of authentication

Paragraph 8, Exhibit 6: Hearsay; lack of authentication

Paragraph 9, Exhibit 7: Hearsay; lack of authentication

Paragraph 10, Exhibit 8: Hearsay; lack of authentication

Paragraph 11, Exhibit 9: Hearsay; lack of authentication

Paragraph 12, Exhibit 10: Hearsay; lack of authentication

Paragraph 13, Exhibit 11: Hearsay; lack of authentication

Paragraph 14, Exhibit 12: Hearsay; lack of authentication

Paragraph 16, Exhibit 14: Hearsay; lack of authentication

Paragraph 17, Exhibit 15: Hearsay; lack of authentication

Paragraph 18, Exhibit 16: Hearsay; lack of authentication

Paragraph 19, Exhibit 17: Hearsay; lack of authentication

Paragraph 20, Exhibit 18: Hearsay; lack of authentication

Paragraph 21, Exhibit 19: Hearsay; lack of authentication

Paragraph 22, Exhibit 20: Hearsay; lack of authentication

Paragraph 23, Exhibit 21: Hearsay; lack of authentication

Paragraph 24, Exhibit 22: Hearsay; lack of authentication

Paragraph 25, Exhibit 23: Hearsay; lack of authentication

Paragraph 26, Exhibit 24: Hearsay; lack of authentication

Paragraph 27, Exhibit 25: With respect to any statements made by Mr. Antonucci in his declaration concerning Ahava CA, those statements constitute hearsay and argument.

Paragraph 28, Exhibit 26: Argument

Paragraph 29, Exhibit 27: Hearsay; lack of authentication

Paragraph 33, Exhibit 31: Hearsay; lack of authentication

Paragraph 34: Argument

Dated:   New York, New York
         May 22, 2008

>                ROBERT W. HIRSH & ASSOCIATES
>                KORNSTEIN VEISZ WEXLER & POLLARD, LLP
>
>                By: Lawrence C. Fox
>
>                Attorneys for Defendant Ahava of California, LLC