ROBERT W. HIRSH,
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-274-8507;  Facsimile: 310-275-4050

LAWRENCE C. FOX
KORNSTEIN, VEISZ, WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
Telephone: 212-418-8600; Facsimile: 212-826-3640

Attorneys for Defendant Ahava of California, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X
SIGNATURE BANK,                                                            :
                                                                           :
                                                              Plaintiff,   :   08 Civ. 3893 (NRB)
                - against -                                                :
                                                                           :
AHAVA FOOD CORP., LEWIS COUNTY DAIRY                                       :
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO                                 :
FOODS, YONI REALTY, LLC, SCHWARTZ AND                                      :
SONS QUALITY DISTRIBUTORS, INC., MOISE                                     :
BANAYAN, ANA BANAYAN a/k/a CHANA                                           :
BANAYAN, REBECCA BANAYAN a/k/a REBECCA                                     :
BARIMYAN a/k/a REBECCA BANAYAN-                                            :
LIEBERMAN, FARIBORZ BANAYAN a/k/a AARON                                    :
BANAYAN, RUBEN BEITYAKOV, ARI KATZ,                                        :
AHAVA OF CALIFORNIA, LLC d/b/a AHAVA                                       :
NATIONAL FOOD DISTRIBUTOR and NORTH                                        :
COUNTRY MANUFACTURING, and JOHN DOE                                        :
COMPANIES 1 through 10,                                                    :
                                                                           :
                                                           Defendants.     :
-------------------------------------------------------------------------- X

**DECLARATION OF ROBERT W. HIRSH IN OPPOSITION TO MOTION
FOR APPOINTMENT OF RECEIVER AND PRELIMINARY INJUNCTION**

I, Robert W. Hirsh, declare:

1. I am a member of Robert W. Hirsh & Associates. I represent defendant Ahava of California, LLC ("Ahava CA") in this case. Each fact contained in this declaration is within my personal knowledge, and if called upon to testify as to any matter herein, I could and would competently do so. I practice law in California.

2. Over the past month, I have had a series of conversations with John Oleske ("Oleske"), attorney of record for plaintiff Signature Bank ("the Bank") in this case. During these conversations, Oleske has told me, among other things, that:

    a. the Bank has a security interest on all of the equipment at the Lewis County Dairy Company and St. Lawrence Food Corp. factories which Ahava CA is leasing;

    b. Ahava CA has no interest in any of these assets; and,

    c. the Bank wants to immediately foreclose on this equipment and shut down the factories.

3. Attached hereto as Exhibit A is a true and correct copy of an excerpt, from a May 8, 2008 transcript concerning an Order to Show Cause hearing before the Honorable Stephen D. Gerling, United States Bankruptcy Judge. Oleske emailed me this transcript. Page 51:18-22, which was spoken by Attorney Gary Eisenberg, who represents the Bank, states:

"...what we're attempting to do is collect on our collateral. Whether it's done through the vehicle of a sale of substantially all of the assets themselves or a sale of the entire business as a going concern..."

4. Eisenberg's statements to the bankruptcy court corroborate Oleske's statements to me.

5. I have had an opportunity to review documents concerning the underlying transactions

between the Bank on the one hand and certain of the following defendants, i.e. Ahava Food Corp., Lewis County Dairy Corp, St. Lawrence Food Corp., Yoni Realty, LLC, Moise Banyan, Ana Banyan, and Schwartz and Sons, Inc. (collectively "Remaining Defendants"), on the other, which gave rise to a New York Supreme Court judgment in favor of the Bank against the Remaining Defendants. I have also had the opportunity to learn about the alleged manner in which the Bank and Getzler Henrich Management & Financial Consultants ("Getzler Henrich") treated the Remaining Defendants in or about 2007. One of my areas of legal specialty is what is commonly known as "lender liability." It is my view that the Remaining Defendants have significant legal rights and claims against the Bank for lender liability, and against Getzler, Henrich for negligence, fraud, and breach of fiduciary duty.

6. In California, where Ahava CA was formed, limited liability companies have membership interests, not shares. A limited liability company does not have officers: it has members, managers, and employees. A limited liability company is not required to maintain minutes under California law. It is treated differently under the law than a corporation.

7. Ahava CA was never ordered by Justice Freedman in this case to produce its books and records to the Bank, other than its formation documents which I caused to be produced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in Beverly Hills, California on on May 20, 2008.

_____
Robert W. Hirsh

3

# EXHIBIT A

```
                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF NEW YORK


MOISE BANAYAN               .    Case No. 08-60954SDG
                            .    Adversary No. 08-80022
     v.                     .
                            .    230 U.S. Courthouse
SIGNATURE BANK,             .    10 Broad Street
                            .    Utica, NY  13501
                            .
                            .    May 8, 2008
. . . . . . . . . . . . . . .    9:04 a.m.


                 TRANSCRIPT OF SHOW CAUSE HEARING
              BEFORE HONORABLE STEPHEN D. GERLING
            UNITED STATES BANKRUPTCY COURT CHIEF JUDGE


APPEARANCES:

For Moise Banayan:          Antonucci Law Firm
                            By:  DAVID P. ANTONUCCI, ESQ.
                            12 Public Square
                            Watertown, NY   13601

For Signature Bank:         Herrick, Feinstein, LLP
                            By:  DAVID T. FUERSTEIN, ESQ.
                            2 Park Avenue
                            New York, NY    10016

                            By:  GARY F. EISENBERG, ESQ.
                            One Gateway Center, 22nd Floor
                            Newark, NJ   07102

For the U.S. Trustee:       Office of the U.S. Trustee
                            By:  AMY F. QUANDT, AUST
                            10 Broad Street, Room 105
                            Utica, NY   13501

Audio Operator:             Kathy Barrett



Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@optonline.net

(609) 586-2311     Fax No. (609) 587-3599

                                                                    51

1  think that's really the law in most circuits and it's always
2  been my view that it is not a good exercise of judicial
3  discretion under any circumstances to extend the automatic stay
4  to third party -- to third non-debtor parties under some theory
5  that if I don't do that, the debtor will be left dead in the
6  water in its ability to reorganize in Chapter 11, Chapter 13,
7  whatever reorganization chapter that debtor happens to have
8  filed.  That's what I'm focusing on.
9           I understand all this other stuff, the leases which
10 may be very well illusory, may exist only in the minds of Mr.
11 Banayan and his brother, and maybe just nowhere else.  I
12 understand all that but I'm really trying to focus on will I,
13 in effect, handcuff Mr. Banayan completely if I don't extend
14 the stay because your client, I guess, is intent upon going
15 forward and attempting to liquidate the assets of all of these
16 corporations which are subject to your alleged security
17 interests.
18           MR. EISENBERG:  Well, Your Honor, what we're
19 attempting to do is collect on our collateral.  Whether it's
20 done through the vehicle of a sale of substantially all of the
21 assets themselves or a sale of the entire business as a going
22 concern is going to be a question of which way we get the
23 greater value.  And since we have a security interest in the
24 debtor's stock, and since we also have a security interest in
25 substantially all of the assets of the non-debtor corporations,