Mara B. Levin, Esq.
David Feuerstein, Esq.
John Oleske, Esq.
Attorneys for Plaintiff
  Signature Bank
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Email: mlevin@herrick.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SIGNATURE BANK,                                             :

                                Plaintiff,                  :    Civ. Action No. 08 Civ. 3893

                                                            :

                   - against -                              :

                                                            :

AHAVA FOOD CORP. d/b/a NORTH COUNTRY                        :
CHEESE CORP., LEWIS COUNTY DAIRY CORP.,                     :    **DECLARATION OF**
ST. LAWRENCE FOOD CORP. d/b/a PRIMO                         :    **MARA B. LEVIN**
FOODS, YONI REALTY, LLC, SCHWARTZ AND                       :
SONS QUALITY DISTRIBUTORS, INC., MOISE                      :
BANAYAN, ANA BANAYAN a/k/a CHANA                            :
BANAYAN, REBECCA BANAYAN a/k/a                              :
REBECCA BARIMYAN a/k/a REBECCA                              :
BANAYAN-LIEBERMAN, FARIBORZ BANAYAN                         :
a/k/a AARON BANAYAN, RUBEN BEITYAKOV,                       :
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a                    :
AHAVA NATIONAL FOOD DISTRIBUTOR and                         :
NORTH COUNTRY MANUFACTURING, and                            :
JOHN DOES 1 through 50,                                     :

                                                            :

                                Defendants.                 :

------------------------------------------------------------- x

        MARA B. LEVIN hereby declares the following under penalty of perjury:

        1.      I am a member of the law firm Herrick, Feinstein LLP, attorneys for

plaintiff Signature Bank ("Signature" or "the Bank").  I have personal knowledge of the facts set

forth herein based upon my review of documents and conversations with representatives of

1

Signature, unless stated upon information and belief. I submit this declaration in opposition to the motion to abstain brought by defendant Ahava of California, LLC ("AOC").

2.    Specifically, I write to place before the Court certain documents relevant to Signature's opposition to the abstention motion.

3.    Attached hereto as Exhibit 1 is a copy of the judgment in the action entitled *Signature Bank v. Ahava Food Corp., et al.*, New York County Supreme Court Index No. 604356/07, entered March 14, 2008.

4.    Attached hereto as Exhibit 2 is a copy of the Complaint filed by AOC in the Superior Court of California on March 17, 2008

5.    Attached hereto as Exhibit 3 is a copy of an email from Moise Banayan to Signature dated February 3, 2008.

6.    Attached hereto as Exhibit 4 is a copy of an email from Moise and Fariborz Banayan's mother to Signature dated March 8, 2008.

7.    Attached hereto as Exhibit 5 is the Declaration of Robert Bloch dated May 8, 2008.

8.    Attached hereto as Exhibit 6 is the Affidavit of David Antonucci dated April, 2008.

9.    Attached hereto as Exhibit 7 is a Dun & Bradstreet Report for AOC dated April 22, 2008.

10.    Signature respectfully submits that on the basis of the evidence referenced above, and on all the other papers and pleadings submitted with this motion, the Court should deny AOC's motion for abstention.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  New York, New York
June 2, 2008

_____
Mara B. Levin

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

SIGNATURE BANK,                                  :

                                    Plaintiff,   :    Index No. 604356/07

                                                 :

        -against-                                :

                                                 :    JUDGMENT

AHAVA FOOD CORP., LEWIS COUNTY DAIRY :
CORP., ST. LAWRENCE FOOD CORP., YONI  :
REALTY, LLC, MOISE BANAYAN, ANA       :
BANAYAN AND SCHWARTZ AND SONS,        :
INC.                                  :

-------------------------------------------------------------x

        WHEREAS, on December 27, 2007, Plaintiff Signature Bank filed a motion pursuant to

CPLR § 3213 requesting that this Court: (1) enter summary judgment in lieu of complaint in

favor of Signature Bank and against Defendants Ahava Food Corp., Lewis County Dairy Corp.,

St. Lawrence Food Corp., Yoni Realty, LLC, Moise Banayan, Ana Banayan and Schwartz and

Sons, Inc. on the ground that this action is based upon an instrument for the payment of money

only, which is now due and payable, and entering judgment in such sum pursuant to CPLR 5012

and 5016; and (2) grant any such other and further relief as this Court deems just and proper;

        WHEREAS, on March 11, 2008, the Court issued an Order granting Signature Bank's

motion for summary judgment in lieu of complaint against the Defendants;

        WHEREAS, on March 11, 2008, the Court directed to enter judgment: (1) in favor of

plaintiff and against defendants Ahava Food Corp., Lewis County Dairy Corp., St. Lawrence

Food Corp., Yoni Realty, LLC, Moise Banayan and Schwartz and Sons, Inc. in the amount of

$9,338,103.90, and (2) in favor of plaintiff and against defendant Ana Banayan in the amount of $1,781,621.53, together with interest from the date of entry of judgment at the statutory rate, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs;

IT IS HEREBY ADJUDGED that Plaintiff Signature Bank, with a principal place of business at 565 Fifth Avenue, 12th Floor, New York, New York 10017, recovers, jointly and severally, from Defendant Ahava Food Corp., with a principal place of business at 110 Beard Street, Brooklyn, New York 11231, Defendant Lewis County Dairy Corp., with a principal place of business at 7705 State Route 812, Lowville, New York, 13367, Defendant St. Lawrence Food Corp., with a principal place of business at 30 Main Street, Ogdenburg, New York 13669, Defendant Yoni Realty, LLC, with a principal place of business at 110 Beard Street, Brooklyn, New York 11231, Defendant Moise Banayan, who resides at 51 Parker Boulevard, Monsey, New York 10952, Defendant Schwartz and Sons, Inc., with a principal place of business at 110 Beard Street, Brooklyn, New York 11231 and Ana Banayan, who resides at 51 Parker Boulevard, Monsey, New York 10952, jointly and severally, in the amount of $1,781,621.53, plus costs and disbursements in the amount of $429.14 for a total sum of $1,782,050.67, and Plaintiff shall have  execution therefor;

IT IS HEREBY ADJUDGED that Plaintiff Signature Bank, recovers, jointly and severally, from Defendants Ahava Food Corp., Lewis County Dairy Corp., St. Lawrence Food Corp., Yoni Realty, LLC, Moise Banayan, and Schwartz and Sons, Inc., in the amount of $7,556,482.37, plus costs and disbursements in the amount of $429.14 for a total sum of $7,556,911.51, and that Plaintiff Signature Bank have execution therefore.

Judgment signed and entered this 14 date of March, 2008



_____

Clerk, ~~Supreme Court~~

**FILED**

MAR 14 2008

COUNTY CLERK'S OFFICE
NEW YORK

# EXHIBIT 2

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Signature Bank; PKF, Inc; Munchies; John Nohein;
Alain Cohen; Got Kosher; Aaron Hutman; Janice
Hutman; Aaron's Glatt Markett; Berri Good, Inc.; and
Does 1 through 1000, inclusive.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 17 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ahava of California, LLC

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles 111 North Hill Street Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* BC387480 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert W. Hirsh, SBN 102731                    310-275-7800
Robert W. Hirsh & Associates
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211

DATE:                                                                                      , Deputy
*(Fecha)* MAR 17 2008  JOHN A. CLARKE, CLERK by *(Secretario)*  M. GARCIA *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

1  ROBERT W. HIRSH, SBN #102731
   ROBERT W. HIRSH & ASSOCIATES
2  8383 Wilshire Boulevard, Suite 510
   Beverly Hills, CA 90211
3  Telephone: 310-275-7800

4  **Attorneys for Plaintiff Ahava of California, LLC**

5

6

7              SUPERIOR COURT OF CALIFORNIA

8                  COUNTY OF LOS ANGELES

9  AHAVA OF CALIFORNIA, LLC,          )  CASE NO. BC387480
                                      )
10            Plaintiff,              )  COMPLAINT FOR:
                                      )
11      v.                            )  1.  INTENTIONAL INTERFERENCE
                                      )      WITH CONTRACTUAL
12 SIGNATURE BANK; PRF, INC;          )      RELATIONSHIP
   MUNCHIES; JOHN NOHEIN; ALAIN       )  2.  NEGLIGENT INTERFERENCE
13 COHEN; GOT KOSHER; AARON HUTMAN;   )      WITH CONTRACTUAL
   JANICE HUTMAN; AARON'S GLATT       )      RELATIONSHIP
14 MARKET; BERRI GOOD, INC; and       )  3.  INTENTIONAL INTERFERENCE
   Does 1 through 1000, inclusive.    )      WITH PROSPECTIVE ADVANTAGE
15                                    )  4.  WILLFUL MISCONDUCT
              Defendants.             )  5.  B & P 17200, et. seq.
16 _____)  6.  NEGLIGENCE
                                         7.  DECLARATORY RELIEF
17                                       8.  BREACH OF ORAL CONTRACT
                                         9.  FOR GOODS HAD AND RECEIVED
18                                       10. FOR ACCOUNT STATED
                                         11. FOR OPEN BOOK ACCOUNT
19                                       12. ACCOUNTING
                                         13. CONVERSION
20                                       14. EQUITABLE LIEN
                                         15. IMPOSITION OF RESULTING
21                                           TRUST
                                         16. IMPOSITION OF CONSTRUCTIVE
22                                           TRUST

23

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 17 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

Complaint

Plaintiff Ahava of California, LLC ("Plaintiff") alleges:

1. Plaintiff is and at all relevant times was a limited liability company formed in California and doing business in Los Angeles, California. Plaintiff is a distributor of kosher food products.

2. The true names and capacities of defendants sued herein as Does 1 through 1000, inclusive, are unknown to Plaintiff who therefore sues them under such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to set forth their true names and capacities when their true names and capacities are ascertained. Plaintiff alleges that each fictitiously named defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages as herein alleged.

3. Defendant Signature Bank ("Bank") is and at all relevant times was a financial institution organized and existing under the laws of New York. Bank conducts business in Los Angeles, California.

4. Defendant PRF, Inc. ("PRF") is and at all relevant times was a corporation formed in California and doing business in Los Angeles, California. Upon information and belief, PRF is and at all times was doing business as "Munchies.

5. In the alternative, defendant Munchies is and at all relevant times was a business of unknown origin doing business in Los Angeles, California.

6. Defendants John Nohein ("JN") Alain Cohen ("AC") are and at all relevant times were individuals doing business and residing in Los Angeles, California. Upon information and belief, JN and AC were doing business as "Got Kosher".

2

7. In the alternative, defendant Got Kosher ("GK") is and at all relevant times was a business of unknown origin doing business in Los Angeles, California.

8. Defendant Aaron Hutman ("AH") is and at all relevant times was individual doing business and residing in Los San Diego, California. Upon information and belief, AH was doing business as "Aaron's Glatt Market".

9. Defendant Janice Hutman ("JH") is and at all relevant times was individual doing business and residing in Los San Diego, California. Upon information and belief, JH was doing business as "Aaron's Glatt Market".

10. In the alternative, defendant Aaron's Glatt Market ("Market") is and at all relevant times was a business of unknown origin doing business in San Diego, California.

11. Defendant Berri Good, Inc. ("Berri") is and at all relevant times was a California corporation doing business in Los Angeles, California.

12. At all relevant times, Plaintiff has had business relationships with PRF, Munchies, JN, AC, GK, AH, JH, Market, Berri, and Does 1-500 (collectively "Customers"). Many of Customers are based in California. Many of Customers are Plaintiff's customers who purchase Plaintiff's goods.

13. Plaintiff has never had any relationship of any sort with Bank.

14. Plaintiff is not an alter ego, a subsidiary, and/or an affiliate with any of the following non-parties: Ahava Food Corp., Lewis County Dairy Corp., St. Lawrence Food Corp., Schwartz and

3

1    Sons, Inc. and Yoni Realty, LLC (collectively "the Unaffiliated

2    Companies").

3        15. In or about December 2007, Bank contacted Customers, and

4    represented to them, among other things, the following:

5            a. Bank has a security interest in the assets, including

6    the receivables of the Unaffiliated Companies;

7            b. Plaintiff is affiliated with the Unaffiliated

8    Companies;

9            c. Bank's security interest in the assets of the

10   Unaffiliated Companies entities it to Plaintiff's receivables;

11           d. Plaintiff is responsible to Bank for the debt of the

12   Unaffiliated Companies to Bank; and,

13           e. if Customers fail to pay Bank monies which they owe to

14   Plaintiff and/or the Customers make payment of monies they owe to

15   Plaintiff to anyone other than Bank, then Customers will still be

16   responsible to Bank for the payments made.

17   The Banks communications as alleged in this paragraph shall

18   collectively be referred to as "the Demand").

19       16. Upon information and belief, Bank communicated the Demand

20   to Customers, which was primarily done by sending Customers a

21   substantially similar and/or identical generic letter contained the

22   Demand True and correct copies of this generic letter are attached

23   hereto as Exhibit A.

24       17. The Bank's statements contained in paragraph 15(b-e) are

25   false.

26       18. From in or about December 2007 to the present, Plaintiff:

27           a. stated to the Bank that the Demand was false;

28

4

Complaint

b. stated to the Bank that the Demand could and would damage Plaintiff; and,

c. demanded that Bank retract the Demand.

19. Bank wrongfully transmitted the Demand.

20. Bank has wrongfully refused to retract the Demand.

21. At all relevant times, Bank knew that its statements contained in paragraph 15(b-e) were false. Despite this knowledge, Bank made the Demand, and has refused to withdraw it.

22. Bank's conduct has caused Plaintiff significant financial harm, which is continuing.

## FIRST CAUSE OF ACTION

(Intentional Interference with Contractual Relationship Against Bank)

23. Plaintiff repeats and realleges paragraphs 1 through 22, inclusive, and incorporates them herein by this reference.

24. At all relevant times, Bank knew that its statements contained in paragraph 15(b-e) were false.

25. In or about December, 2007, Bank made the Demand to some or all of Customers.

26. As a result of the Demand,

a. certain of the Customers, among other things:

1. failed to pay Plaintiff monies due and owing to Plaintiff by them;

2. wrongfully paid Bank monies owing to Plaintiff; and,

3. terminated and/or modified their business relationship with Plaintiff, all of which damaged Plaintiff.

5

1    27. Bank has refused Plaintiff's demand that Bank retract the

2    Demand.

3    28. At all relevant times, Bank knew that the Demand would

4    interfere with Plaintiff's existing contractual relationship with

5    Customers.

6    29. Despite this knowledge, which is continuing, Bank made the

7    Demand, and refuses to withdraw it.

8    30. Bank's conduct has damaged the contractual relationship

9    between Plaintiff and Customers.

10    31. As a proximate result of Bank's wrongful conduct,

11    Plaintiff has been damaged in a sum according to proof at time of

12    trial, but in no event less than $10,000,000.00.

13    32.  In doing the acts herein alleged, Bank acted with

14    oppression, fraud, and malice.  Bank's conduct shocks the

15    conscience. Plaintiff is entitled to punitive damages in an amount

16    subject to proof from Bank.

17

18                        SECOND CAUSE OF ACTION

19          (Negligent Interference with Contractual Relationship

20                             Against Bank)

21    33. Plaintiff repeats and realleges paragraphs 1 through 22,

22    and 25 through 31, inclusive, and incorporates them herein by this

23    reference.

24    34. At all relevant times, Bank knew that its statements

25    contained in paragraph 15(b-e) were false.

26    35. In or about December, 2007, Bank made the Demand to some

27    or all of Customers.

28    36. As a result of the Demand,

6

Complaint

1          a. certain of the Customers, among other things:

2                  1. failed to pay Plaintiff monies due and owing to

3     Plaintiff by them;

4                  2. wrongfully paid Bank monies owing to Plaintiff;

5     and,

6                  3. terminated and/or modified their business

7     relationship with Plaintiff, all of which damaged Plaintiff.

8          37. Bank has refused Plaintiff's demand that Bank retract the

9     Demand.

10         38. At all relevant times, Bank should have known that the

11    Demand would interfere with Plaintiff's existing contractual

12    relationship with Customers.

13         39. Bank refuses to withdraw the Demand.

14         40. Bank's conduct has damaged the contractual relationship

15    between Plaintiff and Customers.

16         41. As a proximate result of Bank's wrongful conduct,

17    Plaintiff has been damaged in a sum according to proof at time of

18    trial, but in no event less than $10,000,000.00.

19

20                       **THIRD CAUSE OF ACTION**

21      (Intentional Interference with Prospective Contractual Advantage

22                          Against Bank)

23         42. Plaintiff repeats and realleges paragraphs 1 through 32,

24    inclusive, and incorporates them herein by this reference.

25         43. At all relevant times, Bank knew that its statements

26    contained in paragraph 15(b-e) were false.

27         44. In or about December, 2007, Bank made the Demand to some

28    or all of Customers.

7

45. As a result of the Demand,

      a. certain of the Customers, among other things:

          1. failed to pay Plaintiff monies due and owing to Plaintiff by them;

          2. wrongfully paid Bank monies owing to Plaintiff; and,

          3. terminated and/or modified their business relationship with Plaintiff, all of which damaged Plaintiff.

46. Bank has refused Plaintiff's demand that Bank retract the Demand.

47. At all relevant times, Bank knew that the Demand would interfere with Plaintiff's existing contractual relationship with Customers.

48. Despite this knowledge, which is continuing, Bank made the Demand, and refuses to withdraw it.

49. Bank's conduct has damaged the prospective contractual advantage enjoyed by Plaintiff with Customers and others.

50. As a proximate result of Bank's wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial, but in no event less than $10,000,000.00.

51. In doing the acts herein alleged, Bank acted with oppression, fraud, and malice. Bank's conduct shocks the conscience. Plaintiff is entitled to punitive damages in an amount subject to proof from Bank.

///

///

///

///

**FOURTH CAUSE OF ACTION**

(Willful Misconduct Against Bank)

52. Plaintiff repeats and realleges paragraphs 1 through 32 and 43-51, inclusive, and incorporates them herein by this reference.

53. Bank's conduct constitutes willful misconduct against Plaintiff.

54. As a proximate result of Bank's wrongful conduct, Plaintiff has been damaged in a sum according to proof at time of trial, but in no event less than $10,000,000.00.

55. In doing the acts herein alleged, Bank acted with oppression, fraud, and malice. Bank's conduct shocks the conscience. Plaintiff is entitled to punitive damages in an amount subject to proof from Bank.

**FIFTH CAUSE OF ACTION**

(For Violation of B & P Section 17200 Against Bank)

56. Plaintiff repeats and realleges paragraphs 1 through 29, 34 through 40, inclusive, and incorporates them herein by this reference.

57. Bank's conduct constitutes deceptive business practices within the meaning of Business and Professions Code Section 17200, et. seq.

58. Pursuant to Business and Professions Code Section 17203, an order should issue causing defendants to disgorge all monies received by Bank from Customers.

59. For each payment received by Bank, in violation of Business and Professions Code Section 17206.1, in addition to the

9

1  other remedies contained in this complaint, a civil penalty in the

2  sum of $2500.00 per violation should issue against Bank.

3

4  ## SIXTH CAUSE OF ACTION

5  (For Negligence Against Bank)

6  60. Plaintiff repeats and realleges paragraphs 1 through 22

7  inclusive, and incorporates them herein by this reference.

8  61. At all relevant times, Bank owed Plaintiff a duty of care

9  to, among other things, not misrepresent Plaintiff's relationship

10  with the Bank and the Unaffiliated Companies.

11  62. Bank breached its duty of care to Plaintiff by, among

12  other things, making the Demand, not retracting it, and by taking

13  possession of monies properly belonging to Plaintiff.

14  63. As a proximate result of Bank's wrongful conduct,

15  Plaintiff has been damaged in a sum according to proof at time of

16  trial, but in no event less than $10,000,000.00.

17

18  ## SEVENTH CAUSE OF ACTION

19  (For Declaratory Relief Against All Defendants)

20  64. Plaintiff repeats and realleges paragraphs 1 through 29,

21  34 through 40, and incorporates them herein by this reference.

22  65. A judicial determination is necessary to ascertain the

23  rights of the parties, including but not limited to the

24  relationship between the Bank and Plaintiff, and the Demand.

25  ///

26  ///

27  ///

28  ///

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH CAUSE OF ACTION

(For Breach of Oral Contract Against Customers)

66. Plaintiff repeats and realleges paragraphs 1 through 22, inclusive, and incorporates them herein by this reference.

67. During the last two years, Plaintiff on the hand, and Customers on the other, orally agreed that in consideration of Plaintiff shipping goods to Customers, Customers would pay Plaintiff upon receipt of the goods and an invoice.

68. Pursuant to this oral agreement, Plaintiff shipped goods and sent invoices to Customers. The following amounts are owed by the following Customers to Plaintiff as a result of Plaintiff shipping them goods and invoicing them pursuant to the oral contracts:

     a. PRF and Munchies: $1732.94;

     b. JN, AC, and GK: $1100.20;

     c. AH, JH, and Market: $1438.42; and,

     d. Berri: $1500.00.

69. Customers, including PRF, Munchies, JN, AC, GK, AH, JH, Market, and Berri refuse to pay Plaintiff the monies owing to Plaintiff based upon their receipt of the Demand.

70. Customers are in breach of their oral agreements with Plaintiff.

71. Despite repeated demand, Customers have failed to pay and continue to fail to pay Plaintiff said monies owing.

72. Plaintiff has performed all promises, covenants, and conditions on its part to be performed, except those promises, covenants and conditions whose performance are excused by Customers' wrongful conduct.

11

---

Complaint

73. As a proximate result of defendants' wrongful conduct, Plaintiff has been damaged in amounts subject to proof, together with interest accruing thereon at the maximum legal rate from the date of each breach to the present.

## NINTH CAUSE OF ACTION

(Common Count: For Goods Had and Received Against Customers)

74. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

75. During the last three years, Plaintiff shipped goods to Customers, who promised to pay for them.

76. As set forth below, the following persons became indebted to Plaintiff in the following respective amounts:

 a. PRF and Munchies: $1732.94;

 b. JN, AC, and GK: $1100.20;

 c. AH, JH, and Market: $1438.42; and,

 d. Berri: $1500.00.

77. Plaintiff has demanded payment from the Customers in the amounts set forth in the preceding paragraph. Despite repeated demands therefor, there remains due, owing and unpaid by Customers to Plaintiff in the amounts, respectively as set forth in the preceding paragraph, together with interest thereon at the maximum legal rate.

## TENTH CAUSE OF ACTION

(Common Count: Account Stated Against Customers)

78. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

12

79. Within the past three years, an account was stated in writing by Plaintiff to the following customers in the following respective amounts:

      a. PRF and Munchies: $1732.94;

      b. JN, AC, and GK: $1100.20;

      c. AH, JH, and Market: $1438.42; and,

      d. Berri: $1500.00.

80. Plaintiff has demanded payment from the Customers in the amounts set forth in the preceding paragraph. Despite repeated demands therefor, there remains due, owing and unpaid by Customers to Plaintiff in the amounts, respectively as set forth in the preceding paragraph, together with interest thereon at the maximum legal rate.

## ELEVENTH CAUSE OF ACTION

(Common Count: Open Book Account Against Customers)

81. Plaintiff repeats and realleges paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

82. Within the past three years, Plaintiff shipped goods to Customers, who promised to pay for these goods upon receipt of an invoice.

83. Within the past three years, Customers, as set forth below, have became indebted to Plaintiff for the balance of an open book account for goods as follows:

      a. PRF and Munchies: $1732.94;

      b. JN, AC, and GK: $1100.20;

      c. AH, JH, and Market: $1438.42; and,

      d. Berri: $1500.00.

13

1    84. Plaintiff has demanded payment from the Customers in the

2    amounts set forth in the preceding paragraph. Despite repeated

3    demands therefor, there remains due, owing and unpaid by Customers

4    to Plaintiff in the amounts, respectively as set forth in the

5    preceding paragraph, together with interest thereon at the maximum

6    legal rate.

7

8                          **TWELFTH CAUSE OF ACTION**

9                  (For An Accounting Against All Defendants)

10    85. Plaintiff repeats and realleges paragraphs 1 through 22

11    inclusive, and incorporates them herein by this reference.

12    86. An accounting of the Defendants' books and records is

13    necessary to ascertain the amount of Plaintiff's receivables which

14    Bank has collected from Customers arising out of the Demand.

15

16                         **THIRTEENTH CAUSE OF ACTION**

17                         (Conversion Against Bank)

18    87. Plaintiff repeats and realleges paragraphs 1 through 22

19    inclusive, and incorporates them herein by this reference.

20    88. From in or about December 2007 to the present, Bank

21    converted Plaintiff's monies to its own use which were paid by Bank

22    from Customers as a result of the Demand.

23    89. As a proximate result of defendants' wrongful conduct,

24    Plaintiff has been damaged in a sum according to proof at time of

25    trial.

26    90. In doing the acts herein alleged, Bank acted with

27    oppression, fraud, and malice. Bank's conduct shocks the

28

14

Complaint

1    conscience. Plaintiff is entitled to punitive damages in an amount

2    subject to proof from Bank.

3

4                        **FOURTEENTH CAUSE OF ACTION**

5              (For Imposition of Resulting Trust Against Bank)

6         91. Plaintiff repeats and realleges paragraphs 1 through 22

7    and 88 through 89, inclusive, and incorporates them herein by this

8    reference.

9         92. From in or about December, 2007 to the present, Bank has

10   improperly received monies belonging to Plaintiff from Plaintiff's

11   customers.

12        93. Bank should be declared by this Court to be an involuntary

13   trustee of a resulting trust containing the monies which Plaintiff

14   is entitled to receive which are being wrongfully held by Bank.

15

16                        **FIFTEENTH CAUSE OF ACTION**

17            (For Imposition of Constructive Trust Against Bank)

18        94. Plaintiff repeats and realleges paragraphs 1 through 22

19   and 88 through 89, inclusive,  inclusive, and incorporates them

20   herein by this reference.

21        95. From in or about December, 2007 to the present, Bank has

22   improperly received monies belonging to Plaintiff from Plaintiff's

23   customers.

24        96. Bank should be declared by this Court to be an involuntary

25   trustee of a constructive trust containing the monies which

26   Plaintiff is entitled to receive which are being wrongfully held by

27   Bank.

28   ///

                                   15

                          _____

1    WHEREFORE, Plaintiff prays for judgment as follows:

2    1. For compensatory damages subject to proof;

3    2. For disgorgement and statutory penalties under B & P 17200

4    et. seq.;

5    3. For punitive damages subject to proof;

6    4. For interest, including prejudgment interest at the legal

7    rate;

8    5. For imposition of a resulting trust;

9    6. For imposition of a constructive trust;

10    7. For an accounting;

11    8. For costs; and

12    9. For such other relief that may be just and proper.

13

14    Dated: March /6    , 2008    ROBERT W. HIRSH & ASSOCIATES

15

16    By: Robert W. Hirsh

17    Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

16

EXHIBIT A



Headquarters • 565 Fifth Avenue  New York New York 10017 • toll-free phone 866 sigline • www.signatureny.cor

January 2, 2008

By Facsimile or Overnight Courier
Attn: Owner Or A/P Manager
Pizza Maven
140 North Labrea Avenue.
Los Angeles, CA 90046

> Re:    Ahava Food Corp.
>        St. Lawrence Food Corp.
>        Lewis County Dairy Corp.
>        Schwartz & Sons Quality Distributions, Inc.
>        Yoni Realty LLC

Dear Sir or Madam:

Please be advised that pursuant to (1) a Security Agreement, dated as of August 22, 2005 by and among Ahava Food Corp ("Ahava"), St. Lawrence Food Corp. ("SLF"), Lewis County Dairy Corp. ("LCD") Yoni Realty LLC ("Yoni") and Signature Bank (the "Lender"): (2) a Continuing General Security Agreement, dated as of October 7, 2005 by and between LCD and the Lender; (3) a Continuing General Security Agreement, dated as of March 28, 2006, by and between LCD and the Lender; (4) a Continuing General Security Agreement, dated as of March 28, 2006, by and between Ahava and the Lender; (5) a Continuing General Security Agreement, dated as of March 28, 2006, by and between SLF and the Lender; and (6) a Security Agreement dated as of August 27, 2007 by and among Ahava, SLF, LCD, and Schwartz & Sons Quality Distributors, Inc. ("Schwartz"), Ahava, SLF, LCD, Yoni and Schwartz granted to Lender a Uniform Commercial Code security interest and assignment in all of their accounts receivable (past, present, and future).

Pursuant to the aforementioned security agreements and applicable law, Lender is now entitled to receive any and all payments now or hereafter due to Ahava, SLF, LCD, Yoni, and/or Schwartz. Moreover, Lender has recently learned that the owners of Ahava, SLF, LCD, Yoni and Schwartz have been improperly invoicing customers under other names. Accordingly, Lender is entitled to receive all payments due to any other entity believed by you to be affiliated with any of Ahava, SLF, LCD, Yoni or Schwartz including, without limitation, entities known as Ahava of California and Ahava National Food Distribution (such other entities are hereinafter referred to as the "Transfer Affiliates", and the Transfer Affiliates are herein referred to together with Ahava, Yoni, SLF, LCD and Schwartz as the "Debtors").

HF 3891168v.2 #06406/0023

Please be advised that pursuant to Uniform Commercial Code Sections 9-406(a) and 9-607(a)(1), Lender is notifying you to immediately make payment to Lender of all amounts on any receivable due to any of the Debtors. All checks are to be made payable to Signature Bank. Accordingly, effective immediately, please forward all payments due on your accounts with any of the Debtors directly to us at the following address:

> Signature Bank
> Account No. 1500957634
> 565 Fifth Avenue
> New York, NY 10017
> Attn: Robert A. Bloch

Please be advised that under the law, if you withhold payment or make payment to anyone other than Lender at the address set forth above, you will nonetheless remain liable to Lender for such amounts.

If you have any questions regarding the foregoing instructions, please contact the undersigned at (646) 822 - 1827. Thank you for your prompt attention to this matter.

SIGNATURE BANK

By: _____
Name: Robert A. Bloch
Title:  Senior Vice President

*Signature*

eadquarters • 565 Fifth Avenue New York New York 10017 • toll-free phone 866 sigline • www.signatureny.com

December 24, 2007

### By Facsimile or Overnight Courier

Pico Cafe
8944 West Pico Blvd
Los Angeles, CA 90035

Re:    Ahava Food Corp.
       St Lawrence Food Corp.
       Lewis County Dairy Corp.
       Schwartz & Sons Quality Distributions, Inc.
       Yoni Realty LLC

Dear Sir or Madam:

Please be advised that pursuant to (1) a Security Agreement, dated as of August 22, 2005 by and among Ahava Food Corp ("Ahava"), St. Lawrence Food Corp. ("SLF"), Lewis County Dairy Corp. ("LCD") Yoni Realty LLC ("Yoni") and Signature Bank (the "Lender"); (2) a Continuing General Security Agreement, dated as of October 7, 2005 by and between LCD and the Lender; (3) a Continuing General Security Agreement, dated as of March 28, 2006, by and between LCD and the Lender; (4) a Continuing General Security Agreement, dated as of March 28, 2006, by and between Ahava and the Lender; (5) a Continuing General Security Agreement, dated as of March 28, 2006, by and between SLF and the Lender; and (6) a Security Agreement dated as of August 27, 2007 by and among Ahava, SLF, LCD, and Schwartz & Sons Quality Distributors, Inc. ("Schwartz"), Ahava, SLF, LCD, Yoni and Schwartz granted to Lender a Uniform Commercial Code security interest and assignment in all of their accounts receivable (past, present, and future).

Pursuant to the aforementioned security agreements and applicable law, Lender is now entitled to receive any and all payments now or hereafter due to Ahava, SLF, LCD, Yoni, and/or Schwartz. Moreover, Lender has recently learned that the owners of Ahava, SLF, LCD, Yoni and Schwartz have been improperly invoicing customers under other names. Accordingly, Lender is entitled to receive all payments due to any other entity believed by you to be affiliated with any of Ahava, SLF, LCD, Yoni or Schwartz including, without limitation, entities known as Ahava of California and Ahava National Food Distribution (such other entities are hereinafter referred to as the "Transfer Affiliates", and the Transfer Affiliates are herein referred to together with Ahava, Yoni, SLF, LCD and Schwartz as the "Debtors").

HF 389116v.2 #064#06#0023

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Robert W. Hirsh, SBN No. 102731
Robert W. Hirsh & Associates
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211

TELEPHONE NO.: 310-275-7800   FAX NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 17 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

CASE NAME: Ahava of California, LLC v. Signature
Bank, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC387480 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
a. [1] monetary   b. [2] nonmonetary; declaratory or injunctive relief   c. [4] punitive

4. Number of causes of action *(specify)*: 16

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015).*

Date: March 6 , 2008

Robert W. Hirsh, SBN No. 102731
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

| SHORT TITLE: Ahava of California, LLC | CASE NUMBER BC387480 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? [ ] YES    LIMITED CASE? [ ] YES    TIME ESTIMATED FOR TRIAL 7 ___ HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Ahava of California, LLC | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2.,6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin section labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | Ahava of California, LLC | | CASE NUMBER | |
|---|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2, 9. |
| | | ☐ A6160  Abstract of Judgment | 2, 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2, 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2, 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2, 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2, 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Ahava of California, LLC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, o
other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selecte

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 111 North Hill Street |
|---|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY: Los Angeles | STATE: CA   ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Central
_____ courthouse in the Central _____ District of the Los Angeles Superior Court
(Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: March 10, 2008

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Robert W. Hirsh

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ — BC387480

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Judicial officer not yet assigned | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
|  |  |  | Other |  |  |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE**



*from the*
### LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

## *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

♦ **ENE can reduce litigation time and costs and promote settlement.**

♦ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

♦ **ENE is voluntary and confidential.**

♦ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

♦ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at <u>www.lasuperiorcourt.org/adr</u>*

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**  A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**  A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**  A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**  A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**  Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**  Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN**<br>**ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

# EXHIBIT 3

## Bloch, Robert

| | |
|---|---|
| **From:** | Ahavafood@aol.com |
| **Sent:** | Sunday, February 03, 2008 7:37 PM |
| **To:** | Bloch, Robert |
| **Subject:** | (no subject) |
| **Attachments:** | pFax_03Feb2008_10-19-24.pdf |

Rob,

As per our previous conversation on the subject of AEG, the judgement is against Ahava Food Corp.,Ahava Dairy,  Myself as well as Lewis County Dairy. The original law suit was for $8.8M with interest we are talking about $13M.

The problem is that a judgment for $13M would damage our asset and your collateral.  AEG just like M&I will serve all of our customers demanding payments. As of now the customers are really mixed up, they got letters from you as well as M&I demanding payment.  By next week they will be getting collection letters from AEG as well. It would also make it really difficult to  refinance, as there would be a question as to who owns what. At  the end of the day, nothing will be left to distribute.

Accordingly I have engaged  attorneys to find a way out, and the good news is that I have struck a deal which would remove the threat.

Under the agreement that they worked out Lewis County dairy,Ahava Dairy  as well as myself personally will get a judgment of $3.5M. Ahava Food $350,000 and cash pay out of $250,000. They want that My family's company Ahava of California to guarantee the Cash.

I assume my family will end up paying the AFC debt as well.

My mother however does not want any further family fund used to benefit the bank  as the bank has communicated to the customers that it has a secured position on AOC and is eyeing AOC as a source to recuperate it's potential loss. She is concerned that if things dont work out her current investment on Ahava of California will be jeopardized.

You know very well that Signature has no position what so ever on AOC. Never did.

Please draft a letter stating the fact that Signature does not have a security interest in AOC. Please make the letter as strong as possible to give full comfort to my family that the bank has no ill intention here. Without such a clear positioning of the bank's intent, I will have no way of satisfying AEG's demand and AEG will get their full judgment of $13M on AFC.

I understand that there are issues. But I dont think it is possible to solve all our problems at one time. AEG and their trustees will look at a $13M judgment large enough to pursue.

I will have a factor in place hopefully within 20 days. I have also made a private arrangement to

give 25% of AFC /SSQD to my family in lieu of them releasing their AR for the deal. With AEG judgment, we will be back at square one.

I do not know how much time I have, But I believe, this has to be done today.

Please advise as soon as possible. Attach find the proposal.

Thanks

Moise

---

Who's never won? Biggest Grammy Award surprises of all time on AOL Music.

4/8/2008

# EXHIBIT 4

**Bloch, Robert**

**From:**     Ahavafood@aol.com
**Sent:**     Saturday, March 08, 2008 9:26 PM
**To:**        Bloch, Robert
**Subject:** Fwd: My mother's suggestion

From: Ahavafood
To: RBloch@signatureny
Sent: 3/8/2008 9:25:08 P.M. Eastern Standard Time
Subj: My mother&apos;s suggestion

Rob,

Here is a translation of my mothers letter to the bank, Let me know what you think and I will correspond back to her. She is 81 years old but still has very clear mind and is full of energy. Her solution is acceptable to my brother who is the owner of AOC. She is the key to make my brother do this. Under her suggestion, AOC will accept a debt of 2.1M on itself without Signature giving up any of it's rights. Obviously upon full payment, my debt is reduced accordingly. She wants to distant AOC from my companies as much as possible and than finance and sell all the entities.  she is talking about AOC and not SSQD AR.

I am continuing with Working Capital solutions (Bob Blenderman) none the less, They are having a meeting this Tuesday.  Thanks  Moise

*Dear Sir,*

*The current situation between us will eventually lead you to sue my company and in the end both you and I will lose regardless of the winner. Our already damaged account receivable will disappear and you will destroy any chance of either of us realizing the fruit of our investment.*

*I would like to suggest a solution that I believe will save the day, and I have Aaron's agreement to cooperate. He has agreed that it is cheaper to settle rather than fight.*

*It is my understanding that at the best scenario today AOC will get 80 to 85% financing on it's receivable which you are demanding full turn over to you. Accordingly the bank will get at best $2.1M.  This number obviously will deteriorate due to your actions restricting our ability to sell.*

*My suggestion is that Aaron agree to pay you this sum in a 3 years term loan balloon 9 month. The 9 month will give time to AOC to seek financing without involvement of Moshe's companies. In addition as you are aware, we are selling the company, but I believe this will take time and also the valuation will be higher if the company has an agreement in place*

4/8/2008

*with you. The nine month is a realistic time to achieve both objectives.*

*AOC is a clean company and it is a mistake to connect it to the Moshe's companies as they all have massive lawsuits and judgments. Also, I do not think Moshe today with millions of dollars of judgment against him would be able to enter the financial world. Aaron has a good record, he has run his company very successfully during the last decade and will be able to deliver and eventually help his brother get back on his feet.*

*With the holiday of Passover approaching, time is of essence. and I prey that God will enlighten you to make the right decision in this matter.  All the best to you and your family  Mrs. Banayan.*

---

It's Tax Time! Get tips, forms and advice on AOL Money & Finance.

---

It's Tax Time! Get tips, forms and advice on AOL Money & Finance.

# EXHIBIT 5

Mara B. Levin, Esq.
David Feuerstein, Esq.
John Oleske, Esq.
Attorneys for Plaintiff
   Signature Bank
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Email: *mlevin@herrick.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

SIGNATURE BANK,                                    :
                                                   :
                              Plaintiff,           :     08 Civ. 3893 (NRB)
                                                   :
           - against -                             :
                                                   :
AHAVA FOOD CORP. d/b/a NORTH COUNTRY               :
CHEESE CORP., LEWIS COUNTY DAIRY CORP.,            :   **DECLARATION OF**
ST. LAWRENCE FOOD CORP. d/b/a PRIMO               :   **ROBERT BLOCH**
FOODS, YONI REALTY, LLC, SCHWARTZ AND             :
SONS QUALITY DISTRIBUTORS, INC., MOISE            :
BANAYAN, ANA BANAYAN a/k/a CHANA                  :
BANAYAN, REBECCA BANAYAN a/k/a                     :
REBECCA BARIMYAN a/k/a REBECCA                     :
BANAYAN-LIEBERMAN, FARIBORZ BANAYAN               :
a/k/a AARON BANAYAN, RUBEN BEITYAKOV,             :
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a          :
AHAVA NATIONAL FOOD DISTRIBUTOR and               :
NORTH COUNTRY MANUFACTURING, and                  :
JOHN DOES 1 through 50,                            :
                                                   :
                              Defendants.          :
------------------------------------------------------------ x

ROBERT BLOCH, hereby declares the following under penalty of perjury:

        1.    I am a Senior Vice President of defendant Signature Bank ("Signature" or

"the Bank") and, in that capacity, I have personal knowledge of the facts set forth herein unless

stated upon information and belief. I submit this affidavit in support of Signature's motion for

interim relief in the form of: (i) a continuation of the state court's Temporary Restraining Orders

and/or their conversion into Preliminary Injunctions; and (ii) a receivership over all of the corporate defendants.

2.    Specifically, I write to provide the Court with additional facts that have developed since Signature last sought interim relief from the state court, and which facts further evidence the need for the requested orders.

3.    On April 24, 2008, the state court entered a Temporary Restraining Order (the "Order") directing "the Judgment Debtors and/or any Ahava Entity" to provide Signature with "full and immediate" access to the collateral securing Signature's loan, and, in turn, its judgment against certain of the corporate defendants (the "Judgment Debtors"). This Order simply ratified, and commanded defendants' compliance with, Signature's unconditional right to inspect the collateral, as set forth in the Security Agreement with the Judgment Debtors. (*See* Exhibit E to the Amended Complaint.)

4.    On the morning of Friday, April 25, 2008, I traveled to defendants' place of business at 96-110 Beard Street, Brooklyn, New York (the "Premises"), to conduct an inspection of the Judgment Debtors' collateral, in accordance with the Order and the Security Agreement. Accompanying me were Ted Gibbons, one of Signature's collateral-examination consultants, and Eric Beltram, one of Signature's information technology consultants.

5.    Mr. Gibbons and I arrived at the Premises at 8:00 a.m., and rang the doorbell. Nobody answered the door although a recorded message played through the intercom stated that office hours on Friday are 9:00 a.m. to 2:00 p.m.

6.    Getting no answer at the front door, we proceeded to the loading dock, which was already active with vehicular traffic. (Mr. Beltram met us at the loading dock.) There, we encountered a man who admitted to being employed by defendant Ahava National Food Distributor, but who would not give his name (the "Employee"). I told the Employee that

2

we were there to inspect the Judgment Debtors' collateral, pursuant to an Order of the Court, of which I showed him a copy.

7.     The Employee stated that he was not authorized to grant us access to the Premises.  I asked if I could speak to a manager, and the Employee responded that he would make a telephone call.  He proceeded to walk away from us, make a call from his cell phone and returned shortly telling us that no one had picked up his call.

8.     I then called defendant Moise Banayan on his cell phone to tell him where I was and that I wanted to get access to the Premises.  Mr. Banayan told me that he was no longer employed by the business, did not own the business, and could not assist us in gaining entry to the Premises.  He then told me that the books and records were located in his home.

9.     We again asked the Employee if he would allow us access and he walked a distance away from us to make another phone call.  When the Employee returned, he informed us that he had spoken to "Aaron" (presumably Aaron Banayan, the President of Ahava of California LLC d/b/a Ahava National Food Distributors), and that Aaron had said the office was "closed" and that we would not be granted access despite the Order and asked us to leave the Premises and return to the public street.  We complied with this request.  Shortly thereafter, all of the gates to the loading dock were closed, along with the gate to the parking lot.

10.    Notably, despite the Employee's statement that the Premises were "closed", from the time we arrived until the gates were closed at around 9:45 a.m., I observed several trucks enter the loading dock to load product onto their trucks and about five different individuals scan ID cards at a reader located by the loading-dock entrance to the Premises and go inside.  It appeared to me that some of these people were administrative personnel, and some were loading dock or warehouse personnel.

3

11.     When I was first refused access to the Premises, I telephoned Thomas Kasulka, a Senior Vice President of Signature with personal knowledge of Signature's proceedings to enforce the $9.3 million judgment against the Judgment Debtors, and explained the situation.  He advised me he would both call the Bank's legal counsel and would see if he could get the local precinct involved in assisting us to gain access.  As a result of his efforts, around 1:30 p.m., a police car came to the Premises.  I showed one of the police officers a copy of the Order and the other rang the front doorbell, which was not answered. The police then proceeded to walk around the Premises but no one came out of the building.  They then informed me that the court order didn't permit them to gain forceful entry to the Premises and that they could only get involved if there was criminal conduct.

12.     During the time I was there, I observed approximately seven trucks pulling in and out of the loading dock, an additional five or so vehicles entering and leaving the parking lot adjacent to the loading dock, and people entering the building.  (Photographs of some of these trucks and other vehicles are attached as Exhibit A.)  Indeed, even after the Employee closed the gates to the loading dock, I observed him reopen the gates to allow numerous trucks access to the loading docks.

13.     Signature respectfully submits that defendants' defiance of the Order further evidences the need for a receiver over any entities claiming to be in possession or control of the assets pledged to Signature as collateral.

Pursuant to 28 U.S.C §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 7, 2008
New York, New York

_____
                    Robert Bloch

# EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

     MOISE BANAYAN,

               Debtors,

Case No.  08-60954
Chapter 11
AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE

---

MOISE BANAYAN,

               PLAINITFF

      v.

SIGNATURE BANK,

            DEFENDANT.

ADV. PRO. NO.

---

DAVID P. ANTONUCCI, ESQ., being duly sworn, states as follows:

1.     I am the Attorney for the Debtor in respect to the above captioned action.

2.     I make this affidavit in support of the proposed order to show cause seeking certain relief pursuant to 11 USC 105 and other remedies.  An adversarial action is being filed in conjunction herewith.  The complaint is attached hereto as Exhibit "A".

3.     This order to show cause seeks co-debtor prohibiting Signature Bank from acting against any of the Defendants in the attached complaint except Ahava of California, LLC and its related entities.

4.     An action entitled Signature Bank v. Ahava Food Corp., Lewis County Dairy Corp. et. al. in the Supreme Court, State of New York, County of New York Index No. 600959/2008.  The complaint is attached hereto as Exhibit "B".

5.    Signature is the primary secured lender of the debtor. An individual engaged in the production, development and distribution of Kosher dairy products throughout the United States; and with facilities throughout the State of New York.

.6.    As Exhibit "B" indicates, Signature possesses a substantial secured claim against the debtor's assets and those of his corporations as well as judgment in the approximate amount of $10,000,000.00.

7.    In addition, the Defendant has scheduled a sale of substantially all of the personal property of the corporate Defendants. See Exhibit "C".

8.    The debtor is the sole shareholder of the corporate Defendants in the State Court action (collectively the "corporate Defendants"). The debtor does not control Ahava of California, LLC and Ahava National Food Distributors.

9.    The corporations are the sole substantial asset of the debtor and from which he derives all income. The corporations are the sole assets with which the debtor may reorganize.

10.    The assets of the defendant corporations, at liquidation value, have a value of approximately $3,500,000.00 exclusive of interests the real property of Yoni realty, LLC.

11.    In addition, countless competing security interests exist with respect to these assets. Ahava of California claims rights in the property as a lessee and various purchase money security interests exist in individual items of the collateral.

12.    It is the clear, stated intention of Signature Bank to sell the corporate Defendants as going concerns. The same will effectively thwart the reorganization of the debtor.

13.    The debtor is the sole officer, director and shareholder and has limited personal time and ability to contest these actions.

14.    The continuation of the action and sale of the assets will interfere and hopelessly undermine the debtor's reorganization for a variety of reasons/

15.    First, the sale of the assets will trigger additional claims by numerous other creditors including Valley Bank, CIT Corp. and others who hold security interests in the assets. Otherwise, these creditors may be adequately or at least largely secured. The debtor has secured all these claims.

16.    Notably, these competing creditors are not noticed in the action or, upon information and belief, noticed of the sale.

17.    The source of the debtor's income will probably cease to exist.

18.    The debtor intends to file an adversarial action against the Defendant, in addition to this action, for various lender liability claims that my offset the debt.

19.    The debtor is a single individual and defense of the action as well as addressing multiple Chapter 11 filings may prove a difficult if not impossible task; as opposed to addressing all issues under the umbrella of this action.

20.    The filing of the corporations may cause a dramatic loss of goodwill with customers, trade vendors and diminution of trade value. These assets should be preserved.

21.    The filing of a bankruptcy related to the trade names of the corporations will interfere with the corporate value.

22.    The corporations, considering their good-will, should be protected. Signature has no desire to liquidate the same, but, instead, preserve these entities for sale as a going concern. So does the debtor. A filing of a bankruptcy petition for the corporations will only thwart the same.

23.    As such, the court should stay any action by Signature against the Corporate Defendant.

24.    In the alternative, the stay should be granted for a period of ten days to allow the filing of Chapter 11 petitions for those corporations and consolidation of the action.

25.    Negotiation only recently failed and this is an emergency filing. The debtor should be allowed to file for the corporations in order to preserve the asset for the good of all creditors.

26.    Signature may seek adequate protection or relief pursuant to 11 USC 362. However, it is not prejudiced by the relief sought; especially as its intention is to preserve going concern value.

Wherefore, the deponent requests that the court issue an Order of Show Cause attached hereto and further relief as the court finds just and proper.

David P. Antonucci

Sworn to me this
day of April, 2008.

Notary Public

JUDY McDONALD
NOTARY PUBLIC, STATE OF NEW YORK
REG. NO. 01MC6108449
QUALIFIED IN JEFFERSON COUNTY
COMMISSION EXPIRES 4/19/ 2012

# EXHIBIT 7

D&B Comprehensive Report: AHAVA OF CALIFORNIA, LLC                    Page 1 of 13



Decide with Confidence

## Comprehensive Report

📄 Print this Report

ATTN: **LexisNexis**                                    Report Printed: APR 22 2008

# Overview

**BUSINESS SUMMARY**

**AHAVA OF CALIFORNIA, LLC**
**908 Rose Ave**
**Venice, CA 90291**

**D&B D-U-N-S Number:**    09-280-8075

This is a **headquarters** location.
Branch(es) or division(s) exist.

Mailing address: PO Box 310648
Brooklyn, NY 11231

**Telephone:**         310 450-9669

**Manager:**           FARIBORZ BANAYAN, MBR

**Year started:**      2000

**Employs:**           155 (5 here)

**Sales E:**           $18,000,000
**History:**           CLEAR
**SIC:**               5143
                       5149

**Line of business:**  Whol dairy products, whol groceries

**Credit Score Class:  2**
Moderate risk of severe payment delinquency over next 12 months



**Financial Stress Class:  1**
Low risk of severe financial stress over the next 12 months



**12-Month D&B PAYDEXÂ®:  79**
When weighted by dollar amount, payments to suppliers average 2 days beyond terms.



**D&B Rating:**                1R3
**Number of employees:**       1R is **10 or more** employees.

**Composite credit appraisal:**    3 is **fair.**

☑ **D&B EXCLUSIVE**

**EXECUTIVE SUMMARY**

The **Financial Stress Class of 1** for this company shows that firms with this classification had a failure rate of

1.2% (120 per 10,000), which is lower than the average of businesses in D&B's database

The **Credit Score class of 2** for this company shows that 4.6% of firms with this classification paid one or more bills severely delinquent, which is lower than the average of businesses in D&B's database.

| Predictive Scores | This Business | Comments |
|---|---|---|
| Financial Stress Class | 1 | Failure Rate lower than the average of businesses in D&B's database |
| Financial Stress Score | 1480 | Highest Risk: 1,001; Lowest Risk: 1,875 |
| Credit Score Class | 2 | Probability of Severely Delinquent Payment is lower than the average of businesses in D&B's database. |
| Credit Score | 524 | Highest Risk: 101; Lowest Risk: 670 |

**Other Key Indicators**

| | | |
|---|---|---|
| PAYDEX Scores | 2 days beyond terms | Pays more promptly than the average for its industry of 3 days beyond terms |
| Industry Median | 3 days beyond terms | |
| Present management control | 8 years | |
| UCC Filings | UCC filing(s) are reported for this business | |
| Public Filings | No record of open Suit(s), Lien(s), or Judgment(s) in the D&B database | |
| History | Is clear | |

**CREDIT CAPACITY SUMMARY**

| D&B Rating: | 1R3 |
|---|---|
| Number of employees: | 1R indicates **10 or more** employees. |
| Composite credit appraisal: | 3 is fair. |

The 1R and 2R ratings categories reflect company size based on the total number of employees for the business. They are assigned to business files that do not contain a current financial statement. In 1R and 2R Ratings, the 2, 3, or 4 creditworthiness indicator is based on analysis by D&B of public filings, trade payments, business age and other important factors. 2 is the highest Composite Credit Appraisal a company not supplying D&B with current financial information can receive. For more information, see the D&B Rating Key.

| Sales: | $18,000,000 | Payment Activity: | |
|---|---|---|---|
| # of Employees Total: | 155 (5 here) | (based on 14 experiences) | |
| | | Average High Credit: | $14,603 |
| | | Highest Credit: | $45,000 |
| | | Total Highest Credit: | $190,600 |

Jump to:

Overview    |    Payments    |    Public Filings    |    History & Operations    |    Banking & Finance

# Scores ☑ **D&B EXCLUSIVE**

**FINANCIAL STRESS SUMMARY**

The Financial Stress Summary Model predicts the likelihood of a firm ceasing business without paying all creditors in full, or reorganization or obtaining relief from creditors under state/federal law over the next 12 months. Scores were calculated using a statistically valid model derived from D&B's extensive data files.

D&B Comprehensive Report: AHAVA OF CALIFORNIA, LLC                          Page 3 of 13

**Financial Stress Class: 1**

| High | Moderate | Low |
|------|----------|-----|
| 5    4 |    3    | 2    1 |

Low risk of severe financial stress, such as a bankruptcy, over the next 12 months.

**Incidence of Financial Stress**

Among Businesses with this Class:          1.20% (120 per 10,000)
Average of Businesses in D&B's Database: 2.60% (260 per 10,000)

**Financial Stress National Percentile: 94** (Highest Risk: 1; Lowest Risk: 100)

**Financial Stress Score: 1480** (Highest Risk: 1,001; Lowest Risk: 1,875)

The Financial Stress Score of this business is based on the following factors:

- 3% of trade dollars indicate slow payment(s) are present.
- Control age or date entered in D&B files indicates higher risk.
- Payment experiences exist for this firm which are greater than 60 days past due.

**Notes:**

- The Financial Stress Class indicates that this firm shares some of the same business and financial characteristics of other companies with this classification. It does not mean the firm will necessarily experience financial stress.
- The Incidence of Financial Stress shows the percentage of firms in a given Class that discontinued operations with loss to creditors. The Average Incidence of Financial Stress is based on businesses in D&B's database and is provided for comparative purposes.
- The Financial Stress National Percentile reflects the relative ranking of a company among all scorable companies in D&B's file.
- The Financial Stress Score offers a more precise measure of the level of risk than the Class and Percentile. It is especially helpful to customers using a scorecard approach to determining overall business performance.
- All Financial Stress Class, Percentile, Score and Incidence statistics are based on sample data from 2004.



| Norms | National % |
|-------|-----------|
| This Business | 94 |
| Region: **PACIFIC** | 50 |
| Industry: **WHOLESALE** | 58 |
| Employee Range: **100-499** | 99 |
| Years in Business: **6-10** | 37 |

Region=PACIFIC
Industry=WHOLESALE
Employee Range=100-499
Years in Business=6-10

This business has a Financial Stress Percentile that shows:

D&B Comprehensive Report: AHAVA OF CALIFORNIA, LLC                    Page 4 of 13

- Lower risk than other companies in the same region.
- Lower risk than other companies in the same industry.
- Higher risk than other companies in the same employee size range.
- Lower risk than other companies with a comparable number of years in business.

**CREDIT SCORE CLASS SUMMARY**

The Credit Score Class predicts the likelihood of a firm paying in a severely delinquent manner (90+ Days Past Terms) over the next twelve months. It was calculated using statistically valid models and the most recent payment information in D&B's files.

**Credit Score Class: 2**

| High | Moderate | Low |
|------|----------|-----|
| 5  4 | 3 | 2  1 |

Moderate risk of severe payment delinquency over next 12 months.

**Incidence of Delinquent Payment**

Among Companies with this Class:                    4.60%
Average Compared to Businesses in D&B's Database: 20.10%

**Credit Score Percentile: 84** (Highest Risk: 1; Lowest Risk: 100)

**Credit Score: 524** (Highest Risk: 101; Lowest Risk: 670)

The Credit Score of this business is based on the following factors:

- No record of open lien(s), or judgment(s) in the D&B files.
- Business does not own facilities.

**Notes:**

- The Credit Score Class indicates that this firm shares some of the same business and payment characteristics of other companies with this classification. It does not mean the firm will necessarily experience delinquency.
- The Incidence of Delinquent Payment is the percentage of companies with this classification that were reported 90 days past due or more by creditors. The calculation of this value is based on an inquiry weighted sample.
- The Percentile ranks this firm relative to other businesses. For example, a firm in the 80th percentile has a lower risk of paying in a severely delinquent manner than 79% of all scorable companies in D&B's files.
- The Credit Score offers a more precise measure of the level of risk than the Class and Percentile. It is especially helpful to customers using a scorecard approach to determining overall business performance.
- All Credit Class, Percentile, Score and Incidence statistics are based on sample data from 2004.

| Norms | National % |
|-------|-----------|
| This Business | 84 |
| Region:<br>PACIFIC | 52 |
| Industry:<br>WHOLESALE | 60 |
| Employee Range:<br>100-499 | 75 |

D&B Comprehensive Report: AHAVA OF CALIFORNIA, LLC                    Page 5 of 13



Years in Business:    54
6-10

This business has a Credit Score Percentile that shows:

- Lower risk than other companies in the same region.
- Lower risk than other companies in the same industry.
- Lower risk than other companies in the same employee size range.
- Lower risk than other companies with a comparable number of years in business.

**Jump to:**    Overview    |    Scores    |    Public Filings    |    History & Operations    |    Banking & Finance

# Payments  ☑ D&B EXCLUSIVE

**PAYMENT TRENDS**

| | |
|---|---|
| Total Payment Experiences in D&B's File: | 14 |
| Payments Within Terms: (not dollar weighted) | 82% |
| Total Placed For Collection: | 0 |
| Average Highest Credit: | $14,603 |
| Largest High Credit: | $45,000 |
| Highest Now Owing: | $15,000 |
| Highest Past Due: | $1,000 |

| | | |
|---|---|---|
| Current PAYDEX is: | 79 | equal to 2 days beyond terms |
| Industry Median is: | 78 | equal to 3 days beyond terms |
| Payment Trend currently is: | ⟷ | unchanged, compared to payments three months ago |

Indications of slowness can be the result of dispute over merchandise, skipped invoices, etc. Accounts are sometimes placed for collection even though the existence or amount of the debt is disputed.

**PAYDEX Scores**

Shows the D&B PAYDEX scores as calculated on the most recent 3 months and 12 months of payment experiences.

The D&B PAYDEX is a unique, dollar weighted indicator of payment performance based on up to payment experiences as reported to D&B by trade references. A detailed explanation of how to read and interpret PAYDEX scores can be found at the end of this report.



**3-Month D&B PAYDEX: 79**
When weighted by dollar amount, payments to suppliers average 2 days beyond terms.

**12-Month D&B PAYDEX: 79**
When weighted by dollar amount, payments to suppliers average 2 days beyond terms.

Based on payments collected over last 3 months.

Based on payments collected over last 12 months.

## PAYDEX Yearly Trend

**12 Month PAYDEX Scores Comparison to Industry**

|  | 5/07 | 6/07 | 7/07 | 8/07 | 9/07 | 10/07 | 11/07 | 12/07 | 1/08 | 2/08 | 3/08 | 4/08 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| This Business | UN | UN | UN | UN | 74 | 74 | 77 | 77 | 76 | 79 | 79 | 79 |
| **Industry Quartiles** | | | | | | | | | | | | |
| Upper | | 80 | | 80 | | | 80 | | | 80 | | |
| Median | | 77 | | 77 | | | 78 | | | 78 | | |
| Lower | | 72 | | 72 | | | 73 | | | 72 | | |

Shows the trend in D&B PAYDEX scoring over the past 12 months.



**Last 12 Months**

Based on payments collected over the last 12 months.

- Current PAYDEX for this Business is 79, or equal to 2 days beyond terms
- The 12-month high is **79**, or equal to 2 days beyond terms
- The 12-month low is **unavailable**

## PAYDEX Comparison to Industry

D&B Comprehensive Report: AHAVA OF CALIFORNIA, LLC

Shows PAYDEX scores of this Business compared to the Primary Industry from each of the last four quarters. The Primary Industry is Whol dairy products, whol groceries, based on SIC code 5143.

**Quarterly PAYDEX Scores Comparison to Industry**

Previous Year

| This Business | 6/06 UN | 9/06 UN | 12/06 UN | 3/07 UN |
|---|---|---|---|---|
| Industry Quartiles | | | | |
| Upper | 80 | 80 | 80 | 80 |
| Median | 78 | 77 | 77 | 77 |
| Lower | 72 | 71 | 72 | 72 |

Current Year

| This Business | 6/07 UN | 9/07 74 | 12/07 77 | 3/08 79 |
|---|---|---|---|---|
| Industry Quartiles | | | | |
| Upper | 80 | 80 | 80 | 80 |
| Median | 77 | 77 | 78 | 78 |
| Lower | 72 | 72 | 73 | 72 |



**Last 12 Months**

Based on payments collected over the last 4 quarters.

| Score Comparison Key: | ▷ This Business | ▲ Industry upper quartile |
|---|---|---|
| | | ■ Industry median |
| | | ▼ Industry lower quartile |

- Current **PAYDEX** for this Business is **79**, or equal to 2 days beyond terms
- The present industry **median score** is **78**, or equal to 3 days beyond terms.

- Industry upper quartile represents the performance of the payers in the 75th percentile
- Industry lower quartile represents the performance of the payers in the 25th percentile

**Payment Habits**

For all payment experiences within a given amount of credit extended, shows the percent that this Business paid within terms. Provides number of experiences used to calculate the percentage, and the total dollar value of the credit extended.

| $ Credit Extended | % of Payments Within Terms | # Payment Experiences | $ Total Dollar Amount |
|---|---|---|---|



| | | |
|---|---|---|
| Over 100,000 | 0% | 0 | $0 |
| 50,000-100,000 | 0% | 0 | $0 |
| 15,000-49,999 | 100% | 5 | $165,000 |
| 5,000-14,999 | 78% | 3 | $22,500 |
| 1,000-4,999 | 0% | 1 | $1,000 |
| Under 1,000 | 96% | 4 | $1,350 |

Based on payments collected over the last 12 months.

Payment experiences reflect how bills are met in relation to the terms granted. In some instances, payment beyond terms can be the result of disputes over merchandise, skipped invoices, etc.

**PAYMENT SUMMARY**

The Payment Summary section reflects payment information in D&B's file as of the date of this report.

There are 14 payment experiences in D&B's file for the most recent 12 months, with 13 experiences reported during the last three month period.

Below is an overview of the company's dollar-weighted payments, segmented by its suppliers' primary industries:

| | Total Rcv'd (#) | Total Dollar Amts ($) | Largest High Credit ($) | Within Terms (%) | Days Slow <31 | 31-60 | 61-90 | 90> (%) |
|---|---|---|---|---|---|---|---|---|
| **Top industries:** | | | | | | | | |
| Radiotelephone commun | 2 | 550 | 500 | 91 | 0 | 0 | 0 | 9 |
| Excavation contractor | 1 | 45,000 | 45,000 | 100 | 0 | 0 | 0 | 0 |
| Electrical contractor | 1 | 40,000 | 40,000 | 100 | 0 | 0 | 0 | 0 |
| Ret computer/software | 1 | 35,000 | 35,000 | 100 | 0 | 0 | 0 | 0 |
| Short-trm busn credit | 1 | 25,000 | 25,000 | 100 | 0 | 0 | 0 | 0 |
| Whol durable goods | 1 | 20,000 | 20,000 | 100 | 0 | 0 | 0 | 0 |
| Truck rental/leasing | 1 | 10,000 | 10,000 | 50 | 50 | 0 | 0 | 0 |
| Lcl truck-w/o storage | 1 | 7,500 | 7,500 | 100 | 0 | 0 | 0 | 0 |
| Mfg frozen specialty | 1 | 5,000 | 5,000 | 100 | 0 | 0 | 0 | 0 |
| Mfg soap/detergents | 1 | 1,000 | 1,000 | 0 | 100 | 0 | 0 | 0 |
| Ret misc merchandise | 1 | 750 | 750 | 100 | 0 | 0 | 0 | 0 |
| Nonclassified | 1 | 50 | 50 | 100 | 0 | 0 | 0 | 0 |
| **Other payment categories:** | | | | | | | | |
| Cash experiences | 1 | 750 | 750 | | | | | |
| Payment record unknown | 0 | 0 | 0 | | | | | |
| Unfavorable comments | 0 | 0 | 0 | | | | | |
| **Placed for collections:** | | | | | | | | |
| With D&B | 0 | 0 | 0 | | | | | |
| Other | 0 | N/A | 0 | | | | | |
| Total in D&B's file | 14 | | 45,000 | | | | | |

The highest **Now Owes** on file is $15,000 The highest **Past Due** on file is $1,000

Accounts are sometimes placed for collection even though the existence or amount of the debt is disputed. Indications of slowness can be result of dispute over merchandise, skipped invoices, etc.

**PAYMENT DETAILS**

**Detailed payment history**

| Date Reported (mm/yy) | Paying Record | High Credit ($) | Now Owes ($) | Past Due ($) | Selling Terms | Last Sale Within (months) |
|---|---|---|---|---|---|---|
| 03/08 | Ppt | 25,000 | 15,000 | 0 | | 1 mo |
| | Ppt | 5,000 | 0 | 0 | N30 | 2-3 mos |
| | Ppt-Slow 30 | 10,000 | 2,500 | 100 | | 1 mo |
| | Slow 30 | 1,000 | 1,000 | 1,000 | N30 | 1 mo |
| | (005) | 750 | 0 | 0 | | 1 mo |
| Â | Â Cash own option. | | | | | |
| 02/08 | Ppt | 45,000 | 5,000 | 0 | N7 | 1 mo |
| | Ppt | 40,000 | 0 | 0 | N30 | 2-3 mos |
| | Ppt | 35,000 | 2,500 | 0 | N30 | 1 mo |
| | Ppt | 20,000 | 15,000 | 0 | N30 | 1 mo |
| | Ppt | 7,500 | 7,500 | 0 | N7 | 1 mo |
| | Ppt | 750 | 0 | 0 | N30 | 2-3 mos |
| 01/08 | Ppt | 500 | 500 | 0 | | 1 mo |
| | Slow 90+ | 50 | 50 | 50 | | 1 mo |
| 11/07 | Ppt | 50 | 50 | | | 2-3 mos |

Payment experiences reflect how bills are met in relation to the terms granted. In some instances payment beyond terms can be the result of disputes over merchandise, skipped invoices etc.

Each experience shown is from a separate supplier. Updated trade experiences replace those previously reported.

**Jump to:**

Overview    |    Scores    |    Payments    |    History & Operations    |    Banking & Finance

# Public Filings

**PUBLIC FILINGS**

The following data includes both open and closed filings found in D&B's database on the subject company.

| Record Type | # of Records | Most Recent Filing Date |
|---|---|---|
| Bankruptcy Proceedings | 0 | - |
| Judgments | 0 | - |
| Liens | 0 | - |
| Suits | 0 | - |
| UCC's | 2 | 04/10/2008 |

The following Public Filing data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.

**UCC FILINGS**

Collateral:                    All Inventory - All Account(s) - All General intangibles(s) - All Equipment - All

| | |
|---|---|
| | Chattel paper |
| Type: | Original |
| Sec. party: | BIBBY FINANCIAL SERVICES (MIDWEST), INC., DOWNERS GROVE, IL |
| Debtor: | AHAVA OF CALIFORNIA, LLC |
| Filing number: | 087142084276 |
| Filed with: | SECRETARY OF STATE/UCC DIVISION, SACRAMENTO, CA |
| | |
| Date filed: | 01/02/2008 |
| Latest Info Received: | 01/10/2008 |

| | |
|---|---|
| Type: | Termination |
| Sec. party: | BIBBY FINANCIAL SERVICES (MIDWEST), INC., DOWNERS GROVE, IL |
| Debtor: | AHAVA OF CALIFORNIA, LLC |
| Filing number: | 0871538030 |
| Filed with: | SECRETARY OF STATE/UCC DIVISION, SACRAMENTO, CA |
| | |
| Date filed: | 04/10/2008 |
| Latest Info Received: | 04/15/2008 |
| Original UCC filed date: | 01/02/2008 |
| Original filing no.: | 087142084276 |

The public record items contained in this report may have been paid, terminated, vacated or released prior to the date this report was printed.

**GOVERNMENT ACTIVITY**

**Activity summary**

| | |
|---|---|
| Borrower (Dir/Guar): | NO |
| Administrative debt: | NO |
| Contractor: | NO |
| Grantee: | NO |
| Party excluded from federal program(s): | NO |

**Possible candidate for socio-economic program consideration**

| | |
|---|---|
| Labor surplus area: | N/A |
| Small Business: | YES (2008) |
| 8(A) firm: | N/A |

The details provided in the Government Activity section are as reported to Dun & Bradstreet by the federal government and other sources.

Jump to:

Overview    |    Scores    |    Payments    |    Public Filings    |    Banking & Finance

# History & Operations

**HISTORY**

The following information was reported **03/25/2008**:

| | |
|---|---|
| Management: | FARIBORZ BANAYAN, MBR |
| | RUBEN BEITYAKOV, MBR |

This is a Limited Liability Company formed in California March 8, 2000.

Business started 2000.

FARIBORZ BANAYAN born 1960. Work history unknown.

RUBEN BEITYAKOV. Work history unknown.

D&B Comprehensive Report: AHAVA OF CALIFORNIA, LLC

## BUSINESS REGISTRATION

CORPORATE AND BUSINESS REGISTRATIONS REPORTED BY THE SECRETARY OF STATE OR OTHER OFFICIAL SOURCE AS OF APR 11 2008:

This data is for informational purposes only, certification can only be obtained through the Sacramento Office of the California Secretary of State.

| | |
|---|---|
| **Registered Name:** | AHAVA OF CALIFORNIA, LLC |
| **Business type:** | LIMITED LIABILITY COMPANY |
| **State of organization:** | CALIFORNIA |
| **Filing date:** | MAR 08 2000 |
| **Registration ID:** | 200007310022 |
| **Status:** | ACTIVE |
| **Where filed:** | SECRETARY OF STATE/CORPORATIONS DIVISION, SACRAMENTO, CA |
| **Registered agent:** | FARIBORZ BANAYAN, 908 ROSE AVENUE, VENICE, CA, 902910000 |

## OPERATIONS

03/25/2008

**Description:** Wholesales dairy products (except dried or canned). Wholesales groceries or related products, specializing in juices.

Has 40 account(s). Terms are net 30 days and varies upon customer contract. Sells to retailers and commercial concerns. Territory : Regional.

**Employees:** 155 which includes partners. 5 employed here.

**Facilities:** Occupies premises in a building.

**Branches:** This business has additional branches; detailed branch information is available in D&B's linkage or family tree products.

## SIC & NAICS

**SIC:**
Based on information in our file, D&B has assigned this company an extended 8-digit SIC. D&B's use of 8-digit SICs enables us to be more specific to a company's operations than if we use the standard 4-digit code.

The 4-digit SIC numbers link to the description on the Occupational Safety & Health Administration (OSHA) Web site. Links open in a new browser window.

| | |
|---|---|
| 51430000 | Dairy products, except dried or canned |
| 51490502 | Juices |

**NAICS:**

| | |
|---|---|
| 424430 | Dairy Products (except Dried or Canned) Merchant Wholesalers |
| 424490 | Other Grocery and Related Product Merchant Wholesalers |

**Jump to:**

D&B Comprehensive Report: AHAVA OF CALIFORNIA, LLC                    Page 12 of 13

Overview    |    Scores    |    Payments    |    Public Filings    |    History & Operations

# Banking & Finance

UPDATE

**03/25/2008**

On Mar 25 2008, Ruben Beityakov, Mbr submitted the following estimates dated Mar 25 2008.

KEY BUSINESS RATIOS

D&B has been unable to obtain sufficient financial information from this company to calculate business ratios. Our check of additional outside sources also found no information available on its financial performance.
To help you in this instance, ratios for other firms in the same industry are provided below to support your analysis of this business.

**Based on this number of establishments: 14**

### Industry Norms based on 14 establishments

|  | This Business | Industry Median | Industry Quartile |
|---|---|---|---|
| **Profitability** | | | |
| Return on Sales | UN | 1.8 | UN |
| Return on Net Worth | UN | 13.7 | UN |
| **Short-Term Solvency** | | | |
| Current Ratio | UN | 1.4 | UN |
| Quick Ratio | UN | 0.8 | UN |
| **Efficiency** | | | |
| Assets Sales | UN | 44.6 | UN |
| Sales / Net Working Capital | UN | 18.5 | UN |
| **Utilization** | | | |
| Total Liabs / Net Worth | UN | 192.2 | UN |

UN = Unavailable

FINANCE

**03/01/2008**

On February 26, 2008, Ruben Beityakov, Mbr, confirmed company name, address, principals and operational information using Dun & Bradstreet's Internet-based update method (eUpdate) at www.dnb.com.

As of February 28 2008 a search of Dun & Bradstreets Public Record database found no open suits, liens, judgements or UCCs to which AHAVA OF CALIFORNIA, LLC at 908 Rose Ave, Venice CA was named defendant or debtor. Public records received hereafter will be entered into the database and will be included in reports which contain a Public Filings section.

CUSTOMER SERVICE

If you need any additional information or have any questions, please call the D&B Online Customer Customer Service Center at 1-800-234-3867