ROBERT W. HIRSH
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-275-7800;  Facsimile: 310-275-4050

SETH EISENBERGER (SE-6769)
108 Airport Executive ParkNanuet, New York 10954
Telephone: 845-426-3400; Facsimile: 845-426-3401

Attorneys for Defendant Ahava of California, LLC, and Fariborz Banayan


UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SIGNATURE BANK,

                                   :

                    Plaintiff,    08 Civ. 3893 (NRB)

            - against -        :    **ANSWER OF DEFENDANTS**

AHAVA FOOD CORP., LEWIS COUNTY DAIRY  :  **AHAVA OF CALIFORNIA,**
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO    **LLC AND FARIBORZ**
FOODS, YONI REALTY, LLC, SCHWARTZ AND  :  **BANAYAN TO AMENDED**
SONS QUALITY DISTRIBUTORS, INC., MOISE    **VERIFIED COMPLAINT**
BANAYAN, ANA BANAYAN a/k/a  CHANA  :  **WITH COUNTERCLAIMS**
BANAYAN, REBECCA BANAYAN a/k/a REBECCA    **AND CROSS-CLAIMS**
BARIMYAN a/k/a REBECCA BANAYAN-  :
LIEBERMAN, FARIBORZ BANAYAN a/k/a AARON  :
BANAYAN, RUBEN BEITYAKOV, ARI KATZ,    **Jury Trial Demanded**
AHAVA OF CALIFORNIA, LLC d/b/a AHAVA
NATIONAL FOOD DISTRIBUTOR and NORTH  :
COUNTRY MANUFACTURING, and JOHN DOE
COMPANIES 1 through 10,             :

                    Defendants. :

                                     :

------------------------------------------------------------------- X

1

015653

```
------------------------------------------------------------------------X
AHAVA OF CALIFORNIA LLC,                          :
                                                  :
                        Counterclaimant,          :
                                                  :
        v.                                        :
                                                  :
SIGNATURE BANK,                                   :
                                                  :
                        Counterclaim defendant.   :
------------------------------------------------------------------------X
------------------------------------------------------------------------X
AHAVA OF CALIFORNIA LLC,                          :
                                                  :
                        Cross-claimant,                      :
                                                  :
        v.                                        :
                                                  :
AHAVA FOOD CORP., LEWIS COUNTY DAIRY              :
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO        :
FOODS, YONI REALTY, LLC, SCHWARTZ AND             :
SONS QUALITY DISTRIBUTORS, INC.,                  :
                                                  :
                        Cross-claim defendants.   :
------------------------------------------------------------------------X
```

Defendants Ahava of California, LLC and Fariborz Banayan (collectively "Defendants")

by their undersigned counsel, answer the amended verified complaint ("the Complaint") of

plaintiff Signature Bank ("Plaintiff") as follows:

1.      Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint.

2

015653

6.     Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.     Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.     Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.     Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants lack information to admit or deny the allegations contained in paragraph 15.

16.     Defendants lack information to admit or deny the allegations contained in paragraph 16.

17.     Defendants lack information to admit or deny the allegations contained in paragraph 17.

18.     Defendants lack information to admit or deny the allegations contained in paragraph 18.

19.     Defendants lack information to admit or deny the allegations contained in paragraph 19.

20.     Defendants lack information to admit or deny the allegations contained in paragraph 20.

015653

21.    Defendants admit the allegations contained in paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.    Defendants lack information to admit or deny the allegations contained in paragraph 23.

24.    Defendants lack information to admit or deny the allegations contained in paragraph 24.

25.    Defendants lack information to admit or deny the allegations contained in paragraph 25.

26.    Defendants admit the allegations contained in paragraph 26 of the Complaint other than the allegation concerning "Nanayan," which is denied.

27.    Defendants lack information to admit or deny the allegations contained in paragraph 27.

28.    Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    Defendants lack information to admit or deny the allegations contained in paragraph 32.

33.    Defendants lack information to admit or deny the allegations contained in paragraph 33.

015653

34.    Defendants lack information to admit or deny the allegations contained in paragraph 34.

35.    Defendants lack information to admit or deny the allegations contained in paragraph 35.

36.    Defendants lack information to admit or deny the allegations contained in paragraph 36.

37.    Defendants lack information to admit or deny the allegations contained in paragraph 37.

38.    Defendants lack information to admit or deny the allegations contained in paragraph 38.

39.    Defendants lack information to admit or deny the allegations contained in paragraph 39.

40.    Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.    Defendants lack information to admit or deny the allegations contained in paragraph 41.

42.    Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    Defendants lack information to admit or deny the allegations contained in paragraph 43.


44.    Defendants lack information to admit or deny the allegations contained in paragraph 44.

015653

45.    Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.    Defendants lack information to admit or deny the allegations contained in
paragraph 58.

59.    Defendants lack information to admit or deny the allegations contained in
paragraph 59.

60.    Defendants deny the allegations contained in paragraph 60 of the Complaint.


60.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

015653

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.    Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.    Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.    Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.    Defendants lack information to admit or deny the allegations contained in

paragraph 71.

72.    Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.    Defendants lack information to admit or deny the allegations contained in

paragraph 73.

74.    Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.    Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.    Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.    Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in paragraph 81 of the Complaint.

015653

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants lack information to admit or deny the allegations contained in

paragraph 87.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

015653

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in paragraph 4 of the Complaint.

110.    In responding to paragraph 110 of the Complaint, Defendants reallege and incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 109 of this answer as pleaded above.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    In responding to paragraph 120 of the Complaint, Defendants reallege and

9

015653

incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 119 of this answer as pleaded above.

121.    Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    In responding to paragraph 130 of the Complaint, Defendants reallege and incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 129 of this answer as pleaded above.

131.    Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint.

015653

138.     Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.     Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.     Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.     In responding to paragraph 141 of the Complaint, Defendants reallege and incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 140 of this answer as pleaded above.

142.     Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.     Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.     Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.     In responding to paragraph 145 of the Complaint, Defendants reallege and incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 144 of this answer as pleaded above.

146.     Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.     Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.     Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.     Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.     In responding to paragraph 150 of the Complaint, Defendants reallege and incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 149 of this answer as pleaded above.

151.     Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.     Defendants deny the allegations contained in paragraph 152 of the Complaint.

015653

153.     Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.     In responding to paragraph 154 of the Complaint, Defendants reallege and incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 153 of this answer as pleaded above.

155.     Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.     Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.     Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.     Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.     Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.     Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.     In responding to paragraph 161 of the Complaint, Defendants reallege an incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 160 of this answer as pleaded above.

162.     Defendants deny the allegations contained in paragraph 162 of the Complaint.

163.     Defendants deny the allegations contained in paragraph 163 of the Complaint.

164.     Defendants deny the allegations contained in paragraph 164 of the Complaint.

165.     In responding to paragraph 165 of the Complaint, Defendants reallege and incorporate by reference herein their responses to each and every allegation contained in paragraphs 1 through 164 of this answer as pleaded above.

166.     Defendants deny the allegations contained in paragraph 166 of the Complaint.

167.     Defendants deny the allegations contained in paragraph 167 of the Complaint.

015653

168.     Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.     Defendants deny the allegations contained in paragraph 169 of the Complaint.

170.     Defendants deny the allegations contained in paragraph 170 of the Complaint.

171.     Defendants deny the allegations contained in paragraph 171 of the Complaint.

### First Affirmative Defense

172.     The Complaint, and each cause of action thereof, fails to state a cause of action against Defendants upon which relief may be granted.

### Second Affirmative Defense

173.   Plaintiff is barred from recovery in whole or in part because it lacks clean hands.

### Third Affirmative Defense

174.     Plaintiff is barred from recovery under the doctrine of unilateral mistake of material facts.

### Fourth Affirmative Defense

175.     Plaintiff is barred from recovery under the doctrine of mutual mistake of material facts.

### Fifth Affirmative Defense

176.     Plaintiff is barred from recovery in whole or in part under the doctrine of offset.

### Sixth Affirmative Defense

177.     Plaintiff is barred from recovery in whole or in part under the doctrine of consent.

015653

## Seventh Affirmative Defense

178.     Plaintiff is barred from recovery in whole or in part under the doctrine of laches.

## Eighth Affirmative Defense

179.     Plaintiff cannot proceed with this action in the absence of an indispensable party, Moise Banayan, as to whom this action is stayed by virtue of his bankruptcy.

## Ninth Affirmative Defense

180.     Plaintiff failed to mitigate its damages.

## Tenth Affirmative Defense

181.     Plaintiff diminished the value of its collateral in whole or in part.

## COUNTERCLAIMS

Defendant – counterclaimant and cross-claimant Ahava of California, LLC, by its undersigned attorneys, for its counterclaims and cross-claims allege as follows:

## PARTIES

1.     Defendant – counterclaimant and cross-claimant Ahava of California, LLC ("Ahava CA") is and at all relevant times was a limited liability company formed in California.

2.     Plaintiff - counterclaim defendant Signature Bank (the "Bank") is a financial institution organized and existing under the laws of New York.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a), in that the counterclaims herein are related to plaintiff's claims in this action and the Court has original jurisdiction of plaintiff's claims.

14

015653

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) in that the original action was removed to this Court from the Supreme Court of the State of New York, County of New York.

## BACKGROUND

5.     At all relevant times, Ahava CA is and was in the business of, among other things, selling kosher food products to its customers ("the Customers").

6.     From in or about December 2007 to the present, the Bank contacted Customers, other financial institutions, and other persons, and represented to them, among other things, the following:

      a.     Bank has a security interest in all of the assets, including all of the receivables of Ahava CA;

      b.     Ahava CA is an alter ego of the Judgment Debtors;

      c.     Ahava CA received fraudulent transfers of assets from the Judgment Debtors;

      d.     Ahava CA is responsible to Bank for certain debt of the Judgment Debtors to the Bank; and

      e.     should the Customers fail to pay Bank monies which they owe to Ahava CA, the Customers will be legally responsible to Bank for any payment made to Ahava CA.

15

015653

7.     The representations made by the Bank were false at the time they were made and remain false.  The representations are hereinafter collectively referred to as "the Signature False Statements."

8.     From in or about December 2007 to the present, Ahava CA:

     a.     advised the Bank that the Signature False Statements were false;

     b.     advised the Bank that the Signature False Statements could and would damage Ahava CA; and

     c.     demanded that the Bank retract the Signature False Statements.

9.     The Bank has refused to retract the Signature False Statements.

10.     As a direct result of the issuance of the Signature False Statements certain of the Customers, among other things

     a.      failed to pay Ahava CA monies due and owing to Ahava CA by the Customers for goods delivered;

     b.     wrongfully paid the Bank monies owing to Ahava CA for  goods delivered by Ahava CA to its Customers; and

     c.     terminated and/or modified their business relationship with Ahava CA, all of which damaged Ahava CA by ceasing and/or reducing the products purchased from Ahava CA, and limited the shelf space which it provided for Ahava CA's products.

11.     In addition, as a direct result of the issuance of the Signature False Statements, Ahava CA lost banking relationships, including without limitation, its relationship and line of

015653

credit with HSBC and its prospective credit line with Gibraltar Financial Corporation.

12. Ahava CA has also lost suppliers due to the Bank's misconduct.

13. Furthermore, as a direct result of the issuance of the Signature False Statements, Ahava CA's goodwill has been damaged and Ahava CA has sustained significant other damages.

## FIRST COUNTERCLAIM
(Tortious Interference with Contractual Relationships)

14. Ahava CA repeats and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. Ahava CA had legally binding and enforceable agreements with each of its Customers. Each of Ahava CA's Customers were contractually obligated to pay Ahava CA for the goods that Ahava CA delivered to them.

16. The Bank had knowledge that Ahava CA entered into agreements with its Customers.

17. Through the Signature False Statements and through other means the Bank has and continues to interfere with Ahava CA's agreements with its Customers.

18. The Bank knew that the Signature False Statements were false and/or recklessly transmitted them.

19. As a direct and proximate result of the Bank's misconduct, certain of the Customers, among other things:

   a. failed to pay Ahava CA monies due and owing to Ahava CA by them;

   b. wrongfully paid the Bank monies owing to Ahava CA; and

17

015653

c.      terminated and/or modified their business relationship with Ahava

CA, all of which damaged Ahava CA.

20.      In addition, Ahava CA had an ongoing relationship with HSBC and a line

of credit from HSBC.

21.      Upon information and belief, the Bank intentionally and/or recklessly

transmitted the Signature False Statements to HSBC and other financial institutions.

22.      Upon information and belief, as a result of the Bank's transmittal of the

Signature False Statements to HSBC, HSBC terminated its relationship with Ahava CA.

23.      As a direct and proximate result of the Bank's wrongful conduct, Ahava CA has

and continues be damaged in an amount in excess of $10,000,000, the precise amount to be

determined at trial.

24.      The Bank's conduct was malicious, shocking to the conscience, willful and

outrageous, and constitutes the unlawful tortious interference with Ahava CA's contractual

relations, entitling Ahava CA to an assessment of punitive damages of at least $5,000,000, the

precise amount to be determined at trial.

## SECOND COUNTERCLAIM

### (Tortious Interference With Economic Advantage and Prospective Business Relations)

25.      Ahava CA repeats and realleges the allegations contained in paragraphs 1 through

24 as if fully set forth herein.

26.      Ahava CA was and is in the business of selling kosher products.

18

27.     Ahava CA's business relies on its relationship with its Customers to sell its products and to collect the monies owed from its Customers for the sale of the products.

28.     Ahava CA's business also relies on its Customer's willingness to provide Ahava CA with valuable "shelf space."

29.     As a direct and proximate result of the Bank's wrongful conduct, Ahava CA's Customers have stopped and/or reduced their purchases from Ahava CA and limited the shelf space which they provided for Ahava CA's products.

30.     Upon information and belief, as a direct and proximate result of the Bank's conduct as set forth above, Ahava CA's potential customers have refused to purchase products from Ahava CA.

31.     As a direct result of the issuance of the Bank's conduct, Ahava CA lost potential banking relationships, including a prospective credit line with Gibraltar Financial Corporation.

32.     Upon information and belief, as a direct and proximate result of the Bank's conduct as set forth above, Ahava CA's goodwill has been damaged.

33.     The Bank's actions were unlawful and designed to maliciously harm Ahava CA. As a direct and proximate result of the Bank's actions, Ahava CA has suffered injury to its business, economic advantage and loss of actual and prospective economic benefits in an amount in excess of $5,000,000, the precise amount to be determined at trial.

34.     The Bank's conduct was malicious, shocking to the conscience, willful and outrageous, and constitutes the unlawful tortious interference with Ahava CA's economic

015653

advantage and prospective business relations, entitling Ahava CA to an assessment of punitive damages of at least $5,000,000, the precise amount to be determined at trial.

### THIRD COUNTERCLAIM
(Conversion)

35.    Ahava CA repeats and realleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.    From in or about December 2007 through the present, the Bank wrongfully induced Ahava CA's Customers to remit funds owed to Ahava CA to the Bank.  These funds were owed to Ahava CA for products delivered by Ahava CA to its Customers.

37.    The Bank has wrongfully exercised dominion and control over the funds belonging to Ahava CA.

38.    The Bank has wrongfully failed to return the funds belonging to Ahava CA.

39.    As a direct and proximate cause of the Bank's tortious acts, Ahava CA has sustained injury in excess of $1,000,000, the precise amount to be determined at trial.

40.    The Bank has acted maliciously and willfully, with the intent to injure Ahava CA.  The Bank, therefore, should be held liable for punitive damages in the sum of at least $1,000,000, the precise amount to be determined at trial, to prevent it and others similarly inclined from repeating such tortious conduct in the future.

### FOURTH COUNTERCLAIM
(Unjust Enrichment)

41.    Ahava CA repeats and realleges the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

20

015653

42.    By making the Signature False Statements to Ahava CA's Customers and diverting monies owed to Ahava CA, the Bank received funds belonging to Ahava CA.

43.    The Bank has been unjustly enriched by receiving Ahava CA's funds.  Retention of such funds has unjustly enriched the Bank.

44.    As a direct and proximate result of the Bank's actions wrongful conduct, Ahava CA has and continues be damaged in an amount in excess of $1,000,000, the precise amount to be determined at trial.

## FIFTH COUNTERCLAIM
(Libel Per Se)

45.    Ahava CA repeats and realleges the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

46.    On December 21, 2007, and on numerous occasions thereafter, the Bank intentionally and maliciously published letters to various customers of Ahava CA, including without limitation, GMY Gourmet Food, Kosher Club, Inc., Pico Café, Pizza Maven, containing false, scandalous, defamatory and libelous matter about Ahava CA, with the intent to wrongfully and maliciously injure, defame and destroy the good name and reputation of Ahava CA.  A copy of one of the letters dated December 21, 2007 to GMY Gourmet Food is attached hereto as Exhibit A and its content is incorporated herein by reference as if fully set forth herein.

21

47.     In the letter, Ahava CA was falsely accused of fraudulently invoicing customers for products owned and sold by Ahava Food Corp., St. Lawrence Food Corp, Lewis County Dairy Corp., Yoni Realty LLC and Schwartz and Sons Quality Distributors, Inc.

48.     The letter inferred and led the Customer's to believe that Ahava CA was a participant and complicit in a scheme to defraud the Bank.

49.     The letter referred to Ahava CA as one of the "Debtors."

50.     The letter impugned the integrity of Ahava CA.  The conduct constitutes libel per se.

51.     As a result of the malicious publication of the letter by the Bank, numerous of Ahava CA's customers refused to pay Ahava CA for merchandise delivered and refused to purchase any further products from Ahava CA.  These customers include, but are not limited to: Kollel Rabanim, Moshe Discount, Sysco, ShopRite, Wakefern, Affinity Skilled Living. Harbor House Nursing Home, Mountain Fruit, Sephardic Senior Center, Broadway J2 Pizza, Prescana, Dan's Key Food, Wedgewood Nursing Home, Yossie Bakery, Strauss Bakery.

52.     In addition, upon information and belief, the Bank published and/or repeated the contents of the letter and the Signature False Statements to several financial institutions including HSBC and Gibraltar Financial Corporation during conversations with the financial institutions.

53.     As a direct result of the Bank's statements to HSBC, HSBC withdrew its credit line from Ahava CA and terminated its relationship with Ahava CA.

22

015653

54.     As a direct result of the Bank's statements to Gibraltar Financial Corporation, Gibraltar Financial Corporation withdrew its offered credit line to Ahava CA.

55.     The particulars of Ahava CA's damages are as follows:

        a.     loss of receivables to which it was entitled in excess of $1,000,000;

        b.     loss of the respect of and good reputation among its Customers;

        c.     loss of continued sales to its Customers;

        d.     impaired ability to acquire new Customers;

        e.     loss of available loans, credit lines and banking relationships;

        f.     increased cost of borrowing funds; and

        g.     presumed severe damages by reason of the libel per se.

56.     As a direct and proximate result of the Bank's actions wrongful conduct, Ahava CA has and continues be damaged in an amount in excess of $10,000,000, the precise amount to be determined at trial.

57.     The Bank's conduct was malicious, shocking to the conscience, willful and outrageous, and constitutes the unlawful tortious interference with Ahava CA's economic advantage and prospective business relations, entitling Ahava CA to an assessment of punitive damages of at least $5,000,000, the precise amount to be determined at trial.

## SIXTH COUNTERCLAIM
(Libel)

58.     Ahava CA repeats and realleges the allegations contained in paragraphs 1 through 13 and 46 through 57 as if fully set forth herein.

015653

59.     The Bank is engaged in a malicious campaign to cause injury to Ahava CA, including economic injury and injury to its reputation.

60.     As part of its campaign, the Bank has filed and prosecuted civil actions against Ahava CA, in which the Bank has knowingly and maliciously made false allegations against it, causing Ahava CA to expend substantial sums of money in its defense.

61.     As part of its campaign, the Bank has distributed letters to persons and companies with whom Ahava CA does business.

62.     As part of its campaign, the Bank has knowingly and maliciously made false and defamatory statements about Ahava CA, which has caused it substantial damage.

63.     In furtherance of its plan to injure Ahava CA, on December 21, 2007 and thereafter, the Bank intentionally and maliciously published letters to GMY Gourmet Food, Kosher Club, Inc., Pico Café, Pizza Maven, containing false, scandalous, defamatory and libelous matter about Ahava CA, with the intent to wrongfully and maliciously injure, defame and destroy the good name and reputation of Ahava CA.

64.     Upon information and belief, the Bank intentionally and maliciously distributed the letter and the Signature False Statements to HSBC in writing and/or conversations with HSBC.

65.     Upon information and belief, by such publication, the Bank maliciously intended to cause others to believe that Ahava CA was close to insolvency or insolvent, that Ahava CA was in danger of imminent collapse, that Ahava CA was acting unlawfully

24

015653

and had defrauded the Bank.  The Bank also intended and its statement to be understood

by those who read it to mean that Ahava CA was a company that would not pay its debts,

was not entitled to credit and to impute dishonesty in its business dealings.

66.    The statements in the letter were false and malicious, and were known by

the Bank to be false when they were made.

67.    In the alternative, the Bank recklessly transmitted the statements.

68.    As a proximate result of the Bank's libel Ahava CA suffered special damages, as

follows:

a.    In excess of $1,000,000 because Ahava CA customers refused to pay

Ahava CA for merchandise delivered and refused to purchase any further

products from Ahava CA.  These customers include, but are not limited to:

Kollel Rabanim, Moshe Discount, Sysco, ShopRite, Wakefern, Affinity

Skilled Living. Harbor House Nursing Home, Mountain Fruit, Sephardic

Senior Center, Broadway J2 Pizza, Prescana,  Dan's Key Food,

Wedgewood Nursing Home, Yossie Bakery and Strauss Bakery .

b.    In excess of $1,000,000 because as a direct result of the Bank's statements

to HSBC, HSBC withdrew its credit line from Ahava CA and terminated

its relationship with Ahava CA.

c.    In excess of $1,000,000 because as a direct result of the Bank's statements

to Gibraltar Financial Corporation, Gibraltar Financial Corporation

withdrew its offered credit line to Ahava CA.

015653

69.     The Bank's conduct was malicious, shocking to the conscience, willful and outrageous, and constitutes the unlawful tortious interference with Ahava CA's economic advantage and prospective business relations, entitling Ahava CA to an assessment of punitive damages of at least $5,000,000, the precise amount to be determined at trial.

## FIRST CROSS-CLAIM
(Contribution and Indemnification)

70.     If the plaintiff sustained any damages as alleged in the Amended Complaint, such damages were caused in whole or in part by the misconduct, whether by omission or commission, of defendants Ahava Food Corp. Lewis County Dairy Corp., St. Lawrence Food Corp. d/b/a Primo Foods, Yoni Realty, LLC, and Schwartz and Sons Quality Distributors, Inc.

71.     If plaintiff recover a judgment against Ahava CA by reason of the allegations in the Amended Complaint, Ahava CA will be damaged thereby and will be entitled to indemnification and/or contribution, in whole or in part, by defendants Ahava Food Corp. Lewis County Dairy Corp., St. Lawrence Food Corp. d/b/a Primo Foods, Yoni Realty, LLC, and Schwartz and Sons Quality Distributors, Inc., and to have judgment over and against said co-defendants for any judgment that may be recovered by plaintiffs against Ahava CA, or for that portion thereof that is shown to be the responsibility of defendants Ahava Food Corp., Lewis County Dairy Corp., St. Lawrence Food Corp. d/b/a Primo Foods, Yoni Realty, LLC, and Schwartz and Sons Quality Distributors, Inc., together with Ahava CA's expenses and attorneys' fees.

015653

**WHEREFORE**, Ahava of California, LLC demands judgment as follows:

a.      that plaintiff take nothing by its Complaint and that the Complaint be dismissed with prejudice;

b.      awarding Ahava of California, LLC against the Signature Bank, in excess of $10,000,000 in compensatory damages plus prejudgment interest, the precise amount to be determined at trial;

c.      awarding Ahava of California, LLC against the Signature Bank special damages, the precise amount to be determined at trial;

d.      awarding Ahava of California, LLC against Signature Bank punitive damages in excess of $5,000,000;

e.      awarding Ahava of California, LLC  against Signature Bank its costs, disbursements and attorney's fees of this action; and

f.      Awarding  Ahava of California, LLC judgment over and against defendants Ahava Food Corp. Lewis County Dairy Corp., St. Lawrence Food Corp. d/b/a Primo Foods, Yoni Realty, LLC, and Schwartz and Sons Quality Distributors, Inc., as to any judgment that may be obtained by plaintiff against Ahava CA.

015653

       g.      awarding Ahava of California, LLC such other and further relief as the Court

deems just and proper.

Dated:  Beverly Hills, California
        July 3, 2008

                                  ROBERT W. HIRSH & ASSOCIATES
                                  ROBERT W. HIRSH (102731)
                                  8383 Wilshire Boulevard, Suite 510
                                  Beverly Hills, California 90211
                                  Telephone: 310-274-8507
                                  Facsimile: 310-275-4050

                                      -and -

                                  LAW OFFICE OF SETH EISENBERGER


                                  By: /s/ Seth Eisenberger
                                     SETH EISENBERGER (SE-6769)
                                  108 Airport Executive Park
                                  Nanuet, New York 10954
                                  Telephone: 845-426-3400
                                  Facsimile: 845-426-3401

                                  Attorneys for Defendant, Counterclaimant and
                                  Cross-claimant Ahava of California, LLC

015653

ROBERT W. HIRSH (102731)
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-274-8507; Facsimile: 310-275-4050

SETH EISENBERGER (SE-6769)
108 Airport Executive Park
Nanuet, New York 10954
Telephone: 845-426-3400; Facsimile: 845-426-3401

Attorneys for Defendant, Counter-claimant and Cross-claimant
Ahava of California, LLC and Fariborz Banayan

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SIGNATURE BANK,                                      :
                                    Plaintiff,       :
                                                     :
        - against -                                  :        08 Civ. 3893 (NRB) (MHD)
                                                     :
AHAVA FOOD CORP., LEWIS COUNTY DAIRY                 :
CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO           :
FOODS, YONI REALTY, LLC, SCHWARTZ AND                :
SONS QUALITY DISTRIBUTORS, INC., MOISE               :
BANAYAN, ANA BANAYAN a/k/a CHANA                     :        **Jury Trial Demanded**
BANAYAN, REBECCA BANAYAN a/k/a REBECCA               :
BARIMYAN a/k/a REBECCA BANAYAN-                       :
LIEBERMAN, FARIBORZ BANAYAN a/k/a                    :
AARON BANAYAN, RUBEN BEITYAKOV,                      :
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a             :
AHAVA NATIONAL FOOD DISTRIBUTOR                      :
and NORTH COUNTRY MANUFACTURING, and                :
JOHN DOE COMPANIES 1 through 10                      :
                                                     :
                                    Defendants.      :
------------------------------------------------------------------------X

O15636

1

```
-------------------------------------------------------------------X
AHAVA OF CALIFORNIA LLC,                              :
                                                     :
                        Counterclaimant,             :
                                                     :
        v.                                           :
                                                     :
SIGNATURE BANK,                                         :
                                                     :
                        Counterclaim defendant.      :
-------------------------------------------------------------------X
```

Defendant – Counterclaimant Ahava of California, LLC and defendant Fariborz Banayan

demand a trial by jury.

Dated:  Beverly Hills, California
        July 3, 2008

                                    ROBERT W. HIRSH & ASSOCIATES


                                    By: /s/ Robert W. Hirsh_____
                                    ROBERT W. HIRSH (102731)
                                    8383 Wilshire Boulevard, Suite 510
                                    Beverly Hills, California 90211
                                    Telephone: 310-274-8507
                                    Facsimile: 310-275-4050

                                            -and -

                                    SETH EISENBERGER (SE-6769)
                                    Law Office of Seth Eisenberger
                                    108 Airport Executive Park
                                    Nanuet, New York 10954
                                    Telephone: 845-426-3400
                                    Facsimile: 845-426-3401

                                    Attorneys for Defendant, Counter-claimant and
                                    Cross-claimant Ahava of California, LLC and
                                    Defendant Fariborz Banayan

O15636
                                    2