Mara B. Levin, Esq.
David Feuerstein, Esq.
John Oleske, Esq.
Attorneys for Plaintiff
  Signature Bank
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Email: mlevin@herrick.com

**ELECTRONICALLY FILED DOCUMENT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
SIGNATURE BANK,

                    Plaintiff,

         - against -

AHAVA FOOD CORP. d/b/a NORTH COUNTRY
CHEESE CORP., LEWIS COUNTY DAIRY CORP.,
ST. LAWRENCE FOOD CORP. d/b/a PRIMO
FOODS, YONI REALTY, LLC, SCHWARTZ AND
SONS QUALITY DISTRIBUTORS, INC., MOISE
BANAYAN, ANA BANAYAN a/k/a CHANA
BANAYAN, REBECCA BANAYAN a/k/a
REBECCA BARIMYAN a/k/a REBECCA
BANAYAN-LIEBERMAN, FARIBORZ BANAYAN
a/k/a AARON BANAYAN, RUBEN BEITYAKOV,
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a
AHAVA NATIONAL FOOD DISTRIBUTOR and
NORTH COUNTRY MANUFACTURING, and
JOHN DOES 1 through 50,

                    Defendants.
-------------------------------------------------------------------- x

08 Civ. 3893 (NRB)

**ANSWER TO COUNTERCLAIMS OF DEFENDANTS AHAVA OF CALIFORNIA AND FARIBORZ BANAYAN**

        Plaintiff Signature Bank ("Plaintiff"), by its counsel, Herrick, Feinstein LLP, as and for its Answer to the Counterclaims asserted by Defendants Ahava of California, LLC and Fariborz Banayan (collectively, the "Defendants") in their Answer to the Amended Verified Complaint (the "Counterclaims"), hereby alleges as follows:

HF 4289031v.2 #06406/0023

## AS TO THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Counterclaims.

2. Admits the allegations contained in paragraph "2" of the Counterclaims.

## AS TO JURISDICTION AND VENUE

3. The allegations contained in paragraph "3" of the Counterclaims purport to state a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations contained in paragraph "4" of the Counterclaims purport to state a legal conclusion for which no response is required. To the extent a response is required, the allegations are denied.

## AS TO BACKGROUND

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Counterclaims, except state that Ahava of California currently purports to sell Kosher food products.

6. The allegations contained in paragraph "6" of the Counterclaims purport to refer to letters sent by Plaintiff pursuant to UCC 9-607 (the "9-607 letters"). To the extent the allegations are inconsistent with the 9-607 letters, those allegations are denied.

7. Denies the allegations contained in paragraph "7" of the Counterclaims.

8. Denies the allegations contained in paragraph "8" of the Counterclaims, except admits that from in or about December 2007 to the present, Ahava of California alleged that statements contained in the 9-607 letters were false, could and would damage Ahava of California and demanded that the Bank retract those letters.

9. Denies the allegations contained in paragraph "9" of the Counterclaims, except admits that the Bank has not retracted the 9-607 letters.

10. Denies the allegations contained in paragraph "10" of the Counterclaims.

11. Denies the allegations contained in paragraph "11" of the Counterclaims.

12. Denies the allegations contained in paragraph "12" of the Counterclaims.

13. Denies the allegations contained in paragraph "13" of the Counterclaims.

### ANSWERING THE FIRST COUNTERCLAIM
(Tortious Interference with Contractual Relationships)

14. Plaintiff repeats and realleges each and every response to the allegations contained in paragraphs "1" through "13" above as if fully set forth herein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Counterclaims.

16. Denies the allegations contained in paragraph "16" of the Counterclaims.

17. Denies the allegations contained in paragraph "17" of the Counterclaims.

18. Denies the allegations contained in paragraph "18" of the Counterclaims.

19. Denies the allegations contained in paragraph "19" of the Counterclaims.

20. Denies the allegations contained in paragraph "20" of the Counterclaims, except state that Signature has learned through discovery that AOC maintained bank accounts at HSBC.

21. Denies the allegations contained in paragraph "21" of the Counterclaims.

22. Denies the allegations contained in paragraph "22" of the Counterclaims.

23. Denies the allegations contained in paragraph "23" of the Counterclaims.

24. Denies the allegations contained in paragraph "24" of the Counterclaims.

HF 428903 1v.2 #06406/0023

## ANSWERING THE SECOND COUNTERCLAIM
(Tortious Interference With Economic Advantage
and Prospective Business Relations)

25. Plaintiff repeats and realleges each and every response to the allegations contained in paragraphs "1" through "24" above as if fully set forth herein.

26. Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph "26" of the Counterclaims except state that Ahava of California currently purports to sell Kosher food products.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Counterclaims.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Counterclaims.

29. Denies the allegations contained in paragraph "29" of the Counterclaims.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Counterclaims.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Counterclaims.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Counterclaims.

33. Denies the allegations contained in paragraph "33" of the Counterclaims.

34. Denies the allegations contained in paragraph "34" of the Counterclaims.

## ANSWERING THE THIRD COUNTERCLAIM
(Conversion)

35. Plaintiff repeats and realleges each and every response to the allegations contained in paragraphs "1" through "34" above as if fully set forth herein.

HF 4289031v.2 #06406/0023

36. Denies the allegations contained in paragraph "36" of the Counterclaims.

37. Denies the allegations contained in paragraph "37" of the Counterclaims.

38. Denies the allegations contained in paragraph "38" of the Counterclaims.

39. Denies the allegations contained in paragraph "39" of the Counterclaims.

40. Denies the allegations contained in paragraph "40" of the Counterclaims.

### ANSWERING THE FOURTH COUNTERCLAIM
(Unjust Enrichment)

41. Plaintiff repeats and realleges each and every response to the allegations contained in paragraphs "1" through "40" above as if fully set forth herein.

42. Denies the allegations contained in paragraph "42" of the Counterclaims.

43. Denies the allegations contained in paragraph "43" of the Counterclaims.

44. Denies the allegations contained in paragraph "44" of the Counterclaims.

### ANSWERING THE FIFTH COUNTERCLAIM
(Libel Per Se)

45. Plaintiff repeats and realleges each and every response to the allegations contained in paragraphs "1" through "44" above as if fully set forth herein.

46. Denies the allegations contained in paragraph "46" of the Counterclaims and refers the Court to Exhibit A to the Counterclaims for an accurate depiction of its content.

47. Denies the allegations contained in paragraph "47" of the Counterclaims.

48. Denies the allegations contained in paragraph "48" of the Counterclaims, except denies knowledge and information sufficient to form a belief as to what any customer actually believed after it read one or more of Signature's 9-607 letters.

49. The allegations contained in paragraph "49" of the Counterclaims purport to refer to letters sent by Plaintiff pursuant to the 9-607 letters. To the extent the allegations are

inconsistent with the 9-607 letters, those allegations are denied.

50. Denies the allegations contained in paragraph "50" of the Counterclaims.

51. Denies the allegations contained in paragraph "51" of the Counterclaims.

52. Denies the allegations contained in paragraph "52" of the Counterclaims.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Counterclaims.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Counterclaims.

55. Denies the allegations contained in paragraph "55" of the Counterclaims.

56. Denies the allegations contained in paragraph "56" of the Counterclaims.

57. Denies the allegations contained in paragraph "57" of the Counterclaims.

### ANSWERING THE SIXTH COUNTERCLAIM
(Libel)

58. Plaintiff repeats and realleges each and every response to the allegations contained in paragraphs "1" through "57" above as if fully set forth herein.

59. Denies the allegations contained in paragraph "59" of the Counterclaims.

60. Denies the allegations contained in paragraph "60" of the Counterclaims, except admits that Signature has filed and prosecuted civil actions against Ahava of California.

61. Denies the allegations contained in paragraph "61" of the Counterclaims, except admits that Signature has sent 9-607 letters to entities with whom Ahava of California allegedly does business.

62. Denies the allegations contained in paragraph "62" of the Counterclaims.

63. Denies the allegations contained in paragraph "63" of the Counterclaims.

64. Denies the allegations contained in paragraph "64" of the Counterclaims.

HF 4289031v.2 #06406/0023

65. Denies the allegations contained in paragraph "65" of the Counterclaims.

66. Denies the allegations contained in paragraph "66" of the Counterclaims.

67. Denies the allegations contained in paragraph "67" of the Counterclaims.

68. Denies the allegations contained in paragraph "68" of the Counterclaims.

69. Denies the allegations contained in paragraph "69" of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendants did not suffer any damages by the alleged conduct set forth in the Counterclaims.

## FOURTH AFFIRMATIVE DEFENSE

Defendants failed to mitigate their damages to the extent such damages were suffered.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

If it is determined that Defendants are entitled to any damages, such damages should be reduced by Plaintiff's rights of offset.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that any of the statements alleged in the Counterclaims were actually made by Plaintiff, such statements were true.

HF 4289031v.2 #06406/0023

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that any of the statements alleged in the Counterclaims were expressions of opinion actually made by Plaintiff, such statements are protected as privileged under the First Amendment to the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has at all times acted in good faith and observed reasonable commercial standards.

### TENTH AFFIRMATIVE DEFENSE

Defendants have suffered no damages as a result of the Plaintiff's actions.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' claims fail to allege facts sufficient to recover punitive damages against Plaintiff and, in any event, Defendants are not entitled to punitive damages as a matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff has acted in good faith, without wrongful intent and without intent to deceive, while Defendants have continuously acted in bad faith, with wrongful intent and with intent to deceive.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of economic justification..

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to please special harm or sufficient facts to support their claim for defamation.

HF 4289031v.2 #06406/0023

## FIFTEENTH AFFIRMATIVE DEFENSE

Any property sought to be recovered by Plaintiff, was legally recoverable by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

WHEREFORE, Plaintiff respectfully prays as follows:

(a)   That judgment be entered in favor of Plaintiff and against Defendants on the claims asserted in the Amended Complaint;

(b)   That Defendants recover nothing of Plaintiff on their Counterclaims;

(c)   That all costs of this action be taxed against Defendants and that the Plaintiff also recover its costs, disbursements and attorneys' fees in connection with the defense of the Counterclaims; and

HF 4289031v.2 #06406/0023

    (d)    For such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 31, 2008

                        HERRICK, FEINSTEIN LLP

                        By: /s/ Mara B. Levin
                        Mara B. Levin
                        David Feuerstein
                        John Oleske
                        2 Park Avenue
                        New York, New York 10016
                        Telephone:   (212) 592-1400
                        Facsimile:    (212) 592-1500
                        Attorneys for Plaintiff Signature Bank

TO:    Seth Eisenberger, Esq.
        Law Office of Seth Eisenberger
        Attorneys for Defendant
        Ahava of California, LLC and Fariborz Banayan
        108 Airport Executive Park
        Nanuet, NY 10954
        Tel: 845-426-3400
        Fax: 845-426-3401
        seth@sethesq.com

cc:    Josefina Fernandez McEvoy
        K& L Gates
        Attorney for Defendant
        10100 Santa Monica Blvd., 7th Floor
        Los Angeles, California 90067
        Tel: (310) 552-5000
        josefina.mcevoy@klgates.com

        David P. Antonucci, Esq.
        Antonucci Law Firm LLP
        Attorney for Defendant
        Office and P.O. Address
        12 Public Square
        Watertown, New York 13601
        Tel: (315) 788-7300

HF 4289031v.2 #06406/0023