Mara B. Levin, Esq.
David Feuerstein, Esq.
John Oleske, Esq.
Attorneys for Plaintiff
  Signature Bank
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Email: *mlevin@herrick.com*

**Electronically-Filed Document**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SIGNATURE BANK,

                Plaintiff,      :  08 Civ. 3893 (NRB)

       - against -

AHAVA FOOD CORP. d/b/a NORTH COUNTRY
CHEESE CORP., LEWIS COUNTY DAIRY CORP.,
ST. LAWRENCE FOOD CORP. d/b/a PRIMO    **DECLARATION OF**
FOODS, YONI REALTY, LLC, SCHWARTZ AND    **JOHN OLESKE**
SONS QUALITY DISTRIBUTORS, INC., MOISE
BANAYAN, ANA BANAYAN a/k/a CHANA
BANAYAN, REBECCA BANAYAN a/k/a
REBECCA BARIMYAN a/k/a REBECCA
BANAYAN-LIEBERMAN, FARIBORZ BANAYAN
a/k/a AARON BANAYAN, RUBEN BEITYAKOV,
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a
AHAVA NATIONAL FOOD DISTRIBUTOR and
NORTH COUNTRY MANUFACTURING, and
JOHN DOES 1 through 50,

               Defendants.
------------------------------------------------------------------ x

    JOHN OLESKE, hereby declares the following under penalty of perjury:

    1.    I am an associate with the law firm Herrick, Feinstein LLP, counsel to plaintiff Signature Bank ("Signature") in this action. I make this declaration on personal knowledge in support of Signature's motion to compel and for sanctions, and, specifically, to place before the Court certain documents relevant to Signature's motion.

2. Attached hereto as Exhibit A are copies of a subpoena served upon Yehuda Banayan, and the accompanying Affidavit of Service.

3. Attached hereto as Exhibit B are copies of a subpoena served upon Miriam Schwartz, and the accompanying Affidavit of Service.

4. Attached hereto as Exhibit C is a letter dated August 11, 2008, from Mara Levin of Herrick, Feinstein LLP to Yehuda Banayan and Miriam Schwartz.

5. Between the time of service of the subpoenas, and the August 14, 2008 date for depositions identified in the subpoenas, neither Yehuda Banayan nor Miriam Schwartz made any objection to the subpoenas.

6. On August 14, 2008, neither Yehuda Banayan nor Miriam Schwartz appeared at the time and place noticed in the subpoenas for their respective depositions.

Pursuant to 28 U.S.C §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 15, 2008, in New York, New York.

_____
John Oleske

Same as AO 88 (Rev. 1/94) Subpoena in Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

SIGNATURE BANK

                  Plaintiff(s),

V.

AHAVA FOOD CORP. d/b/a NORTH COUNTRY CHEESE CORP., LEWIS COUNTY DAIRY CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO FOODS, YONI REALTY, LLC, SCHWARTZ AND SONS QUALITY DISTRIBUTORS, INC., MOISE BANAYAN, ANA BANAYAN a/k/a CHANA BANAYAN, REBECCA BANAYAN a/k/a REBECCA BARIMYAN a/k/a REBECCA BANAYAN-LIEBERMAN, FARIBORZ BANAYAN a/k/a AARON BANAYAN, RUBEN BEITYAKOV, ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a AHAVA NATIONAL FOOD DISTRIBUTOR and NORTH COUNTRY MANUFACTURING, and JOHN DOES 1 through 50

                  Defendant(s).

## SUBPOENA IN A CIVIL CASE
CASE NUMBER:[1]   08 Civ. 3893 (NRB)

TO:  Yehuda Banayan
       1953 53rd Street
       Brooklyn, NY 11204

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION [Testimony to be recorded by stenographic means]<br>Herrick, Feinstein LLP, 2 Park Ave., New York, NY 10016 | DATE AND TIME<br>August 14, 2008, 1:00 PM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A attached.

| PLACE<br>Herrick, Feinstein LLP, 2 Park Ave., New York, NY 10016 | DATE AND TIME<br>August 14, 2008 1:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature] Mara Lewin  Attorneys for Plaintiff | DATE AND TIME<br>July 22, 2008<br>8:22 AM |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016        (212) 592-1400

(See rule 45, Federal Rules of Civil Procedure, Parts C, D & E on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>Exhibit A</u>

1. Documents sufficient to show the business and/or personal relationship between You and each of the Defendants.

2. Documents sufficient to show the dates on which Your business and/or personal relationships with each of the Defendants began.

3. Documents sufficient to show (i) each and every position You have held with any of the Corporate Defendants for the period January 1, 2005 to the present, including but not limited to, positions You held as a part-time employee, full-time employee, intern, consultant, agent or independent contractor, and (ii) your compensation from any of the Defendants (Corporate or otherwise) since January 1, 2005.

4. All documents concerning Your financial records for the period January 1, 2005 to the present, including but not limited to, tax returns and the supporting documentation upon which the tax returns were prepared, financial statements and accounting records.

5. Documents sufficient to show (i) all of Your real estate holdings, including but not limited to, Your home, any real property (residential) You own (either individually or jointly), any real properties which you currently lease or use, or in which You possess an ownership interest; (ii) each and every bank account in Your name, or over which you have signing authority; (iii) any other personal asset that is individually worth over $2,500.00; and (iv) to the extent not covered in the above requests, any assets that were given, gifted, loaned, leased or conveyed to You by any of the Defendants.

6. All documents any communications for the period December, 2007 to the present between You and any of the Defendants.

## DEFINITIONS AND INSTRUCTIONS

For the purpose of this Subpoena, the following definitions and instructions shall apply:

1.  The term "document" or "documents" includes, but is not limited to, all writings and documentary material of any kind whatsoever, both originals and copies, and any drafts of such material, including but not limited to: correspondence, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, e-mail, and other communications sent or received, print-outs, diary entries and calendars, drafts, tables, compilations, tabulations, charts, graphs, recommendations, accounts, worksheets, logs, workpapers, minutes, notes, summaries and other written records, or recordings of or relating to any conferences, meetings, visits, interviews or telephone conversations, bills, statements, invoices and other records or obligations or expenditures, canceled checks, vouchers, receipts and other records of payment, financial and statistical data, analyses, surveys, audio and video tapes and transcripts thereof, testimony, statements, interviews and conversations, affidavits, printed matter (including published articles, speeches and newspaper clippings), press releases and photographs, film, microfiche, tapes and other data compilation from which information can be obtained, including materials used in electronic data processing. A draft or non-identical copy is a separate document within the meaning of this term. A request for a document is deemed to include any transmittal or cover letter, exhibits, enclosures or attachments.

2.  The term "concerning" means describing, evidencing or constituting, comprising, containing, setting forth, proposing, showing, disclosing, discussing, explaining, summarizing, concerning, reflecting, authorizing, relating or referring to, directly or indirectly.

3.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

4. The term "person" means any natural person, corporation, partnership, trust, estate, or other entity known to the common law or equity.

5. The terms "all" and "each" shall be construed as all and each.

6. The use of the singular form of any word includes the plural and the use of the plural includes the singular.

7. The term "Signature Bank" shall refer to Plaintiff Signature Bank, and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

8. The term "You" or "Your" shall refer to Yehuda Banayan and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

9. The term "Ahava Food Corp." shall refer to Defendants Ahava Food Corp. and North Country Cheese Corp., and any of their parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

10. The term "LCDC" shall refer to Defendant Lewis County Dairy Corp. and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

11. The term "SLFC" shall refer to Defendants St. Lawrence Food Corp. and Primo Foods, and any of their parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

12. The term "Yoni Realty" shall refer to Defendant Yoni Realty LLC and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

13. The term "Schwartz & Sons" shall refer to Defendant Schwartz & Sons Quality Distributors, Inc. and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

14. The term "Moise Banyan" shall refer to Defendant Moise Banayan and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

15. The term "Ana Banyan" shall refer to Defendant Ana Banayan a/k/a Chana Banayan a/k/a Ana Beresnizky, and any of her agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

16. The term "Rebecca Banyan" shall refer to Defendant Rebecca Banayan a/k/a Rebecca Barimyan a/k/a Rebecca Banayan-Lieberman and any of her agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

17. The term "Fariborz Banyan" shall refer to Defendant Fariborz Banayan a/k/a Aaron Banayan and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

18. The term "Banayan Defendants" shall refer to Defendants Moise Banayan, Ana Banayan, Rebecca Banayan, and Fariborz Banayan, and any of their agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

19. The term "Ruben Beityakov" shall refer to Ruben Beityakov and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

20. The term "Ari Katz" shall refer to Ari Katz and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

21. The term "Ahava of California" shall refer to Defendants Ahava of California LLC, Ahava National Food Distributor and North Country Manufacturing and any of their parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

22. The term "Individual Defendants" shall refer to the Banayan Defendants, Ruben Beityakov and Ari Katz.

23. The term "Corporate Defendants" shall refer to Ahava Food Corp., LCDC, SLFC, Yoni Realty, Schwartz & Sons and Ahava of California.

24. The term "Defendants" shall collectively refer to the Individual Defendants and the Corporate Defendants.

Case 1:08-cv-03893-NRB-MHD    Document 73-2    Filed 08/15/2008    Page 7 of 8

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SIGNATURE BANK,
        Plaintiff

                      Case No. 08-civ-3893
                      (NRB)

        against-

AHAVA FOOD CORP., et al.
        Defendants
-----------------------------------------------------------------X
STATE OF NEW YORK      )
                             ) ss:
COUNTY OF NASSAU      )

### AFFIDAVIT OF SERVICE

**Jason A. Ilori**, being duly sworn deposes and says:

1. I am not a party to this action, I am over 18 years of age and I reside in Williston Park, NY.

2. That I received a Deposition and Documents Production Subpoena in a Civil Case With Exhibit A and a $45.00 Witness Fee to be served upon **Yehuda Banayan** located at 1953 53rd St. Brooklyn, New York 11204

3. That on **July 28th, 2008 at 9:45 AM** I personally served Yehuda Banayan with a true copy of the a Deposition and Documents Production Subpoena in a Civil Case With Exhibit A and a $45.00 Witness Fee by personal delivery to Yehuda Banayan at the above stated address.

**Military Status:** Based upon my inquiry of the party served, the within named person is not in the military service of the United States of America.

**Description of: Yahuda Banayan:** Approx. Age: 49, Sex: M, Race/Skin Color: White, Approx. Height: 5'9", Approx. Weight: 175, Hair: Brown, Glasses: Y

Sworn to before me this
30th day of July, 2008

_/s/ Tina A. McCarthy_
Notary Public
Tina A. McCarthy
Notary Public, State of New York
No. 01MC6115830
Qualified in Bronx County
Commission Expires 09/13/2008

_/s/ Jason Ilori_
Jason A. Ilori -1275120

Same as AO 88 (Rev. 1/94) Subpoena in Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

SIGNATURE BANK

Plaintiff(s),

v.

AHAVA FOOD CORP. d/b/a NORTH COUNTRY CHEESE CORP., LEWIS COUNTY DAIRY CORP., ST. LAWRENCE FOOD CORP. d/b/a PRIMO FOODS, YONI REALTY, LLC, SCHWARTZ AND SONS QUALITY DISTRIBUTORS, INC., MOISE BANAYAN, ANA BANAYAN a/k/a CHANA BANAYAN, REBECCA BANAYAN a/k/a REBECCA BARIMYAN a/k/a REBECCA BANAYAN-LIEBERMAN, FARIBORZ BANAYAN a/k/a AARON BANAYAN, RUBEN BEITYAKOV, ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a AHAVA NATIONAL FOOD DISTRIBUTOR and NORTH COUNTRY MANUFACTURING, and JOHN DOES 1 through 50

Defendant(s).

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]   08 Civ. 3893 (NRB)

TO:   Miriam Schwartz
1953 53rd Street
Brooklyn, NY 11204

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION [Testimony to be recorded by stenographic means]<br>Herrick, Feinstein LLP, 2 Park Ave., New York, NY 10016 | DATE AND TIME<br>August 14, 2008, 10:00 AM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A attached.

| PLACE<br>Herrick, Feinstein LLP, 2 Park Ave., New York, NY 10016 | DATE AND TIME<br>August 14, 2008 10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/ Mara Levin*   Attorneys for Plaintiff | DATE AND TIME<br>July 22, 2008<br>8:22 AM |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016          (212) 592-1400

(See rule 45, Federal Rules of Civil Procedure, Parts C, D & E on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>Exhibit A</u>

1.  Documents sufficient to show the business and/or personal relationship between You and each of the Defendants.

2.  Documents sufficient to show the dates on which Your business and/or personal relationships with each of the Defendants began.

3.  Documents sufficient to show (i) each and every position You have held with any of the Corporate Defendants for the period January 1, 2005 to the present, including but not limited to, positions You held as a part-time employee, full-time employee, intern, consultant, agent or independent contractor, and (ii) your compensation from any of the Defendants (Corporate or otherwise) since January 1, 2005.

4.  All documents concerning Your financial records for the period January 1, 2005 to the present, including but not limited to, tax returns and the supporting documentation upon which the tax returns were prepared, financial statements and accounting records.

5.  Documents sufficient to show (i) all of Your real estate holdings, including but not limited to, Your home, any real property (residential) You own (either individually or jointly), any real properties which you currently lease or use, or in which You possess an ownership interest; (ii) each and every bank account in Your name, or over which you have signing authority; (iii) any other personal asset that is individually worth over $2,500.00; and (iv) to the extent not covered in the above requests, any assets that were given, gifted, loaned, leased or conveyed to You by any of the Defendants.

6.  All documents any communications for the period December, 2007 to the present between You and any of the Defendants.

## DEFINITIONS AND INSTRUCTIONS

For the purpose of this Subpoena, the following definitions and instructions shall apply:

1.  The term "document" or "documents" includes, but is not limited to, all writings and documentary material of any kind whatsoever, both originals and copies, and any drafts of such material, including but not limited to: correspondence, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, e-mail, and other communications sent or received, print-outs, diary entries and calendars, drafts, tables, compilations, tabulations, charts, graphs, recommendations, accounts, worksheets, logs, workpapers, minutes, notes, summaries and other written records, or recordings of or relating to any conferences, meetings, visits, interviews or telephone conversations, bills, statements, invoices and other records or obligations or expenditures, canceled checks, vouchers, receipts and other records of payment, financial and statistical data, analyses, surveys, audio and video tapes and transcripts thereof, testimony, statements, interviews and conversations, affidavits, printed matter (including published articles, speeches and newspaper clippings), press releases and photographs, film, microfiche, tapes and other data compilation from which information can be obtained, including materials used in electronic data processing. A draft or non-identical copy is a separate document within the meaning of this term. A request for a document is deemed to include any transmittal or cover letter, exhibits, enclosures or attachments.

2.  The term "concerning" means describing, evidencing or constituting, comprising, containing, setting forth, proposing, showing, disclosing, discussing, explaining, summarizing, concerning, reflecting, authorizing, relating or referring to, directly or indirectly.

3.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

4.  The term "person" means any natural person, corporation, partnership, trust, estate, or other entity known to the common law or equity.

5.  The terms "all" and "each" shall be construed as all and each.

6.  The use of the singular form of any word includes the plural and the use of the plural includes the singular.

7.  The term "Signature Bank" shall refer to Plaintiff Signature Bank, and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

8.  The term "You" or "Your" shall refer to Miriam Schwartz and any of her agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

9.  The term "Ahava Food Corp." shall refer to Defendants Ahava Food Corp. and North Country Cheese Corp., and any of their parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

10.  The term "LCDC" shall refer to Defendant Lewis County Dairy Corp. and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

11.  The term "SLFC" shall refer to Defendants St. Lawrence Food Corp. and Primo Foods, and any of their parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

12.  The term "Yoni Realty" shall refer to Defendant Yoni Realty LLC and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

13. The term "Schwartz & Sons" shall refer to Defendant Schwartz & Sons Quality Distributors, Inc. and any of its parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

14. The term "Moise Banyan" shall refer to Defendant Moise Banyan and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

15. The term "Ana Banyan" shall refer to Defendant Ana Banayan a/k/a Chana Banayan a/k/a Ana Beresnizky, and any of her agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

16. The term "Rebecca Banyan" shall refer to Defendant Rebecca Banayan a/k/a Rebecca Barimyan a/k/a Rebecca Banayan-Lieberman and any of her agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

17. The term "Fariborz Banyan" shall refer to Defendant Fariborz Banayan a/k/a Aaron Banayan and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

18. The term "Banayan Defendants" shall refer to Defendants Moise Banayan, Ana Banayan, Rebecca Banayan, and Fariborz Banayan, and any of their agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

19. The term "Ruben Beityakov" shall refer to Ruben Beityakov and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

20. The term "Ari Katz" shall refer to Ari Katz and any of his agents, employees, attorneys or other persons acting on behalf of any of the foregoing.

21. The term "Ahava of California" shall refer to Defendants Ahava of California LLC, Ahava National Food Distributor and North Country Manufacturing and any of their parents, subsidiaries, affiliates, divisions or agents, or any officer, director, employee, attorney or other person acting on behalf of any of the foregoing.

22. The term "Individual Defendants" shall refer to the Banayan Defendants, Ruben Beityakov and Ari Katz.

23. The term "Corporate Defendants" shall refer to Ahava Food Corp., LCDC, SLFC, Yoni Realty, Schwartz & Sons and Ahava of California.

24. The term "Defendants" shall collectively refer to the Individual Defendants and the Corporate Defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SIGNATURE BANK,
          Plaintiff

                                        Case No. 08-civ-3893
                                        (NRB)

          against-

AHAVA FOOD CORP., et al.
          Defendants
-----------------------------------------------------------------X
STATE OF NEW YORK       )
                                 ) ss:
COUNTY OF NASSAU      )


## AFFIDAVIT OF SERVICE

**Jason A. Ilori, being duly sworn deposes and says:**

1. I am not a party to this action, I am over 18 years of age and I reside in Williston Park, NY.

2. That I received a **Deposition and Documents Production Subpoena in a Civil Case With Exhibit A and a $45.00 Witness Fee** to be served upon **Miriam Schwartz** located at 1953 53rd St. Brooklyn, New York 11204

3. That on **July 28th, 2008 at 9:45 AM** I personally served Miriam Schwartz with a true copy of the a **Deposition and Documents Production Subpoena in a Civil Case With Exhibit A and a $45.00 Witness Fee** by personal delivery to Miriam Schwartz at the above stated address.

**Military Status:** Based upon my inquiry of the party served, the within named person is not in the military service of the United States of America.

**Description of: Miriam Schwartz:** Approx. Age: 45, Sex: F, Race/Skin Color: White, Approx. Height: 5'6", Approx. Weight: 200, Hair: Brown, Glasses: Y


Sworn to before me this
30th day of July, 2008

_____
Notary Public
Tina A. McCarthy
Notary Public, State of New York
No. 01MC6115830
Qualified in Bronx County
Commission Expires 09/13/2008

_____
Jason A. Ilori -1275120

# Herrick

New York
Newark
Princeton

MARA B. LEVIN
PARTNER
Direct Tel:   212.592.1458
Direct Fax:   212.545.3358

Email:   mlevin@herrick.com

August 11, 2008

**VIA FEDERAL EXPRESS (Signature Release)**
Ms. Miriam Schwartz
Mr. Yehuda Banayan
1953 53rd Street
Brooklyn, NY 11204

Re:   Signature Bank v. Ahava Food Corp., et al.
      Case No.:  08-CV-3893 (SDNY)

Dear Ms. Schwartz and Mr. Banayan:

As you know, on July 28th, each of you were properly served with a subpoena requiring your deposition testimony be taken on August 14, 2008 at the law offices of Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016. I write to advise you that the office is located between East 32nd and East 33rd Streets and I have called in your names to security for ease of entry into the building.

I also write to advise you that your appearance is mandatory and required pursuant to Federal Statute. If you fail to appear, I intend to seek relief from the court (which has already ruled that your deposition is to go forward) including but not limited to a motion to compel your deposition, to have you held in contempt and to have penalties imposed against you for your failure to appear. I am hopeful none of this will be necessary.

I look forward to meeting you on August 14th.

Very truly yours,

Mara B. Levin

MBL:mw

HERRICK, FEINSTEIN LLP
A New York limited
liability partnership
including New York
professional corporations

2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500 • www.herrick.com
HF 4303134 v.1  #06406/0023 08/11/2008 04:10 PM