Mara Levin, Esq.
David Feuerstein, Esq.
John Oleske, Esq.
Attorneys for Plaintiff
  Signature Bank
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Email: mlevin@herrick.com

**Electronically-Filed Document**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SIGNATURE BANK,

                Plaintiff,         08 Civ. 3893 (NRB)(MHD)

          - against -

AHAVA FOOD CORP. d/b/a NORTH COUNTRY
CHEESE CORP., LEWIS COUNTY DAIRY CORP.,
ST. LAWRENCE FOOD CORP. d/b/a PRIMO
FOODS, YONI REALTY, LLC, SCHWARTZ AND
SONS QUALITY DISTRIBUTORS, INC., MOISE
BANAYAN, ANA BANAYAN a/k/a CHANA
BANAYAN, REBECCA BANAYAN a/k/a
REBECCA BARIMYAN a/k/a REBECCA
BANAYAN-LIEBERMAN, FARIBORZ BANAYAN
a/k/a AARON BANAYAN, RUBEN BEITYAKOV,
ARI KATZ, AHAVA OF CALIFORNIA, LLC d/b/a
AHAVA NATIONAL FOOD DISTRIBUTOR and
NORTH COUNTRY MANUFACTURING, and
JOHN DOES 1 through 50,

                Defendants.
------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

## PRELIMINARY STATEMENT

Plaintiff Signature Bank ("Signature") brings this motion to compel and for sanctions based on the disobedience of validly-issued subpoenas by non-party witnesses Yehuda Banayan ("Banayan") and Miriam Schwartz ("Schwartz"). The subpoenas are in proper form and were properly served. And while neither Banayan nor Schwartz ever objected to the subpoenas, Signature specifically warned Banayan and Schwartz in writing that their compliance was mandatory and that disobedience could result in their being sanctioned by the Court. Notwithstanding Signature's warning, Bayanan and Schwartz failed to appear for their depositions as required by the subpoenas. As a result, Signature now seeks the Court's intervention, in the form of an order compelling compliance with the subpoenas, holding Banayan and Schwartz in contempt, and awarding sanctions against Banayan and Schwartz to compensate Signature for its costs and reasonable attorneys' fees resulting from their disobedience of the subpoenas.

## FACTS

The underlying facts in this action have been repeatedly briefed and are therefore not repeated here. For purposes of this motion, suffice it to say that Signature has alleged that the defendants, including Schwartz & Sons Quality Distributors, Inc. ("Schwartz & Sons"), have participated in an ongoing conspiracy to defraud Signature and avoid a judgment through a series of fraudulent conveyances. The subpoenaed non-parties, Yehuda Banayan and Miriam Schwartz, were and/or are involved in the ownership and/or operation of Schwartz & Sons, which naturally led Signature to seek information from them about that entity through the subpoenas at issue.

The subpoenas are both dated July 22, 2008, and were served on Banayan and Schwartz, on July 28, 2008. (Declaration of John Oleske, executed August 15, 2008 ("Oleske Decl."), Exhs. A and B.) Neither Banayan nor Schwartz objected to the subpoenas at any time after they were served. (Oleske Decl. ¶ 5.) Nevertheless, on August 11, 2008, Mara Levin, counsel for Signature, sent a letter to Banayan and Schwartz in which she reminded them of the date, time, and location of their depositions, and warned them that Signature would seek to compel their depositions and have them held in contempt if they failed to appear. (Oleske Decl. Exh. C.) Neither Banayan nor Schwartz appeared for their depositions on August 14, 2008, as required by the subpoenas. (Oleske Decl. ¶ 6.)

## ARGUMENT

The Court has the power to compel compliance with validly-issued subpoenas, and to punish disobedience of such subpoenas, pursuant to Rule s 37 and 45(e) of the Federal Rules of Civil Procedure. *In re Application of Sumar*, 123 F.R.D. 467, 469 (S.D.N.Y. 1998).

Where a non-party subject to a subpoena fails to make timely objections pursuant to Rule 45(b) or (d), it waives all objections, and the subpoena must be enforced. *Id.* at 472. Moreover, the Court may hold the non-party in contempt and impose sanctions, pursuant to Rule 45(f). *Id.* at 473.

Here, there can be no dispute that (i) the subpoenas at issue are valid and were properly served; (ii) Banayan and Schwartz failed to object to the subpoenas; and (iii) Banayan and Schwartz subsequently failed to appear for the depositions required by those subpoenas. As a consequence, Banayan and Schwartz should be compelled by the Court to obey the subpoenas. Moreover, given the fact that Signature specifically reminded Banayan and Schwartz of their obligations, and warned them of the consequences of disobedience, they should also be held in

contempt, and Signature should be awarded sanctions in the form of its costs and reasonable attorneys' fees resulting from their failure to comply with the subpoenas.

## CONCLUSION

For the foregoing reasons, Signature respectfully requests that the Court grant its motion to compel and for sanctions.

Dated:  New York, New York
        August 15, 2008

HERRICK, FEINSTEIN LLP

By: _____
    Mara B. Levin
    David Feuerstein
    John Oleske
2 Park Avenue
New York, New York 10016
Telephone:   (212) 592-1400
Facsimile:   (212) 592-1500
*Attorneys for Plaintiff Signature Bank*