```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
SIGNATURE BANK,
                                :
              Plaintiff,             MEMORANDUM & ORDER
                                :           and
        -against-                    REPORT & RECOMMENDATION
                                :
AHAVA FOOD CORP. d/b/a NORTH         08 Civ. 3893 (NRB)(MHD)
COUNTRY CHEESE CORP., et al.,   :

              Defendants.       :
-------------------------------x
```

TO THE HONORABLE NAOMI R. BUCHWALD, U.S.D.J.:

By a series of letters to the court, defendant Ahava of California, LLC ("AOC") has sought to preclude the depositions in this case of two of its employees, Messrs. Ruben Beityakov and Ari Katz. The basis for this application is the filing by AOC of a petition for bankruptcy relief in California under Chapter 11 of the Bankruptcy Act. AOC argues, alternatively, that the automatic stay provisions of the Act preclude these depositions and that, in any event, these two employees are so important to the functioning of the company and to its preparation of financial data in connection with the bankruptcy proceeding that this court should enjoin their depositions for an extended period of time. Finally, in its most recent letter counsel for AOC suggests, in a one-sentence aside, that this court should consider transferring the entire case (or some part of it) to the California Bankruptcy

1

Court.[1]

None of these suggestions is persuasive, and we decline to stay or enjoin the noticed depositions. The depositions are properly sought to permit the Bank to acquire evidence pertinent to its contentions that parties other than AOC have transferred or caused to be transferred properties of the judgment debtor Ahava Food Corporation in order to defeat a judgment previously obtained by the Bank against that entity. The automatic litigation stay provision found in 11 U.S.C. § 362(a) does not prevent discovery in the current lawsuit even if the depositions in question unearth information that may be relevant to the Bank's stayed claims against AOC. See, e.g., In re Miller, 262 B.R. 499, 506-07 (BAP 9th Cir. 2001); see also Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986); In re Bidermann Indus. USA, Inc., 200 B.R. 779, 782 (Bankr. S.D.N.Y. 1996).

It bears mention that some courts have held that in "unusual circumstances" the automatic stay may be extended to non-bankruptcy parties "when there is such identity between the debtor and the . . . defendant that the debtor may be said to be the real party

---

[1] The defendant's request for a transfer occasions the hybrid nature of the current document, which is labeled as a Memorandum and Order insofar as it addresses discovery-related issues, and a Report and recommendation insofar as it considers AOC's transfer request.

defendant and that a judgment against the . . . defendant will in effect be a judgment against the debtor." A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). The Ninth Circuit -- presumably the pertinent jurisdiction for present purposes -- has explicitly rejected that theory, see Matter of Lockhard, 884 F.2d 1171, 1179 (9th Cir. 1989), and we read the Second Circuit's decision in Teachers Insurance as reflecting an implicit rejection of that approach. See 803 F.2d at 65. In any event, AOC has not made the factual case for that argument.

Alternatively AOC argues for an injunction against the targeted discovery by the Bank, and in support of that argument it invokes 11 U.S.C. § 105(a).[2] As the Bank notes, however, to seek such relief the debtor must file an adversary proceeding in the Bankruptcy Court, see Adelphia Communications Corp., 345 B.R. 69, 84-86 (Bankr. S.D.N.Y. 2006), and must demonstrate both likelihood of success on the merits and irreparable harm. See In re Excel Innovations, Inc., 502 F.3d 1084, 1093-95 (9th Cir. 2007).

In an apparent concession to the Bank's point that a section 105(a) application must be made in Bankruptcy Court, AOC has just

---

[2] The cited provision empowers the court exercising bankruptcy jurisdiction to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

filed a motion, dated August 15, 2008, in the Central District of California Bankruptcy Court, seeking either an order extending the bankruptcy stay to Messrs. Beityakov and Katz or issuance of an injunction to prevent the Bank from continuing to litigate its case against employees of AOC, including Messrs. Beityakov and Katz. (See Aug. 15, 2008 letter to the Court from Josefina F. McEvoy, Esq., at exhibit).[3] The pendency of that motion in the Bankruptcy Court, where it properly belongs, is reason enough to decline AOL's invitation to grant the same relief in this forum. In any event, AOC has made no meaningful effort to demonstrate irreparable harm here since it offers no evidentiary basis for inferring that one-day depositions of Messrs. Beityakov and Katz will cause any harm -- irreparable or otherwise -- to the company.

Finally, in a single sentence at the conclusion of AOC's most recent letter to the court, it suggests that "in the interest of judicial economy, this Court [should] consider referring the above-referenced action to the district court in the Central District of California *sua sponte* pursuant to 28 U.S.C. § 157(a)." (Aug. 15, 2008 McEvoy letter at 2). Absent a formal application by AOC, including a showing of why this lawsuit -- which involves a host of New York based defendants, including the judgment debtor and the

---

[3] The motion seeks relief as well with respect to Mr. Aaron Banayan a/k/a Fariborz Banayan, whose deposition is not currently being pursued here by the Bank.

4

property that is the subject of the alleged fraudulent activity -- should be transferred to California and the Bankruptcy Court there, we see no basis for acting on this conclusory suggestion.

## CONCLUSION

For the reasons stated, the various applications of Ahava of California, LLC are denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Naomi R. Buchwald, Room 2270, 500 Pearl Street, New York, New York 10007-1312, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985), reh'g denied, 474 U.S. 1111 (1986); Small v. Sec'y of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985), reh'g denied, 474 U.S. 1111 (1986); Small v. Sec'y of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated: New York, New York
       August 19, 2008

RESPECTFULLY SUBMITTED,

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order and Report and Recommendation have been mailed this day to:

Mara Levin, Esq.
David Feuerstein, Esq.
John Oleske, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016

David Antonucci, Esq.
12 Public Square
Watertown, NY 13601

Seth Eisenberger, Esq.
108 Airport Executive Park
Nanuet, New York 10954

Lawrence Fox, Esq.
Kornstein Veisz Wexler & Pollard LLP
757 Third Avenue
New York, NY 10017

Josefina Fernandez McEvoy, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
10100 Santa Monica Boulevard, 7th Floor
Los Angeles, CA 90067

7